| | |
|---|---|
| 1 | HARVEY SISKIND LLP |
| 2 | LAWRENCE J. SISKIND (SBN 85628)<br>Email: siskind@harveysiskind.com |
| 3 | RAFFI V. ZEROUNIAN (SBN 236388)<br>Email: rzerounian@harveysiskind.com |
| 4 | 4 Embarcadero Center, 39th Floor |
| 5 | San Francisco, CA 94111<br>Telephone: (415) 354-0100 |
| 6 | Facsimile: (415) 391-7124 |
| 7 | SEED IP LLP |
| 8 | LORRAINE LINFORD (*pro hac vice* pending)<br>Email: LorraineL@SeedIP.com |
| 9 | TIMOTHY BOLLER (*pro hac vice* pending)<br>Email: TimB@SeedIP.com |
| 10 | 701 Fifth Avenue, Suite 5400<br>Seattle, Washington 98104 |
| 11 | Telephone: (206) 622-4900<br>Facsimile: (206) 682-6031 |
| 12 | |
| 13 | Attorneys for Plaintiff<br>InterSearch World Wide Ltd. |

RECEIVED SEP 11 2007
SEED INTELLECTUAL PROPERTY
LAW GROUP-LITIGATION
480254.801

E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

C 07 4634 MEJ

| | |
|---|---|
| INTERSEARCH WORLDWIDE LTD., a United Kingdom Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>INTERSEARCH GROUP, INC., a Florida Corporation,<br><br>    Defendant. | Civil Action No.<br><br>COMPLAINT FOR FEDERAL UNFAIR COMPETITION, COMMON LAW UNFAIR COMPETITION, INTENTIONAL INTERFERENCE WITH CONTRACT, INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTGAGE, UNFAIR COMPETITION UNDER CALIFORNIA LAW, DECLARATORY JUDGMENT AND CANCELLATION<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff InterSearch Worldwide Ltd., for its Complaint herein, alleges as follows:

## NATURE OF ACTION

1. This is an action for federal unfair competition, common law unfair competition, intentional interference with contract under California law, intentional interference with prospective economic advantage under California law, unfair competition under California law, declaratory judgment and cancellation, arising out of Defendant's marketing of employment-related products and services, and related unlawful activities.

## PARTIES

2. Plaintiff, InterSearch Worldwide, Ltd. ("InterSearch" or "Plaintiff"), is a corporation organized under the laws of the United Kingdom with a place of business at The Old Counsel Chambers, Halford Street, Tamworth, Staffordshire B79 7RB, United Kingdom.

3. Defendant InterSearch Group, Inc. ("ISG" or "Defendant") is, on information and belief, a Florida Corporation with a place of business at 222 Kearny Street, Suite 550, San Francisco, California 94108.

## JURISDICTION AND VENUE

4. This action is based upon the Lanham Act, 15 U.S.C. § 1051 et seq., and the common and statutory law of the State of California.

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, as well as 28 U.S.C. § 1367(a), which provides for supplemental jurisdiction over related state-law claims.

6. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391, *et. seq.* Defendant has entered, and is currently in, this district promoting its products and services, and a substantial part of the events giving rise to the claims occurred in this district.

**INTRADISTRICT ASSIGNMENT**

7. Pursuant to Civil Local Rules 3-2(c) and 3-2(d) of this Court, this action should be assigned to the San Francisco Division of this Court. InterSearch is informed and believes that Defendant transacts business in the County of San Francisco, and a substantial part of the events, omissions, and injuries giving rise to InterSearch's claims occurred in said county.

**PLAINTIFF AND ITS RIGHTS**

8. InterSearch is a worldwide organization of executive search and human resource consulting member firms.

9. InterSearch and its affiliates are the owners of the rights in and to International Trademark Registration No. 709,386 for the mark INTERSEARCH for, *inter alia*, use in connection with employment agencies, personnel recruitment, consultancy pertaining to personnel issues, personnel recruitment for third parties by dissemination of advertisements in International Class 35. The 709,386 Registration issued on October 23, 1998.

10. InterSearch, through its licensees and predecessors-in-interest, began using the mark and trade name INTERSEARCH, including stylized versions and logos thereof (collectively, the "INTERSEARCH Marks"), in connection with executive search and human resource consulting and related products and services in commerce at least as early as 1989.

11. At least as early as 1997, InterSearch, through its licensees and predecessors-in-interest, used the website www.intersearch.org in connection with executive search and human resource consulting and related products and services provided by its licensees.

12. Under an agreement between InterSearch and its prior U.S. member, Conex, Inc. ("Conex"), InterSearch was the owner of all rights in and to the INTERSEARCH Marks, including the goodwill associated therewith.

13. Under the agreement between InterSearch and Conex, Conex was responsible for obtaining and maintaining trademark protection for the INTERSEARCH Marks in the United States for the benefit of InterSearch.

COMPLAINT                                3

14. Since 1989, InterSearch, through its licensees, has conducted substantial business under and engaged in substantial promotion of its INTERSEARCH Marks.

15. InterSearch's INTERSEARCH Marks have become known to and recognized by relevant consumers as identifying high-quality executive placement and human resources consultant and related products and services. InterSearch is recognized as one of the top ten executive placement organizations in the world. The INTERSEARCH Marks and the goodwill associated therewith are valuable assets of InterSearch.

16. InterSearch is the rightful owner of any valid rights in U.S. Trademark Registration No. 1,125,849 for the mark INTERSEARCH in International Class 35 for "employee information services, specifically evaluation of qualifications, skills and interests of prospective job applicants, matching same with listings of job opportunities provided by employers, and providing biographical data of likely candidates to employers."

17. InterSearch is the rightful owner of any valid rights in U.S. Trademark Registration No. 2,346,993 for the mark INTERSEARCH in International Class 35 for "personnel placement and recruitment."

18. InterSearch is the rightful owner of any valid rights in U.S. Trademark Registration No. 2,531,787 for the mark INTERSEARCH in International Class 35 for "on-line executive search and human resource consultation services featuring information regarding salary, posting of resumes, searches for candidates, global matching of candidates and employers."

**DEFENDANT AND ITS UNLAWFUL ACTIVITIES**

19. Defendant is presently offering executive search and human resource consulting and related products and services under the INTERSEARCH mark in this judicial district and throughout the United States.

20. On information and belief, Defendant's employment-related products and services were recently introduced and constitute no more than ten percent of Defendant's business.

21. On information and belief, Defendant was aware of InterSearch's use of its INTERSEARCH Marks prior to selecting Defendant's conflicting INTERSEARCH mark and prior to deciding to use the conflicting INTERSEARCH mark in connection with employment-related products and services.

22. Defendant is using the infringing domain name www.intersearch.com.

23. On information and belief, Defendant was aware of InterSearch's use of the domain name www.intersearch.org when Defendant decided to offer competing services and products through the domain name www.intersearch.com.

24. On or about March, 2005, InterSearch advised Conex of Defendant's infringing activities and requested that Conex commence enforcement activities on behalf of InterSearch.

25. On or about March 30, 2005, Conex sent, through counsel, a cease and desist demand to Defendant.

26. Conex executed a document (the "Purported Assignment") bearing an August 23, 2005 execution date and purporting to assign the INTERSEARCH Marks, the goodwill associated therewith and U.S. Trademark Registration No. 1,125,849, U.S. Trademark Registration No. 2,346,993 and U.S. Trademark Registration No. 2,531,787 (collectively, the "INTERSEARCH U.S. Registrations") to Defendant.

27. On information and belief, Defendant paid Conex $50,000 as part of an agreement related to the Purported Assignment.

28. On August 23, 2005, Conex was a licensee of InterSearch, and did not own the goodwill associated with the INTERSEARCH Marks or any other rights in or to the INTERSEARCH Marks.

29. Under the agreement between Conex and InterSearch, Conex was contractually prohibited from assigning any rights or interests related to InterSearch's INTERSEARCH Marks without the express written consent of InterSearch.

30. InterSearch did not consent to any assignment of rights related to InterSearch's INTERSEARCH Marks by Conex to Defendant.

31. On information and belief, Defendant had actual knowledge prior to execution of the Purported Assignment of the existence of InterSearch and that Conex had a contractual relationship with InterSearch.

32. On information and belief, Defendant had actual or constructive knowledge prior to execution of the Purported Assignment that under the agreement between Conex and InterSearch, InterSearch was the owner of the INTERSEARCH Marks, including the goodwill associated therewith, and the rightful owner of the INTERSEARCH U.S. Registrations.

33. On information and belief, Defendant had actual or constructive knowledge prior to execution of the Purported Assignment that Conex was not the owner of the INTERSEARCH Marks, the goodwill associated therewith and the INTERSEARCH U.S. Registrations.

34. On information and belief, Defendant had actual or constructive knowledge prior to execution of the Purported Assignment that Conex's execution of the Purported Assignment was a breach of Conex's contractual obligations to InterSearch.

35. On information and belief, Defendant induced Conex to execute the Purported Assignment in violation of Conex's contractual obligations to InterSearch.

36. On information and belief, Defendant had actual or constructive knowledge prior to execution of the Purported Assignment of the existence of International Trademark Registration No. 709,386 for the mark INTERSEARCH for use, *inter alia*, in connection with employment agencies, personnel recruitment, consultancy pertaining to personnel issues, personnel recruitment for third parties by dissemination of advertisements in International Class 35.

37. On information and belief, Defendant had actual or constructive knowledge prior to execution of the Purported Assignment that International Trademark Registration No. 709,386 for the mark INTERSEARCH was not owned by Conex.

38. On August 26, 2005, Conex notified InterSearch that Conex was terminating its contractual relationship with InterSearch.

COMPLAINT                                6

39. On September 12, 2005, InterSearch requested that Conex identify all pertinent U.S. trademark registrations for the mark INTERSEARCH.

40. On information and belief, Defendant recorded the Purported Assignment on September 12, 2005 with the Patent and Trademark Office.

41. On information and belief, Defendant had actual or constructive knowledge prior to recording the Purported Assignment that the Purported Assignment was not valid.

42. On information and belief, Defendant recorded the Purported Assignment with the Patent and Trademark Office with actual or constructive knowledge of InterSearch's rights in and to the INTERSEARCH Marks, including the goodwill associated therewith, and the INTERSEARCH U.S. Registrations.

43. On or about October 7, 2005, InterSearch advised Conex that it was aware that Conex had obtained the INTERSEARCH U.S. Registrations and demanded that Conex assign the INTERSEARCH U.S. Registrations to InterSearch.

44. On or about December 19, 2006, InterSearch, through its attorneys, sent a cease and desist Demand Letter to Defendant, demanding, *inter alia*, that Defendant cease use of the infringing INTERSEARCH mark in connection with employment-related services and transfer U.S. Trademark Registration No. 1,125,849, U.S. Trademark Registration No. 2,346,993 and U.S. Trademark Registration No. 2,531,787 to InterSearch. The Demand Letter recognized that Defendant's primary services were in another field and invited Defendant to engage in settlement discussions.

45. In January 2007, InterSearch and Defendant began to engage in settlement discussions.

46. On or about May 5, 2007, while settlement discussions were underway, Defendant filed a declaratory judgment action in New York (the New York Action). Defendant did not advise InterSearch of the filing of the New York Action.

47. On or about June 26, 2007, InterSearch through counsel advised Defendant that it had become aware of the New York Action, but understood the parties were trying to resolve the matter without litigation.

48. On or about June 29, 2007, Defendant through counsel inquired about whether InterSearch's counsel was authorized to accept service, but also asked InterSearch to provide a settlement proposal.

49. On or about July 10, 2007, InterSearch advised Defendant that InterSearch's counsel would not accept service of the Complaint in the New York Action and suggested that the principals of the parties meet in person for a settlement conference.

50. On August 30, 2007, Defendant made a settlement proposal to InterSearch, demanding a sum of money in return for which Defendant would the transfer the INTERSEARCH U.S. Registrations to InterSearch and select a new mark.

51. On information and belief, Defendant has not served the Complaint in the New York Action.

## FIRST COUNT

## FEDERAL UNFAIR COMPETITION

52. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 51 of this Complaint, as if set forth fully herein.

53. Defendant's use of INTERSEARCH as a mark and trade name in connection with the promotion and sale of Defendant's products and services is likely to cause confusion and mistake. Such use by Defendant deceives, and is likely to deceive, others into believing that Defendant's products and services are sponsored by, approved by, or affiliated with Plaintiff. Such use by Defendant constitutes a violation of the Lanham Act, 15 U.S.C. § 1125(a).

54. Defendant's registration and use of the domain name www.intersearch.com in connection with the promotion and sale of Defendant's products and services is likely to cause confusion and mistake. Such use by Defendant deceives, and is likely to deceive, others into

believing that Defendant's products and services are sponsored by, approved by, or affiliated with Plaintiff. Such registration and use was and continues to be a deliberate, willful and a bad faith intent to profit from Plaintiff's goodwill, divert consumers for Defendant's own commercial gain, and cause confusion as to the association, sponsorship, endorsement or origin of Defendant and its products in violation of 15 U.S.C. § 1125(d).

55. Defendant was aware of Plaintiff's rights in and to the INTERSEARCH Marks. Despite such actual and/or constructive knowledge of Plaintiff's rights, Defendant commenced and has continued its infringing behavior, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

56. Plaintiff has been and continues to be damaged in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Defendant have damaged and will continue to damage Plaintiff's market, reputation, and good will, entitling Plaintiff to preliminary and permanent injunctive relief.

57. Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial, but well in excess of $75,000.

## SECOND COUNT

## COMMON LAW UNFAIR COMPETITION

58. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 57 of this Complaint, as if set forth fully herein.

59. The improper use by Defendant of identical, confusingly similar and/or colorable imitations of Plaintiff's INTERSEARCH trademarks and trade name, and other unfair activities constitute unfair competition and a violation of the common law rights of Plaintiff. Defendant's acts as alleged above are likely to cause confusion and mistake and are likely to deceive others into believing that Defendant's products and services are sponsored by, approved by, or affiliated with Plaintiff, when they are not.

60. Defendant's acts, as above alleged, constitute infringement of Plaintiff's trademark, service mark, and trade name rights in violation of the common law of the State of California.

61. Despite actual knowledge of Plaintiff's rights, Defendant continues its infringing behavior. Defendant has carried out its acts of infringement with knowledge of Plaintiff's rights and in conscious disregard of Plaintiff's rights.

62. Plaintiff has been and continues to be damaged in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Defendant have damaged and will continue to damage Plaintiff's market, reputation, and goodwill, entitling Plaintiff to preliminary and permanent injunctive relief.

63. Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial, but well in excess of $75,000.

## THIRD COUNT

## INTENTIONAL INTERFERENCE WITH CONTRACT

64. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 63 of this Complaint, as if set forth fully herein.

65. The agreement between Plaintiff InterSearch and Conex was a valid contract.

66. Defendant had actual knowledge of the contract.

67. Defendant took actions designed to induce a breach or disruption of the contract by inducing Conex to execute the Purported Assignment and terminate its relationship with InterSearch.

68. As a direct and proximate result of Defendant's acts, the agreement between Plaintiff InterSearch and Conex was disrupted and breached.

69. InterSearch has been damaged by Defendant's actions in an amount to be proven at trial, but well in excess of $75,000.

## FOURTH COUNT

## INTENTIONAL INFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

70. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 69 of this Complaint, as if set forth fully herein.

71. Plaintiff InterSearch had an economic relationship with Conex that had the potential for future economic benefit to Plaintiff, including the fulfillment of an obligation of Conex to assign the INTERSEARCH U.S. Registrations to InterSearch.

72. Defendant had knowledge of InterSearch's relationship with Conex.

73. Defendant intentionally took wrongful actions designed to disrupt said relationship by inducing Conex to execute the Purported Assignment and terminate its relationship with InterSearch, and by recording the Purported Assignment.

74. As a direct and proximate result of Defendant's acts, InterSearch's relationship with Conex has been disrupted.

75. InterSearch has been damaged by Defendant's actions in an amount to be proven at trial, but well in excess of $75,000.

## FIFTH COUNT

## UNFAIR COMPETITION UNDER CALIFORNIA STATUTORY LAW

76. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 75 of this Complaint, as if set forth fully herein.

77. Defendant's acts, as above alleged in Count Two, constitute unfair competition in violation of the statutory law of the State of California, Cal. Bus. & Prof. Code §17200, et seq.

78. Defendant's acts, as above alleged in Count Three, constitute unfair competition in violation of the statutory law of the State of California, Cal. Bus. & Prof. Code §17200, et seq.

79. Defendant's acts, as above alleged in Count Four, constitute unfair competition in violation of the statutory law of the State of California, Cal. Bus. & Prof. Code §17200, et seq.

80. Defendant has carried out its acts of unfair competition with knowledge of Plaintiff's rights and in conscious disregard of Plaintiff's rights.

81. Plaintiff has been and continues to be damaged in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. Defendant's actions have damaged Plaintiff and will continue to cause Plaintiff irreparable harm, entitling Plaintiff to preliminary and permanent injunctive relief.

82. Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial, but well in excess of $75,000.

## SIXTH COUNT

## DECLARATORY JUDGMENT

83. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 82 of this Complaint, as if set forth fully herein.

84. An actual case or controversy exists between Plaintiff InterSearch and Defendant regarding the ownership of the INTERSEARCH Marks, including the goodwill associated therewith, and of the INTERSEARCH U.S. Registrations. In particular, Defendant has falsely asserted that it owns the INTERSEARCH U.S. Registrations and that it purchased the INTERSEARCH U.S. Registrations in good-faith.

85. Plaintiff InterSearch, therefore, requests a declaratory judgment that InterSearch is the owner of the INTERSEARCH Marks, including the goodwill associated therewith.

86. Plaintiff InterSearch, therefore, requests a declaratory judgment that the Purported Assignment is not valid.

87. Plaintiff InterSearch, therefore, requests a declaratory judgment that InterSearch is the owner of the INTERSEARCH U.S. Registrations.

## SEVENTH COUNT

## ALTERNATIVE COUNT FOR CANCELLATION OF

## THE INTERSEARCH U.S. REGISTRATIONS

88.  Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 87 of this Complaint, as if set forth fully herein.

89.  In the alternative, U.S. Trademark Registration No. 1,125,849 is invalid because a renewal application may have been filed in the name of the wrong entity, which may constitute grounds for cancellation of U.S. Trademark Registration No. 1,125,849.

90.  In the alternative, U.S. Trademark Registration No. 2,346,993 is invalid because it may have been filed in the name of the wrong entity, which may constitute grounds for cancellation of U.S. Trademark Registration No. 2,346,993.

91.  In the alternative, U.S. Trademark Registration No. 2,531,787 is invalid because it may have been filed in the name of the wrong entity, which may constitute grounds for cancellation of U.S. Trademark Registration No. 2,531,787.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

1.  That Defendant, and its affiliates, officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained from using the INTERSEARCH mark or any other mark confusingly similar to InterSearch's INTERSEARCH Marks, in connection with employment related products and services.

2.  That Defendant, and its affiliates, officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained from all acts of false description and representation and false designation of origin, and all acts of unfair competition, including the use of the

INTERSEARCH mark or any other mark confusingly similar to InterSearch's INTERSEARCH Marks, in connection with employment related products and services.

3. That Defendant, and its affiliates, officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained from all manufacture, purchase, promotion, sale, and use of any products, packaging, advertising, promotional materials, labels, or other sales or shipping material that infringe InterSearch's INTERSEARCH marks, including use on websites such as www.intersearch.com.

4. That Defendant, and its affiliates, officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them, be ordered to deliver to InterSearch all products, packaging, advertising, promotional materials, labels, or other sales or shipping material in their possession or control that infringe InterSearch's INTERSEARCH Marks.

5. That Defendant be ordered to assign to InterSearch, or in the alternative to withdraw, any trademark applications filed in the United States for marks containing INTERSEARCH for use in connection with any employment related products or services.

6. That the Court declare that InterSearch is the rightful owner of any rights in and to the INTERSEARCH Marks.

7. That the Court declare that the Purported Assignment is invalid.

8. That the Court declare that InterSearch is the rightful owner of any rights in and to U.S. Trademark Registration No. 1,125,849, and that Defendant be order to assign the Registration to InterSearch, or in the alternative, that the Court cancel U.S. Trademark Registration No. 1,125,849.

9. That the Court declare that InterSearch is the rightful owner of any rights in and to U.S. Trademark Registration No. 2,346,993, and that Defendant be order to assign the Registration to InterSearch, or in the alternative, that the Court cancel U.S. Trademark Registration No. 2,346,993.

10. That the Court declare that InterSearch is the rightful owner of any rights in and to U.S. Trademark Registration No. 2,531,787, and that Defendant be order to assign the Registration to InterSearch, or in the alternative, that the Court cancel U.S. Trademark Registration No. 2,531,787.

11. That Defendant be ordered to assign to InterSearch, or in the alternative to cancel, any other trademark registrations owned or controlled by Defendant in the United States for marks containing INTERSEARCH for use in connection with any employment related products or services.

12. That Defendant be directed to file with this Court and serve on InterSearch within thirty (30) days after the service of an injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant and its affiliates, officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them have complied with the injunction and any other relief ordered by the Court.

13. That Defendant be required to pay InterSearch such damages as InterSearch has sustained, or will sustain, in consequence of Defendant's false description and representation, false designation of origin, trademark infringement, intentional interference with contract, intentional interference with prospective business advantage, and to account for all gains, profits, and advantages derived by Defendant that are attributable to such unlawful acts; and that such damages be trebled, as provided by 15 U.S.C. Section 1117, or increased as otherwise permitted by law.

14. That Defendant be required to disgorge all ill-gotten gains and to pay restitution to InterSearch all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice, a violation of laws, statutes or regulations, or constituting unfair competition;

15. That the Court adjudge this to be an exceptional case and require Defendant to pay over to InterSearch the costs of this action, including reasonable attorneys' fees and interest, and treble damages as provided by 15 U.S.C. Section 1117, or as otherwise permitted by law.

16. That this Court grant prejudgment and post judgment interest to Plaintiff.

17. That this Court grant Plaintiff such other and further relief as the Court deems appropriate.

Demand for Jury Trial

Plaintiff demands a trial by jury as to all issues so triable.

DATED this 7th day of September, 2007.

Respectfully submitted,

HARVEY SISKIND LLP

LAWRENCE J. SISKIND (SBN 85628)
RAFFI V. ZEROUNIAN (SBN 236388)

SEED IP LLP
LORRAINE LINFORD (pro hac vice pending)
TIMOTHY BOLLER (pro hac vice pending)

ATTORNEYS FOR PLAINTIFF
INTERSEARCH WORLDWIDE, LTD.