1  **BRIAN K. BROOKEY, CA Bar No. 149522**
   brian.brookey@cph.com
2  **CHRISTIE, PARKER & HALE, LLP**
   **350 West Colorado Boulevard, Suite 500**
3  **Post Office Box 7068**
   **Pasadena, California 91109-7068**
4  **Telephone: (626) 795-9900**
   **Facsimile: (626) 577-8800**
5
6  **ROBERT C. FABER**
   rfaber@ostrolenk.com
   **PETER S. SLOANE**
7  psloane@ostrolenk.com
   **OSTROLENK, FABER, GERB & SOFFEN, LLP**
8  **1180 Avenue of the Americas**
   **New York, New York  10036**
9  **Telephone: (212) 382-0700**
   **Facsimile: (212) 382-0888**
10
11 Attorneys for Defendant,
   INTERSEARCH GROUP, INC.
12
13
14            **UNITED STATES DISTRICT COURT**
15            **NORTHERN DISTRICT OF CALIFORNIA**
16
   INTERSEARCH WORLDWIDE                Case No. C 07 4634 MEJ
   LTD., a United Kingdom Corporation,
17                                      **DEFENDANT'S NOTICE OF**
          Plaintiff,                    **MOTION AND MOTION TO**
18                                      **DISMISS; MEMORANDUM OF**
       vs.                              **POINTS AND AUTHORITIES IN**
19                                      **SUPPORT**
   INTERSEARCH GROUP, INC., a
20 Florida Corporation,                 **DATE:    November 8, 2007**
                                        **TIME:    10:00 a.m.**
21        Defendant.                    **CTRM:   B, 15th Floor**
22                                      **Hon. Maria-Elena James**
23                                      **Action Filed:  September 7, 2007**
                                        **Trial Date:**
24
25
26
27
28

**TO THE COURT, TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 8, 2007 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom B of the above titled Court, Defendant INTERSEARCH GROUP, INC. ("Defendant") will move this Court for an order of dismissal on all claims asserted in the Complaint filed by Plaintiff InterSearch Worldwide Ltd. ("Plaintiff").

Defendant's motion is based on this notice and accompanying memorandum of points and authorities, Rule 1 of the Federal Rules of Civil Procedure, as well as the Declarations, with exhibits annexed thereto, of Peter Sloane and Gary W. Bogatay, Jr., the records and files in this action, and such other matters as may be brought before the Court.

The ground for this motion is that the subject matter of this action is subsumed entirely by a previously-filed lawsuit in New York.  Accordingly, under the first to file rule, Plaintiff's duplicative Complaint should be dismissed.


DATED:  October 4, 2007             Respectfully submitted,

                                    CHRISTIE, PARKER & HALE, LLP



                                    By            /s/Brian K. Brookey
                                    _____

                                        Attorneys for Defendant,
                                        INTERSEARCH GROUP, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant InterSearch Group, Inc. ("Defendant") submits this Memorandum of Points and Authorities in support of its Motion for Dismiss concerning all causes of action asserted in the Complaint filed by Plaintiff InterSearch Worldwide Ltd. ("Plaintiff").

## I.    PRELIMINARY STATEMENT

Defendant moves for an order dismissing this trademark infringement action under the well-established "first-to-file" rule in favor of a related action filed over four months earlier in the United States District Court for the Southern District of New York (the "New York Action"). Plaintiff was well aware of the New York Action and in the midst of continued settlement discussions with Defendant when Plaintiff chose to file this duplicative action without prior notice to Defendant. Instead of unnecessarily multiplying the costs for the parties, Plaintiff should simply have answered or otherwise responded to the New York Action, which arose from the same underlying facts and allegations regarding ownership to the service mark INTERSEARCH alleged in this California action. To the extent that Plaintiff had its own claims to assert against Defendant arising from those facts, it could have easily asserted them as counterclaims in the New York Action. But Plaintiff should not have burdened the Court by filing this second action. Consequently, the Court should exercise its inherent authority to control its own docket and decline to exercise jurisdiction over this case and controversy under the doctrine of federal comity and in the interest of upholding the first-to-file rule.

## II.    PRELIMINARY STATEMENT OF FACTS

Defendant is a U.S.-based company that provides leading Internet search services through a combination of traffic aggregation and proprietary web sites. (Bogatay Decl. ¶ 3). Defendant operates in the fastest growing segments of

Internet commerce, including paid search and direct navigation driving high quality traffic to advertisers and providing users with quick access to pertinent products and services. *Id.* Defendant maintains an Internet web site at www.intersearch.com where it promotes and advertises its search services. (Bogatay Decl. ¶ 4).

Through its InterSearch Corporate Services division, Defendant also provides professional and technical consulting to large corporations, predominantly in the financial services market. (Bogatay Decl. ¶ 5). Defendant helps its clients achieve higher efficiency and performance, as well as lower operating costs, by ensuring that they have the proper employees, technologies and processes. *Id.* Among other things, Defendant provides rigorous employment screening searches for its clients. *Id.* Candidates selected by Defendant are of high caliber with specialized backgrounds and confirmed credentials. *Id.* Defendant actively promotes its employment-related services through its InterSearch Corporate Services division through its Internet web site located at www.corp.intersearch.com. (Bogatay Decl. ¶ 6).

Over the years, Defendant has made significant sales of services under the name and mark INTERSEARCH. (Bogatay Decl. ¶ 7). In 2006 alone, Defendant had revenue exceeding $25 million. *Id.* Defendant is a publicly traded company with its shares listed on the American Stock Exchange, located in New York, under the ticker symbol IGO. (Bogatay Decl. ¶ 8).

Plaintiff is a U.K. based organization that provides links on the internet to the web sites of executive search and human resource consulting firms located in various countries around the world. (Compl. ¶ 2). Plaintiff provides its internet linking services through the web site at www.intersearch.org. (Compl. ¶ 11). On information and belief, Plaintiff has not performed any services in the field of employment under the mark INTERSEARCH in the U.S.

On December 19, 2006, Plaintiff, through its attorneys, sent a cease and desist letter to Defendant, demanding, *inter alia,* that Defendant cease using the mark INTERSEARCH for employment related services. (Sloane Decl. ¶ 3).

The attorneys for Plaintiff and Defendant subsequently engaged in letter writing to explain their respective clients' positions regarding rights to the mark INTERSEARCH for employment related services in the U.S. (Sloane Decl. ¶ 4).

On January 23, 2007, Plaintiff filed a First Request for an Extension of Time to File a Notice of Opposition against U.S. Trademark application number 76/658,774 of the mark INTERSEARCH (the "Application") filed by Defendant. (Sloane Decl. ¶ 5).

On May 3, 2007, because Plaintiff was continuing to assert its trademark rights, Defendant filed a Complaint for a declaratory judgment of trademark ownership and non-infringement in the United States District Court for the Southern District of New York in a case styled *Intersearch Group, Inc. v. Intersearch Worldwide Limited,* 1:07-cv-3545 (DAB)(hereinafter referred to as the "New York Action"). (Sloane Decl. ¶ 6).  Defendant refrained from serving the Complaint in the New York Action while the parties discussed settlement. (Sloane Decl. ¶ 7).

On June 26, 2007, the attorneys for Plaintiff sent a letter to the attorneys for Defendant advising that Plaintiff had become aware of the New York Action. (Sloane Decl. ¶ 8).  The attorneys for Plaintiff further advised that Plaintiff had filed a Notice of Opposition against the Defendant's Application with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office. *Id.*

On June 29, 2007, with the dispute still not settled, and the 120-day final date to serve process in the New York Action approaching, the attorneys for Defendant asked the attorneys for Plaintiff to accept service of the Summons and Complaint in the New York Action on behalf of Plaintiff. (Sloane Decl. ¶ 9).  By

CHRISTIE, PARKER & HALE, LLP

1  letter dated July 10, 2007, the attorneys for Plaintiff advised the attorneys for

2  Defendant that they had not been authorized to do so.  *Id.*

3      Defendant subsequently arranged to serve process under the Hague

4  Convention through the Senior Master's Office in London and by FedEx delivery.

5  (Sloane Decl. ¶ 10).  Service of process through diplomatic channels was not

6  effected because the address listed was "unknown." *Id.*  The FedEx delivery was

7  received on August 28, 2007. *Id.*  Plaintiff does not dispute the adequacy or

8  sufficiency of service of process. *Id.*

9      On September 6, 2007, without prior notice to Defendant, four months after

10 the New York Action was filed and over two months after Plaintiff notified

11 Defendant that Plaintiff was by then aware of the New York Action, Plaintiff

12 filed the instant action before this Honorable Court alleging claims of unfair

13 competition, common law unfair competition, intentional interference with

14 contract, intentional interference with prospective economic advantage, unfair

15 competition under California law, declaratory judgment and cancellation

16 (hereinafter referred to as the "California Action"). (Sloane Decl. ¶ 11).  Plaintiff

17 served the Complaint in the California Action directly upon Defendant by hand

18 on September 7, 2007. *Id.*

19     On September 19, 2007, Plaintiff and Defendant filed a joint stipulation to

20 extend the time for Plaintiff to respond to Defendant's Complaint in the New

21 York Action up to and through September 24, 2007. (Sloane Decl. ¶ 12).

22     On September 21, 2007, Defendant filed its First Amended Complaint in

23 the New York Action to add Cook Associates, Inc. ("Cook Associates") as a co-

24 defendant. (Sloane Decl. ¶ 13). Cook Associates is located in Manhattan in the

25 Southern District of New York where the New York Action is pending. (Sloane

26 Decl. ¶ 14).  Defendant had learned that Cook Associates is a putative licensee of

27 Plaintiff claiming right to use of the mark INTERSEARCH in the U.S. under

28 license from Plaintiff in the California Action. *Id.*  Plaintiff has yet to answer or

Motion to Dismiss                                    5
Case No. C 07-4634 MEJ

CHRISTIE, PARKER & HALE, LLP

1    otherwise respond to the New York Action, which remains pending. (Sloane

2    Decl. ¶ 15). Answer from Cook Associates of New York is due shortly. *Id.*

3    **III.    ARGUMENT**

4          **A.    THIS CASE SHOULD BE DISMISSED UNDER THE FIRST-**

5                **TO FILE-RULE**

6          Rule 1 of the Federal Rules of Civil Procedure vests a court with broad

7    authority to manage its own docket and "secure the just, speedy and inexpensive

8    determination of every action." Here, there is no question that this action should

9    not have been brought in the Northern District of California, and instead any

10   claims that Plaintiff has relating to rights in the mark INTERSEARCH should

11   have been raised as part of a counterclaim in the first-filed New York Action.

12   Simply put, the "just, speedy and inexpensive" way to resolve the dispute among

13   the parties is for that dispute to be resolved in just one lawsuit — the earlier filed

14   New York Action.

15         Allowing the Federal Court in New York to resolve the dispute between the

16   parties would also serve the general interest of comity. "There is a generally

17   recognized doctrine of federal comity which permits a district court to decline

18   jurisdiction over an action when a complaint involving the same parties and

19   issues has already been filed in another district." *Pacesetter Systems, Inc. v.*

20   *Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).

21         Indeed, this "first-to-file" rule was developed to "serve[] the purpose of

22   promoting efficiency well and should ***not be disregarded lightly***." *Church of*

23   *Scientology of California v. United Stated Dep't of Army*, 611 F.2d 738, 750 (9th

24   Cir. 1979) (emphasis added).

25         The "first-to-file" rule has three threshold factors: "(1) the chronology of

26   the two actions; (2) the similarity of the parties, and (3) the similarity of the

27   issues." *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal.

28   2003). All three of these factors are present in this case.

Motion to Dismiss                           6
Case No. C 07-4634 MEJ

CHRISTIE, PARKER & HALE, LLP

1

### 1.     The New York Action Came First

First, the chronology requirement is clearly met as the New York Action was filed more than four months before the instant action.  Nor is this the kind of case where Plaintiff can claim that it filed the second action without knowledge of the first.  Before filing the instant action, Plaintiff had full knowledge of the New York Action and had already been served with process in the New York Action. (Sloane Decl. ¶¶ 9-10).

### 2.     The Parties are the Same

As to the second factor, Plaintiff and Defendant are the same exact parties in both the instant action and the New York Action.  (Compl. ¶¶ 2-3 and Sloane Decl. ¶ 6 and Exh. C).  Addition of a third party to the New York Action, the purported licensee of Plaintiff, Cook Associates, Inc., has no bearing on the fact that all the parties in the California Action are represented in the earlier filed New York Action.

### 3.     The Actions are Substantially Similar

Thirdly, the New York Action is a "mirror image" of the present action. The New York Action seeks declaration that Defendant owns all right, title and interest in the mark INTERSEARCH, *vice* present count 6, and that Defendant is not in violation of any trademark rights of Plaintiff, *vice* counts 1, 2 and 5. Similarly, counts 3-4 in the present action arise from the same transaction or occurrence at issue in the New York Action, namely rights to the mark INTERSEARCH purchased by Defendant.  The claims to the mark, and infringement of the mark as between Defendant and Plaintiff do not require the presence of any third party beyond the New York District Court's jurisdiction to adjudicate.[1]  All counts present in this action are, therefore, compulsory

---

[1] As noted above, the First Amended Complaint in the New York Action names Cook Associates as a defendant.  With offices in New York City, Cook Associates maintains a continuous and systematic presence in the Southern

CHRISTIE, PARKER & HALE, LLP

1   counterclaims to be brought, if at all, in the New York Action. *See*, Fed. R. Civ.

2   P. 13(a). The issues before the court in both the instant action and in the New

3   York Action are substantially similar and rest on the issue of the ownership and

4   right to use the mark INTERSEARCH. The "sameness" requirement does not

5   mandate that the two actions be identical, but is satisfied if they are "substantially

6   similar." Inherent.com v. Martindale-Hubbell, 420 F.Supp.2d 1093, 1097 (N.D.

7   Cal. 2006). These issues of trademark ownership and infringement intertwine all

8   matters before both courts and thus satisfies the final factor of the "first-to-file"

9   rule. (Compl. ¶¶ 2-3 and Sloane Decl. ¶ 6 and Exh. C).

10   ## B.    There is No Reason to Deviate from the First-to-File Rule

11   A district court may depart from applying the "first-to-file" rule for reasons

12   of equity, such as evidence of bad faith, anticipatory suit or forum shopping.

13   *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). None of

14   these equitable exceptions are present in this case. Defendant did not act in bad

15   faith in filing the New York Action, for example, by engaging in settlement

16   discussions for the purpose of delaying Plaintiff to win a race to the courthouse.

17   *Cf. Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188 (C.D. Cal. 2006)

18   (allowing for dismissal of first filed suit because suit was filed covertly during

19   settlement negotiations and only after settlement negotiations broke down did the

20   second-filing plaintiff receive notice of the first-filed suit). To the contrary,

21   settlement discussions were ongoing both before and after the filing of the New

22   York Action, before and after Plaintiff had knowledge of the New York Action,

23   and continued through service of process on Plaintiff in the New York Action,

24   until Plaintiff filed the present retaliatory suit. (Bogatay Decl. ¶¶ 11-12). The

25   length of time between Plaintiff's initial Demand letter until the filing of the New

26   York Action, and the time from Plaintiff's knowledge of the New York filing

27   District of New York, and both it and Plaintiff are subject to general jurisdiction

28   there.

CHRISTIE, PARKER & HALE, LLP

1  until the filing of the present action negates any suggestion that Intersearch's

2  actions were dilatory to gain any advantage by filing the New York Action.

3  Again, the lapse of time between the filing of the New York Action and the

4  instant action indicates that the first filed suit was neither anticipatory nor forum

5  shopping.   Plaintiff was not on the brink of bringing suit and deprived of its

6  traditional choice of forum, because Plaintiff did not file until more than four

7  months after the New York Action was filed.   Interseach did not file the New

8  York Action upon "receipt of specific, concrete indications that a suit [by

9  Plaintiff] was imminent," and thus the filing was not anticipatory.   *Z-Line

10  Designs, Inc.*, 218 F.R.D. at 665.

11       A further exception to the "first-to-file" rule exists "if the balance of

12  convenience weighs in favor of the later-filed action."  *Ward v. Follett Corp.*, 158

13  F.R.D. 645, 648 (N.D. Cal. 1994). However, it is "[t]he court with the first-filed

14  action [that] should normally weigh the balance of convenience." *Sony Computer

15  Entm't America, Inc. v. America Med. Response, Inc.*, 2007 U.S. Dist. LEXIS

16  24294, *6 (N.D. Cal. 2007), *citing, Alltrade Inc.*, *supra,* 946 F.2d at 628.   Thus,

17  Defendant respectfully submits that this Court should abstain from conducting a

18  balancing of the conveniences.  If Plaintiff believes venue is more appropriate in

19  California than New York, it can move to dismiss the New York Action and

20  allow the Court therein to weigh the balance of conveniences.

21       There is insufficient reason to upset Intersearch's choice of forum in the

22  first-filed New York Action.   Judicial economy would be best served by

23  addressing all of Plaintiff's claims in a single action, the first-filed New York

24  Action.  This is at least because if a ruling on the common issues in the present

25  action.    Additionally, the New York Action, which is four months further

26  progressed than the present action, would be binding as *res judicata* on the parties

27  in the present action.  *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496 (5th

28

CHRISTIE, PARKER & HALE, LLP

1    Cir. 2004).   Parallel litigation contemplated by Plaintiff's filing of the present
2    action futilely consumes the time and resources of this Court and of both parties.
3    **IV.    CONCLUSION**
4          For the reasons set forth above, Defendant respectfully requests that the
5    Court apply the first-to-file rule and dismiss the Complaint in this action in its
6    entirety.
7
8    DATED:  October 4, 2007              Respectfully submitted,
9                                        CHRISTIE, PARKER & HALE, LLP
10
11
12                                       By         /s/Brian K. Brookey
13
                                         Attorneys for Defendant,
14                                       INTERSEARCH GROUP, INC.
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I certify that on October 4, 2007, I electronically filed the document described as **DEFENDANT'S NOTICE OF MOTION AND  MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** with the Clerk of the Court using the ECF system which will send notification of such filing to the parties.

_____/s/Susan Lovelace_____

SCL PAS758597.1-*-10/4/07 1:08 PM

Motion to Dismiss
Case No. C 07-4634 MEJ

1

CHRISTIE, PARKER & HALE, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28