1    BRIAN K. BROOKEY, CA Bar No. 149522
     brian.brookey@cph.com
2    CHRISTIE, PARKER & HALE, LLP
     350 West Colorado Boulevard, Suite 500
3    Post Office Box 7068
     Pasadena, California 91109-7068
4    Telephone: (626) 795-9900
     Facsimile: (626) 577-8800
5
     ROBERT C. FABER
6    rfaber@ostrolenk.com
     PETER S. SLOANE
7    psloane@ostrolenk.com
     OSTROLENK, FABER, GERB & SOFFEN, LLP
8    1180 Avenue of the Americas
     New York, New York  10036
9    Telephone: (212) 382-0700
     Facsimile: (212) 382-0888
10
     Attorneys for Defendant,
11   INTERSEARCH GROUP, INC.

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14

15   INTERSEARCH WORLDWIDE LTD.,        Case No. C 07 4634 MEJ
     a United Kingdom Corporation,
16                                      DECLARATION OF
17              Plaintiff,              PETER S. SLOANE

18        vs.                          DATE:  November 8, 2007
                                        TIME:  10:00 a.m.
19   INTERSEARCH GROUP, INC., a         CTRM: B, 15th Floor
     Florida Corporation
20                                      Hon. Maria-Elena James
                Defendant.
21

22

23

24

25

26

27

28
     Declaration of Peter S. Sloane
     Case No. C 07-4634 MEJ
     {00874088.1}                    -1-

I, Peter S. Sloane, hereby declare as follows:

1.    I am a Partner with the law firm of Ostrolenk, Faber, Gerb & Soffen, LLP ("Ostrolenk"), attorneys for Defendant InterSearch Group, Inc. ("Defendant").

2.    I make this declaration in support of Defendant's motion to dismiss and based upon my personal knowledge and review of the files at Ostrolenk. If called as a witness, I could and would testify competently to each of the following facts.

3.    On December 19, 2006, Plaintiff, through its attorneys, sent a cease and desist letter to Defendant, demanding, *inter alia,* that Defendant cease using the mark INTERSEARCH for employment related services.  A copy of the letter is attached as Exhibit A.

4.    The attorneys for Plaintiff and Defendant subsequently engaged in letter writing to explain their respective clients' positions regarding rights to the mark INTERSEARCH for employment related services in the U.S.

5.    On January 23, 2007, Plaintiff filed a First Request for an Extension of Time to File a Notice of Opposition (the "Extension Request") against U.S. Trademark application number 76/658,774 of the mark INTERSEARCH (the "Application") filed by Defendant.  A copy of the Extension Request is attached as Exhibit B.

6.    On May 3, 2007, because Plaintiff was continuing to assert its trademark rights, Defendant filed a Complaint for a declaratory judgment of trademark ownership and non-infringement in the United States District Court for the Southern District of New York in a case styled *Intersearch Group, Inc. v. Intersearch Worldwide Limited,* 1:07-cv-3545 (DAB)(hereinafter referred to as the "New York Action").  A copy of the Complaint is attached as Exhibit C.

1    7.    Defendant refrained from serving the Complaint in the New York

2    Action while the parties discussed settlement.

3    8.    On June 26, 2007, the attorneys for Plaintiff sent a letter to the

4    attorneys for Defendant advising that Plaintiff had become aware of the New

5    York Action. A copy of the letter is attached as Exhibit D. The attorneys for

6    Plaintiff further advised that Plaintiff had filed a Notice of Opposition against

7    the Defendant's Application with the Trademark Trial and Appeal Board of the

8    U.S. Patent and Trademark Office.

9    9.    On June 29, 2007, with the dispute not settled, and the 120-day

10    final date to serve process in the New York Action approaching, the attorneys

11    for Defendant asked the attorneys for Plaintiff to accept service of the

12    Summons and Complaint in the New York Action on behalf of Plaintiff. By

13    letter dated July 10, 2007, the attorneys for Plaintiff advised the attorneys for

14    Defendant that they had not been authorized to do so. A copy of the letter is

15    attached as Exhibit E.

16    10.    Defendant subsequently arranged to serve process under the

17    Hague Convention through the Senior Master's Office in London and FedEx

18    delivery. Service of process through diplomatic channels was not effected

19    because the address listed was "unknown." The FedEx delivery was received

20    on August 28, 2007. A copy of the Certificate of Service is attached as

21    Exhibit F. Plaintiff does not dispute the adequacy or sufficiency of service of

22    process.

23    11.    On September 6, 2007, without prior notice to Defendant, four

24    months after the New York Action was filed and over two months after

25    Plaintiff notified Defendant that Plaintiff was by then aware of the New York

26    Action, Plaintiff filed the instant action before this Honorable Court alleging

27    claims of unfair competition, common law unfair competition, intentional

28

1  interference with contract, intentional interference with prospective economic

2  advantage, unfair competition under California law, declaratory judgment and

3  cancellation (hereinafter referred to as the "California Action"). Plaintiff

4  served the Complaint in the California Action directly upon Defendant by hand

5  on September 7, 2007.

6      12.   On September 19, 2007, Plaintiff and Defendant filed a joint

7  stipulation to extend the time for Plaintiff to respond to Defendant's Complaint

8  in the New York Action up to and through September 24, 2007 (the

9  "Stipulation"). A copy of the Stipulation is attached as Exhibit G.

10      13.   On September 21, 2007, Defendant filed its First Amended

11  Complaint in the New York Action to add Cook Associates, Inc. ("Cook

12  Associates") as a co-defendant. A copy of the First Amended Complaint is

13  attached as Exhibit H.

14      14.   Cook Associates is located in Manhattan in the Southern District

15  of New York where the New York Action is pending. Defendant had learned

16  that Cook Associates is a putative licensee of Plaintiff claiming right to use of

17  the mark INTERSEARCH in the U.S. under license from Plaintiff in the

18  California Action.

19      15.   Plaintiff has yet to answer or otherwise respond to the New York

20  Action, which remains pending. Answer from Cook Associates of New York

21  is due shortly.

22      I declare under penalty of perjury under the laws of the United States of

23  America that the foregoing is true and correct, and that this Declaration is

24  executed on October 4, 2007, in New York, New York.

25

26                               PETER S. SLOANE

27  SCL PAS758543.1-*-10/3/07 4:04 PM

28  Declaration of Peter S. Sloane
Case No. C 07-4634 MEJ
{00874088.1}          -4-

# EXHIBIT A

DEC-21-2006 18:33 From:                                    To: 415 738 5382          P.2/6

12/20/2006 10:27 FAX 1 206 682 6031          SEED IP LAW GROUP PLLC                    @002

7/4700-39

Seed$^{IP}$

December 19, 2006                                    Lorraine Linford
                                                     (206) 694-4826
                                                     LorraineL@SeedIP.com

By Facsimile 415.962.9702
Confirmation By US Mail                              Without Prejudice

Mr. Dan O'Donnell
President, Chairmen and CEO of InterSearch Group Inc.
222 Kearny Street, Suite 550
San Francisco, CA 94108

Re:    Trademark Misappropriation, Infringement and Unfair Competition
       Seed IP Reference: 480243.801

Dear Mr. O'Donnell:

We represent Intersearch Worldwide Limited (ISww) in trademark matters. Information
regarding our client may be found at www.intersearch.org. As discussed in more detail on
our client's website, the international partners and shareholders of ISww work on personnel
recruitment and related services, in their respective countries. There is only one shareholder
in each country, and each such shareholder is the exclusive licensee of our client's
INTERSEARCH trademark in that country. Until August, 2005, Conex, Inc. was the U.S.
licensee of our client

Fred Siegel, on behalf of Conex, executed an ISww Sharcholders Agreement on May 23,
2003. A copy of relevant sections of that Shareholders Agreement, as well as the signature
page containing Mr. Siegel's signature, arc enclosed for your reference. Under the
Shareholders Agreement, Conex acknowledged that the INTERSEARCH mark and logo
were the property of ISww and were used only by permission by ISww. (Please see Section
4.1.) Furthermore, while Conex was required under the terms of the Agreement to take
reasonable steps to protect the INTERSEARCH mark in the U.S. at its own expense, the
Agreement makes it clear that such steps were taken for and on behalf of ISww.  (Please
see Section 4.2.) As noted in Section 7 of the Agreement, Conex acknowledged that "for the
avoidance of doubt the intellectual property in the trading name, style, mark and logo
"InterSearch" belongs to the company. The Members are duly authorized in accordance with
this agreement to use the name, style, mark and logo for so long as they remain Members of
the company. On termination of Membership, for whatever reason, the right to use the
name, style, mark, logo and Internet domain name shall cease."

Although Conex registered the INTERSEARCH mark with the U.S. Patent and Trademark
Office in its name, Conex subsequently agreed that the mark and registrations should be
owned by ISww, and expressly acknowledged ISww's ownership of the mark by executing
the Shareholders Agreement. As such, Conex was obligated to assign U.S. trademark
registrations 2,531,787, 2,346,993, 1,125,849 to ISww. Furthermore, Conex's use of the
INTERSEARCH mark and all rights associated therewith inured to our client's benefit, such
that our client is the rightful owner of the common law rights developed by Conex's use of the
mark on the relevant services.

It has recently come to our clients' attention that contrary to Conex's obligations under the
Shareholders Agreement, it assigned our client's INTERSEARCH mark, and the three
associated US trademark registrations, namely, registration numbers 2,531,787, 2,346,993,

Seed Intellectual Property Law Group PLLC

address 701 Fifth Avenue
Suite 5400
Seattle, WA 98104
phone 206.622.4900
simile 206.682.6031
website SeedIP.com

EXHIBIT  A
PAGE  5

Mr. Dan O'Donnell                                                480243.801
December 19, 2006
Page 2

1,125,849, to InterSearch Group. As a licensee only of the INTERSEARCH mark, Conex did not have the right to assign the three US trademark registrations and the associated mark and goodwill, to your company.

It appears from a review of your website located at www.InterSearch.com, that InterSearch Group adopted the InterSearch name in November 2004, long after our client's licensee, Conex, began using the INTERSEARCH mark on the personnel placement, recruitment and other services identified in the three registrations misappropriated by Conex and assigned to InterSearch Group. Our client therefore has prior rights to the INTERSEARCH mark for such services.

It has recently come to our client's attention that you are using the INTERSEARCH mark in connection with services that are directly competitive with those of ISww. Such use falsely creates the impression that InterSearch Group is affiliated with our client, and is likely to result in consumer confusion. As such, your use of the INTERSEARCH mark in connection with such services infringes our client's mark, in violation of state and federal trademark and unfair competition laws. If the infringement is willful, InterSearch Group may be liable for increased damages and attorney's fees. To the extent you were aware of Conex's relationship with ISww, we also believe that your acquisition of the trademark registrations from Conex may constitute an intentional interference with our client's contractual relationship with Conex.

We therefore require, on behalf of our client, that InterSearch Group assign the three US trademark registration numbers 2,531,787, 2,346,993, 1,125,849, to ISww; delete the employment related services from its US Trademark Application Serial No. 76/658,774; and agree to refrain from using or registering the mark in connection with such services. As it appears that InterSearch Group's primary business is concerned with Internet search engine services, customized Internet searching for others, computer consultation in the field of information technology, and related services, we believe that an amicable resolution of this situation should be possible. We therefore look forward to receiving a favorable response within ten days of receipt of this letter. If we are unable to reach an amicable resolution, please note that our client will oppose your pending Application No. 76/658,774, and will be forced to take further legal action to enforce its rights.

Very truly yours,
Seed IP Law Group PLLC

Lorraine Linford

Enclosures:
    Copy of relevant sections of the ISww Shareholders Agreement
    Signature page containing Mr. Fred Siegel's signature

879929_1.DOC

EXHIBIT A
PAGE 6

DEC-21-2006 18:33 From:                                    To: 415 738 5382        P.4/6

12/20/2006 10:27 FAX 1 206 682 6031        SEED IP LAW GROUP PLLC                    ☒004

# SECTION 1
# INTERSEARCH (WORLDWIDE) LIMITED

## SHAREHOLDERS AGREEMENT
## (FIRST SCHEDULE)

EXHIBIT _A_
PAGE _7_

## ASSOCIATION

4.1    Each Member acknowledges that the name "InterSearch" and logo "InterSearch", or any other designation are the property of InterSearch, and may be used only by permission of InterSearch and as directed by the Board of Directors and the By-laws.

4.2    Each Member shall, at its own expense take all reasonable steps to protect the name "InterSearch" and the logo "InterSearch" in the territory in which the Member conducts its business, provided always that such steps are taken for and on behalf of InterSearch.

4.3    Any Shareholder seeking to open an office outside its existing InterSearch jurisdiction and wishing to use the InterSearch brand, should first gain authorisation from the Board who will act in the best interests of the whole membership when and if granting such a licence.

4.4    In the event that a Shareholder's business is acquired, merged, split between the existing owners, or is reconstructed in any way that may affect the working relationship between the Shareholder and the other InterSearch Shareholders, the Board may review the Shareholder's new corporate structure, terminate the existing agreement if it is not considered to be in the best interests of the other Shareholders and / or create a new agreement between another party or parties who appear to offer the greatest benefit to the other InterSearch Shareholders. Such a change will require a 75% majority vote from the Shareholders.

4.5    Any merger or creation by one InterSearch Shareholder of an office in another jurisdiction where there is no other InterSearch presence shall

5

EXHIBIT ___A___

PAGE ___8___

DEC-21-2006 18:34 From:                           To: 415 738 5382         P.6/6
    12/20/2006 10:28 FAX 1 206 682 6031        SKED IP LAW GROUP PLLC                      Ø006

**INTELLECTUAL PROPERTY**

7    For the avoidance of doubt the intellectual property in the trading
     name, style, mark and logo "InterSearch" belongs to the company.
     The Members are duly authorised in accordance with this agreement
     to use the name style, mark and logo for so long as they remain
     Members of the company.  On termination of Membership for
     whatever reason, the right to use the name, style, mark, logo and
     Internet domain name shall cease.


**INTERSEARCH IS NOT A RECRUITMENT CONSULTANCY**

8.1    InterSearch does not provide professional services of any kind and
       shall not be an organization engaged in the practice of personnel
       recruitment, selection or consulting or any other professional services
       to the public, the Shareholder firms, or any other party. Each Member
       is responsible for the professional work, duties, responsibilities and
       liabilities arising from any contract, referral, or other assignment
       performed or undertaken by it or its associates.


8.2    Each Member hereby indemnifies and agrees to hold InterSearch
       harmless from any cost, fee, loss, expense, damages, or other
       negative consequence which, in the reasonable opinion of the Board
       of Directors arises either directly or indirectly as a result of that
       Member's actions or inactions.

EXHIBIT A
PAGE 9

# EXHIBIT B

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| | |
|---|---|
| ESTTA Tracking number: | **ESTTA121118** |
| Filing date: | **01/23/2007** |

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
### BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Applicant: | **InterSearch Group, Inc.** |
| Application Serial Number: | **76658774** |
| Application Filing Date: | **04/20/2006** |
| Mark: | **INTERSEARCH** |
| Date of Publication | **12/26/2006** |

## First 30 Day Request for Extension of Time to Oppose

Pursuant to 37 C.F.R. Section 2.102, InterSearch (Worldwide) Limited, 6-8 Underwood Street, London, N1 7JQ, UNITED KINGDOM, a Company, organized under the laws of England and Wales , respectfully requests that it be granted a 30-day extension of time to file a notice of opposition against the above-identified mark .

The time within which to file a notice of opposition is set to expire on 01/25/2007. InterSearch (Worldwide) Limited respectfully requests that the time period within which to file an opposition be extended until 02/24/2007.

Respectfully submitted,
/Lorraine Linford/
01/23/2007
**Lorraine Linford**
**Seed IP Law Group PLLC**
**701 Fifth Avenue, Suite 5400**
**Seattle, WA 98104**
**UNITED STATES**
**lorrainel.docketing@SeedIP.com, litcal@SeedIP.com**
**206-622-4900**

EXHIBIT C

JUDGE BATTS          07 CV    3545

Robert C. Faber (RF 7020)
Peter S. Sloane (PS 7204)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036-8403
Telephone: (212) 382-0700
Facsimile: (212) 382-0888

MAY 0 3 2007

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
INTERSEARCH GROUP, INC.,                                    :
                                                            :
                              Plaintiff,                    :     Civil Action No.
                                                            :
            v.                                              :
                                                            :
INTERSEARCH WORLDWIDE LIMITED,                              :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------x

## COMPLAINT

        InterSearch Group, Inc. ("Plaintiff"), by and through its attorneys Ostrolenk, Faber,

Gerb & Soffen, LLP, hereby complains of the activities of Defendant, Intersearch Worldwide

Limited, as follows:

## PARTIES

        1.      Plaintiff is a corporation organized and existing under the laws of the State

of Florida, with its principal place of business at 222 Kearny Street, Suite 550, San Francisco,

California 94108.

{00837859.1}

EXHIBIT  c
PAGE  10

2.      Upon information and belief, Defendant Intersearch Worldwide Limited ("Defendant"), is a corporation organized and existing under the laws of the United Kingdom, with its address at The Old Council Chambers, Halford Street, Tamworth, United Kingdom  B79 7RB.

## JURISDICTION

3.      This Court has personal jurisdiction over Defendant because, based on information and belief, it has transacted business in the State of New York and in this District.

4.      Counts I and II arise under the trademark laws of the United States and seek relief, inter alia, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual justiciable controversy exists within this jurisdiction between Plaintiff and Defendant regarding Plaintiff's alleged violation of Defendant's purported trademark rights.  This action further arises under the Lanham Act 15 U.S.C. § 1051, et. seq.  Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTS COMMON TO ALL COUNTS

A.     **Plaintiff InterSearch Group, Inc. and its Various Businesses**

   I.     **Plaintiff and its Internet Search Services Business**

6.      Since at least as early as November 2004, Plaintiff has used its name and the mark INTERSEARCH for providing Internet search services and related activities.

7.      Plaintiff provides Internet search services through a combination of traffic aggregation and proprietary web sites.

{00837859.1}

EXHIBIT C

PAGE 12

8.     Plaintiff operates in various areas of Internet commerce, including paid search, direct navigation, and online marketing, driving high quality traffic to advertisers and providing users with quick access to pertinent products.

9.     Plaintiff maintains an Internet web site at www.intersearch.com where it promotes and advertises its search services.  Printouts from its web site are attached as Exhibit A.

10.     Plaintiff has spent a substantial amount of time and resources in promoting services under the name and mark INTERSEARCH.

11.     Plaintiff has made significant sales of services under the name and mark INTERSEARCH.  In 2006, Plaintiff had revenue exceeding $25 million.

12.     Plaintiff is a publicly traded company with its shares listed on the American Stock Exchange under the symbol IGO.

13.     As a result of its widespread use, the INTERSEARCH name and mark has acquired substantial consumer goodwill and it represents a valuable asset for Plaintiff.

14.     On May 21, 2005, Plaintiff filed an application to register the mark INTERSEARCH with the U.S. Patent and Trademark Office under official serial number 78/591,286 (hereinafter referred to as the "Application").  A copy of the Application is attached as Exhibit B.  The application covers, among other things, internet search engine services in International Class 42.

15.     The Application has been approved for publication by the Examining Attorney in the U.S. Patent and Trademark Office and published without opposition from third parties.

EXHIBIT _C_
PAGE _13_

## II.    Plaintiff and its Corporate Services Business

16.    Plaintiff provides Internet technology professional services in the areas of information technology and search engine marketing to companies primarily in the financial services industry.

17.    Plaintiff helps its clients achieve higher efficiency and performance, as well as lower operating costs, by ensuring that they have the proper employees, technologies and processes.

18.    Since at least as early as January 2002, Plaintiff has provided professional consultation, staff augmentation and training services to its clients.

19.    Plaintiff provides rigorous employment screening searches for its clients. Candidates selected by Plaintiff are of high caliber with specialized backgrounds and confirmed credentials.

20.    Mandatory screening provided by Plaintiff includes a check of relevant project specific employment references, a criminal background check, education verification, a credit report check, social security verification and driving record verification.

21.    Upon request, Plaintiff screens candidates for professional license and credentials verification, professional liability insurance verification, drug use and sex offender registry status.

22.    Plaintiff actively promotes its services through its Corporate Services business through its Internet web site located at www.corp.intersearch.com. A printout of the home page is attached as Exhibit C.

23.    Plaintiff owns, by assignment, U.S. Registration No. 2,064,772 of the mark INTERSEARCH (hereinafter referred to as the "'772 Registration"). A printout of the '772

{00837859.1}

-4-

EXHIBIT C
PAGE 14

Registration showing title in the name of Plaintiff is attached as Exhibit D.

24.     The '772 Registration covers business marketing consulting services, market research services and conducting consumer surveys.  It is active, subsisting and in full force and effect.

25.     Plaintiff has recently filed an application to renew the '772 Registration.  A copy of the renewal application (hereinafter referred to as the "Renewal Application") with its specimen of use is attached as Exhibit E.

26.     The U. S. Patent and Trademark Office has accepted the Renewal Application.  A copy of the Notice of Acceptance is attached as Exhibit F.

27.     The '772 Registration evidences Plaintiff's exclusive right to use the mark INTERSEARCH for the services named therein.

### III.     Plaintiff and its Dispute with Conex over Rights to the mark INTERSEARH for Executive Search and Human Resource Services

28.     By letter dated March 30, 2005, a company named Conex Incorporated (hereinafter referred to as "Conex"), through its attorneys at the law firm of Reiss, Eisenpress & Eisenberg in New York, sent a demand letter to Plaintiff alleging trademark infringement in connection with use of the mark INTERSEARCH for executive search and human resource services.  A copy of the letter is attached as Exhibit G.

29.     Following receipt of the letter shown in Exhibit G, Plaintiff and Conex discussed, but did not resolve, the dispute.

30.     Upon information and belief, Conex retained new counsel to help it resolve the dispute with Plaintiff.  By letter dated June 20, 2005, Conex, through the law firm of Morrison & Foerster LLP in San Francisco, sent a further demand letter to Plaintiff.  A copy is attached as

{00837859.1}

-5-

EXHIBIT C
PAGE 15

Exhibit H.

31.     The demand letter shown in Exhibit H expressly stated that Conex owned federal registrations for the INTERSEARCH mark including U.S. Registration Nos. 1,125,849, 2,531,787 and 2,346,993 (hereinafter collectively referred to as the "Registrations") and that it had been using that mark in connection with executive recruitment services.

32.     Conex had previously informed Plaintiff that Conex wished to sell the mark INTERSEARCH to others and that the activities of Plaintiff hampered that effort.  Conex and Plaintiff subsequently amicably resolved their dispute by an agreement for Plaintiff to purchase the rights of Conex in the mark INTERSEARCH.

33.     Conex and Plaintiff entered into a written settlement agreement in August of 2005 (hereinafter referred to as the "Agreement").  A copy of the Agreement is attached as Exhibit I.

34.     Under the Agreement, Conex represented that it is the sole owner of all right, title and interest in the mark INTERSEARCH in the Registrations.

35.     Plaintiff had no reason to doubt that Conex owned all right, title and interest in the mark INTERSEARCH in the Registrations since, among other things, Conex was the record owner of the Registrations and was represented by a well-known national law firm in negotiating the Agreement.

36.     The Agreement included an assignment of the Registrations as Exhibit A ("the Assignment").  As a bona fide purchaser, Plaintiff promptly recorded the Assignment in the Assignment Branch of the U.S. Patent and Trademark Office at Reel 3222, Frame 0696 on September 12, 2005.  A printout from the web site of the Assignment Branch of the U.S. Patent and Trademark Office is attached as Exhibit J.

{00837859.1}

-6-

EXHIBIT _C_
PAGE _16_

37.    Based, in part, upon the representations made by Conex, the reputation of its counsel, the file history with the U.S. Patent and Trademark Office and the recorded Assignment of the Registrations from Conex to Plaintiff, Plaintiff has continued in good faith to use the name and mark INTERSEARCH for providing professional consultation, staff augmentation and training services.

**B.    Defendant and its Claimed Rights in the mark INTERSEARCH
for Executive Search and Human Resource Services**

38.    Upon information and belief, Defendant is an organization that provides links on the internet to the web sites of executive search and human resource consulting firms located in various countries around the world.

39.    Upon information and belief, Defendant provides its Internet linking services through the web site at www.intersearch.org.

40.    Upon information and belief, Defendant has never registered or applied to register its name or mark INTERSEARCH in the United States.

41.    Upon information and belief, Defendant has not taken the requisite steps to protect its name or mark INTERSEARCH in the United States.

42.    On December 19, 2006, Defendant, through its attorneys, sent a letter to Plaintiff, alleging that Conex was a licensee of Plaintiff and that Conex had no right to assign the Registrations to Plaintiff. A copy of the letter is attached as Exhibit K.

43.    In the letter shown in Exhibit K, Defendant alleges that Plaintiff adopted the name InterSearch long after Conex began using the INTERSEARCH mark on personnel, placement, recruitment and the other services (hereinafter collectively referred to as the "Services") identified in the Registrations and that, as a result, Defendant has prior rights to the INTERSEARCH mark for

{00837859.1}

-7-

EXHIBIT C
PAGE 17

such services.

44.    In the letter shown in Exhibit K, Defendant further alleges that Plaintiff's use of the mark INTERSEARCH in connection with the Services infringes the rights of Defendant in violation of state and federal trademark and unfair competition laws. The letter demands, among other things, that Plaintiff assign the Registrations to Defendant and agree to refrain from using and registering the mark in connection with the Services.

45.    Since receiving the letter shown in Exhibit K, Plaintiff has tried without success to resolve the instant dispute with Defendant.

46.    Defendant continues to insist that Plaintiff assign the Registrations and discontinue using and registering the name and mark INTERSEARCH for the Services.

47.    Defendant has filed extensions of time to oppose Plaintiff's U.S. Application Serial Number 76/658,774 of the mark INTERSEARCH for a wide variety of goods and services including, among other things, employment recruiting, screening, evaluation, placement and staffing services in International Class 35.

## THE JUSTICIABLE CONTROVERSY BETWEEN THE PARTIES

48.    By reason of the foregoing, Plaintiff has been made to suffer a reasonable apprehension that it will be sued for trademark infringement and related causes of action if it continues to use and register the mark INTERSEARCH for employment related services.

{00837859.1}

-8-

EXHIBIT  C
PAGE  18

## COUNT I

## DECLARATORY JUDGMENT OF TRADEMARK OWNERSHIP

49.    Plaintiff repeats and realleges the averments contained in Paragraphs 1 through 48 of this Complaint as if fully set forth herein again.

50.    This is a claim for declaratory judgment that Plaintiff is the owner of the mark INTERSEARCH in U.S. Registration Nos. 1,125,849, 2,531,787 and 2,346,993 for the services covered therein, having legitimately acquired all right, title and interest thereto from Conex.

51.    Plaintiff is under a real and imminent threat that Defendant will bring suit against it in the immediate future based on Defendant's claim that Defendant is the true owner of the mark INTERSEARCH for executive search and human resource services.

52.    By reason of the foregoing, Plaintiff is being threatened with damage by Defendant in the manner set forth above and will continue to be threatened with damage unless a declaratory judgment issues precluding Defendant from suing Plaintiff based upon the aforesaid acts.

53.    Plaintiff has no adequate remedy at law.

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

54.    Plaintiff repeats and realleges the averments contained in Paragraphs 1 through 48 of this Complaint as if fully set forth herein again.

55.    This is a claim for declaratory judgment that Plaintiff's use of the name and mark INTERSEARCH for providing professional consultation, staff augmentation and training services as alleged above do not infringe and have never infringed any trademark rights purportedly owned by Defendant in the mark INTERSEARCH.

{00837859.1}

-9-

EXHIBIT _C_
PAGE __19__

56.    Plaintiff is under a real and imminent threat that Defendant will bring suit against it in the immediate future for trademark infringement and related causes of action.

57.    By reason of the foregoing, Plaintiff is being threatened with damage by Defendant in the manner set forth above and will continue to be threatened with damage unless a declaratory judgment issues precluding Defendant from suing Plaintiff based upon the aforesaid acts.

58.    Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A.    A declaration that Plaintiff is the owner of all right, title and interest in and to the trademark INTERSEARCH in U.S. Registration Nos. 2,531,787, 2,346,993 and 1,125,849 for the services covered therein.

B.    A declaration that Plaintiff's use of the name and mark INTERSEARCH for providing professional consultation, staff augmentation and training services through its InterSearch Corporate Services Division do not infringe any trademark rights owned by Defendant.

C.    An award to Plaintiff of its costs in this action including its reasonable attorneys' fees; and

D.    Such other and further relief as the Court may deem just and proper.

Dated: May 3, 2007
      New York, New York

Respectfully submitted,

Robert C. Faber
Peter S. Sloane
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036-8403
Telephone: (212) 382-0700
Attorneys for Plaintiff

{00837859.1}

EXHIBIT _C_
PAGE _20_

EXHIBIT D

# Seed IP

June 26, 2007

Lorraine Linford
(206) 694-4826
LorraineL@SeedIP.com

**By Facsimile 212.382.0888**
**Confirmation By US Mail**

Mr. Peter S. Sloane                                    <u>Without Prejudice</u>
Ostrolenk, Faber, Gerb & Soffen, LLP
1180 Avenue of the Americas
New York, New York 10036-8403

Re:    Intersearch Worldwide, Ltd. and Intersearch Group, Inc.
       Your Reference: 7/4700-39
       Seed IP Reference: 480243.801

Dear Mr. Sloane,

We are aware that Intersearch Group filed a Complaint against InterSearch Worldwide in the U.S. District Court for the Southern District of New York on May 3, 2007. Given that you have not served the complaint or made any mention of it in the several times we have talked since then, we trust that you have no immediate plans to pursue that course of action.

Enclosed is a copy of a Notice of Opposition that we filed with the Trademark Trial and Appeal Board on behalf of InterSearch Worldwide Ltd. We filed the Notice in order to protect our client's interests, as the rules of the Board do not allow any further extensions of time to oppose.

When last we spoke, you indicated that you would talk with your client regarding a possible counteroffer in response to our settlement proposal. We therefore look forward to hearing from you, and given that it has been over three weeks, we would appreciate receiving a substantive response by July 2, 2007.

Very truly yours,
Seed IP Law Group PLLC

Lorraine Linford

Enclosure:
       Notice of Opposition

978982_1.DOC

Seed Intellectual Property Law Group PLLC

address  701 Fifth Avenue
         Suite 5400
         Seattle, WA 98104
telephone  206.622.4900
facsimile  206.682.6031
website  SeedIP.com

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | | |
|---|---|---|
| INTERSEARCH WORLDWIDE LIMITED, | ) ) ) | |
| Opposer, | ) ) | Opposition No. _____ |
| | ) | Serial No. 76/658774 |
| v. | ) ) | |
| INTERSEARCH GROUP, INC., | ) ) | |
| Applicant. | ) ) | Attorney Docket No. 480243.801 |

### NOTICE OF OPPOSITION

Opposer InterSearch Worldwide Limited ("Opposer"), which has a place of business at The Old Council Chambers, Halford Street, Tamworth, Staffordshire B79 7RB, United Kingdom, believes that it would be damaged by registration of the mark INTERSEARCH shown in United States Trademark Application Serial No. 76/658774 filed by InterSearch Group, Inc. ("Applicant") and published for opposition on December 26, 2006. Opposer therefore opposes registration of that mark.

Opposer has requested and received extensions of time to June 24, 2007 within which to oppose the application.

The grounds for this Opposition are as follows:

1.      Opposer is a worldwide organization of personnel recruitment and human resources consultancy firms, incorporated in the United Kingdom, and currently

1

represented in 45 countries, including the United States. Opposer is ranked by industry publications as one of the top fifteen executive search practices in the world. Opposer's member firms are shareholders in Opposer and may use Opposer's INTERSEARCH mark, trade name, style and logo with the permission and authorization of Opposer. There is only one shareholder in each country, and each such shareholder is the exclusive licensee of Opposer's INTERSEARCH trademark in that country. Opposer's shareholders use the mark INTERSEARCH to identify themselves as members of the organization and to promote and market their executive search and consultancy services.

2.      Commencing at least as early as June 1, 1989, well prior to the filing date of Applicant's intent-to-use application, Opposer's predecessor-in-interest and licensee in the United States, Conex, Inc. ("Conex"), used the mark INTERSEARCH in connection with personnel placement and recruitment and related services. At least as early as October 25, 2000, Conex began using the INTERSEARCH mark for services including on-line executive search and human resources consultation services featuring information regarding salary, posting of resumes, searches for candidates, and global matching of candidates and employers.

3.      Conex applied for and received United States Trademark Registration No. 2,346,993 (the "'993 Registration") for "personnel placement and recruitment" in International Class 35. The registration issued May 2, 2000, based on a filing date of April 9, 1999 and a date of first use of June 1, 1989.

4.      Conex applied for and received United States Trademark Registration No. 2,531,787 (the '787 Registration") for "on-line executive search and human resources consultation services featuring information regarding salary, posting of resumes, searches for candidates, global matching of candidates and employees" in International Class 35. That registration issued January 22, 2002, based on a filing date of November 6, 2000, and a date of first use of October 25, 2000.

EXHIBIT D
PAGE 23

5.      Conex acquired by assignment United States Trademark Registration No. 1,125,849 (the "'849 Registration") for "employee information services, specifically evaluation of qualifications, skills and interests of prospective job applicants, matching same with listings of job opportunities provided by employers, and providing biographical data of likely candidates to employers." The registration issued October 9, 1979, based on a filing date of March 6, 1978 and a date of first use of January 1978.

6.      On May 23, 2003, Opposer and Conex entered into an agreement ("2003 Agreement"). Under the terms of the 2003 Agreement, Conex and Opposer confirmed that the INTERSEARCH name, mark and logo used by Conex were the property of Opposer and that Conex, as a shareholder member of Opposer, was permitted to use the INTERSEARCH name, mark and logo in the United States only by permission of Opposer and only for so long as Conex remained a member of Opposer. Conex and Opposer further agreed that Conex's right to use the INTERSEARCH mark would cease upon termination of Conex's membership in Opposer.

7.      Under the terms of the 2003 Agreement, Conex's use of Opposer's INTERSEARCH mark, including but not limited to its use of the mark for the services described in the '993, '787 and '849 Registrations, inured to Opposer's benefit. Opposer is the owner of the goodwill and all common law rights in the INTERSEARCH mark as used by Conex in the United States.

8.      Given its agreement that the INTERSEARCH mark belonged to Opposer and that it was only authorized to use the mark as a licensee, Conex was obligated to assign the '993, '787 and '849 Registrations to Opposer, but failed to do so. On or about August 26, 2005, Conex terminated its membership in Opposer. Upon information and belief, prior to terminating its contractual relationship with Opposer, Conex entered into an agreement with Applicant and signed a written document, dated August 23, 2005 and

3

EXHIBIT D
PAGE 24

recorded with the United States Patent and Trademark Office on September 12, 2005, purporting to assign the '993, '787 and '849 Registrations from Conex to Applicant.

9. Conex used Opposer's INTERSEARCH mark only as authorized by Opposer and any prior rights Conex may have claimed in the INTERSEARCH mark were confirmed as Opposer's property by the terms of the 2003 Agreement. Any purported assignment of the '993, '787 and/or '849 Registrations from Conex to Applicant is invalid because at the time the registrations were purportedly assigned, Conex was not the rightful owner of the INTERSEARCH mark or any of the goodwill associated with the mark for the services described in the registrations.

10. Upon information and belief, Applicant was not a bona-fide purchaser of the INTERSEARCH mark and associated trademark registrations because at the time Applicant entered into its agreement with Conex, Applicant was aware of Conex's relationship with Opposer and knew that Conex did not own any assignable rights in the INTERSEARCH mark.

11. As a result of the use and promotion of Opposer's INTERSEARCH mark in the United States and worldwide, the mark has become well-known in the United States and is recognized as identifying high-quality services of Opposer. The INTERSEARCH mark and the associated goodwill are valuable assets of Opposer.

12. Opposer's INTERSEARCH mark symbolizes extensive goodwill and consumer recognition developed through several years of continuous use of the mark, substantial sales of services under the mark, and substantial advertising, promoting and popularizing of the mark in the United States and worldwide. Opposer's INTERSEARCH mark has achieved a high degree of public recognition and renown in the field of personnel placement and recruitment services.

13. Applicant has applied on an intent-to-use basis for registration of the mark INTERSEARCH in International Class 35 for "Advertising and marketing; advertising

4

EXHIBIT _D_
PAGE _25_

consultation services; business advisory services; gathering and providing marketing data; employment recruiting, screening, evaluation, placement, and staffing services; providing on-line employment placement services, namely, candidate and employer matching services via a global computer network; management services in the field of domain name registrations; management services in the fields of software and computer technology; management and compilation of computerized databases; providing online directory information services also featuring hyperlinks to other websites; consulting services relating to web site marketing and web site revenue generation."

14.    The services described in Applicant's application as "employment recruiting, screening, evaluation, placement, and staffing services" and "providing on-line employment placement services, namely, candidate and employer matching services via a global computer network" are so closely related to Opposer's personnel placement and recruitment services that confusion is likely to result if Applicant uses the INTERSEARCH mark for such services. Furthermore, the identification of "business advisory services" in Applicant's application is sufficiently broad to potentially encompass services that are likely to be confused with those of Opposer.

15.    The mark INTERSEARCH shown in Applicant's application is confusingly and deceptively similar to Opposer's INTERSEARCH mark, such that the trade and purchasing public will be confused by and deceived into believing that Applicant's services originate with Opposer, or are otherwise authorized by, sponsored by, licensed by, affiliated with, or associated with Opposer.

16.    In view of the similarity of the parties' respective marks and their respective services, Applicant's mark INTERSEARCH mark so resembles Opposer's INTERSEARCH mark that Applicant's use and registration of its proposed mark is likely to cause confusion, or to cause mistake or to deceive.

5

17.    By reason of all of the foregoing, Opposer would be greatly damaged by the registration of the mark INTERSEARCH to Applicant.

WHEREFORE, Opposer prays that this Opposition be sustained and the application be denied and the mark refused registration.

<u>Correspondence Address</u>

Please direct all communications to:

> Lorraine Linford
> SEED IP Law Group PLLC
> 701 Fifth Avenue, Suite 5400
> Seattle, Washington 98104.

DATED this 25th day of June, 2007.

Respectfully submitted,

SEED IP Law Group PLLC

Lorraine Linford
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900
Fax: (206) 682-6031

Attorneys for Opposer

975018_1.DOC

6

EXHIBIT E

07/10/2007 09:33 FAX 206 682 6031          SEED IP LAW GROUP PLLC                    ☑002

# Seed$^{IP}$

July 10, 2007                                          Lorraine Linford
                                                       (206) 694-4826
                                                       LorraineL@SeedIP.com

**By Facsimile 212.382.0888**
**Confirmation By US Mail**

Mr. Peter S. Sloane                                    <u>Without Prejudice</u>
Ostrolenk, Faber, Gerb & Soffen, LLP
1180 Avenue of the Americas
New York, New York 10036-8403

Re:    InterSearch Worldwide, Ltd. and Intersearch Group, Inc.
       Your Reference: 7/4700-39
       Seed IP Reference: 480243.801

Dear Mr. Sloane,

This will confirm our recent telephone conversations, in which you indicated that your client
would like to proceed with service of the complaint filed against InterSearch Worldwide. As I
indicated on the phone, my client is more interested in finding a business solution to the
present situation, and does not feel that litigation is necessary. If your client feels the need
to proceed with the lawsuit at this time, then that is certainly their choice; however, I am not
authorized to accept service in that matter.

This will also confirm my client's proposal that the parties meet to discuss this matter, in an
attempt to let the business people come to a resolution. While New York is not entirely
"neutral" ground, our client would be willing to meet there, given that they will be flying from
Europe. Given my client's schedule, the earliest we would be able to meet with you and your
client is the middle of August. Therefore, please let us know if Intersearch Group is
interested in meeting face to face with my client, in an attempt to let the business people
reach a resolution.

Finally, with regard to the opposition, InterSearch Worldwide would be willing to extend your
client's deadline to answer the opposition by thirty days, so that they would not be required to
take any action in the opposition prior to meeting with my client.

We look for to hearing from you at your earliest convenience.

Very truly yours,
Seed IP Law Group PLLC

*for:*  Lorraine Linford

986399_1.DOC

Seed Intellectual Property Law Group PLLC

address  701 Fifth Avenue
         Suite 5400
         Seattle, WA 98104
telephone 206.622.4900
facsimile 206.682.6031
website  SeedIP.com

# EXHIBIT F

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ NEW YORK _____

INTERSEARCH GROUP, INC.

        Plaintiff,

v.

INTERSEARCH WORLDWIDE LIMITED,

        Defendant

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

## 07 CV 3545

## JUDGE BATTS

TO: (Name and address of defendant)

INTERSEARCH WORLDWIDE LIMITED
The Old Council Chambers
Halford Street,
Tamworth, United Kingdom B79 7RB

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert C. Faber
Peter S. Sloane

Ostrolenk, Faber,.Gerb & Soffen, LLP
1180 Avenue of the Americas
New York, New York 10036

an answer to the complaint which is herewith served upon you, within _____ Twenty (20) _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

_____
CLERK

_____
(BY) DEPUTY CLERK

DATE

MAY 0 3 2007

_____

EXHIBIT E
PAGE 29

AO 440 (Rev. 10/93) Summons in a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE 8/28/07 |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |

| NAME OF SERVER (PRINT) Charlene Wilhelmsen | TITLE Process Server |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): HAGUE CONVENTION SERVICE BY FED EX COURIER ON AUGUST 28, 2007. SIGNED FOR BY M. SMITH AT DEFENDANT'S CORPORATE OFFICE IN TAMWORTH, ENGLAND

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___9/6/07___
Date

Charlene Wilhelmsen
Signature of Server

1180 Avenue of the Americas,
New York, NY
Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

FedEx | Track

**FedEx**®

US Home

Español

Information Center | Customer S

Search

| Package / Envelope Services | Office/Print Services | Freight Services | Expedited S |

| Ship | Track | Manage My Account | International Tools |

Track Shipments
## Detailed Results

🖶 Printable Version    ❓ Quick Help

| | | | | |
|---|---|---|---|---|
| Tracking number | 720789360134 | Destination | STRAND LONDON GB | **Wrong Address?** Reduce future mistal |
| Signed for by | M.JORDAN | Delivered to | Mailroom | FedEx Address Chec |
| Ship date | Jul 12, 2007 | Service type | International Priority | |
| Delivery date | Jul 16, 2007 9:39 AM | | Service | **Tracking a FedEx Sr** |
| | | Weight | 1.4 lbs. | **Shipment?** Go to shipper login |
| Status | Delivered | | | |
| Signature image available | Yes | | | |

Take 15% off
list rates on eligible
FedEx Express®
online shipments.

Learn more >>

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Jul 16, 2007 | 9:39 AM | Delivered | STRAND LONDON GB | |
| | 6:26 AM | On FedEx vehicle for delivery | LEYTON GB | |
| Jul 14, 2007 | 12:12 AM | In transit | STANSTED GB | |
| Jul 13, 2007 | 5:39 PM | Int'l shipment release | STANSTED GB | |
| | 5:19 PM | At dest sort facility | STANSTED GB | |
| | 1:35 AM | Departed FedEx location | NEWARK, NJ | |
| Jul 12, 2007 | 10:36 PM | Arrived at FedEx location | NEWARK, NJ | |
| | 9:22 PM | Left origin | NEW YORK, NY | |
| | 5:28 PM | Picked up | NEW YORK, NY | |
| | 11:23 AM | Package data transmitted to FedEx | | |

[ Signature proof ]    [ E-mail results ]    [ Track more shipments ]

Subscribe to tracking updates (optional)

| Your Name: | | Your E-mail Address: | |

| E-mail address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| | English | ☐ | ☑ |
| | English | ☐ | ☑ |
| | English | ☐ | ☑ |
| | English | ☐ | ☑ |

Select format:  ● HTML  ○ Text  ○ Wireless

Add personal message:

EXHIBIT E
PAGE

EXHIBIT G

Brian McQuillen (BM 9220)
Vanessa C. Hew (VH 4617)
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1000
Fax: (212) 692-1020

Attorneys for Defendant
Intersearch Worldwide, Ltd.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/19/07
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | | |
|---|---|---|
| INTERSEARCH GROUP, INC. | : | Civil Action No. 07 Civ. 03545 (DAB) (KNF) |
| Plaintiff, | : | **STIPULATION AND** |
| | : | **PROPOSED ORDER TO** |
| -against- | : | **EXTEND TIME FOR** |
| | : | **DEFENDANT INTERSEARCH** |
| INTERSEARCH WORLDWIDE, LTD. | : | **WORLDWIDE, LTD. TO** |
| | : | **RESPOND TO PLAINTIFF'S** |
| Defendant. | : | **COMPLAINT** |

------------------------------------------------------------X

Plaintiff, Intersearch Group, Inc., by and through its counsel of record, and Defendant

Intersearch Worldwide, Ltd., by and through the undersigned counsel, do hereby stipulate to

extend the time for Defendant to answer or otherwise respond to Plaintiff's Complaint from

September 17, 2007 through and including September 24, 2007. This stipulated extension of

time has been agreed upon by all parties. No prior requests have been made for any extensions

of time in this case. No dates have been set in this case. Thus, the requested extension will not

affect any other scheduled dates in this case. This extension is not being entered for the

purpose of delay.

EXHIBIT 6
PAGE 32

DATED:  New York, New York
         September 17, 2007

DUANE MORRIS LLP

By:

Brian McQuillen (BM 9220)
Vanessa C. Hew (VH 4617)
1540 Broadway
New York, New York 10036-4086
(212) 692-1000

Attorneys for Defendant
Intersearch Worldwide, Ltd.

**SO ORDERED:**

Dated: 9/19/07

United States District Judge

2

DM2\1252644.1

EXHIBIT  C
PAGE  33

# EXHIBIT H

Robert C. Faber (RF 7020)
Peter S. Sloane (PS 7204)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036-8403
Telephone: (212) 382-0700
Facsimile: (212) 382-0888

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

INTERSEARCH GROUP, INC.,                          :
                                                  :
                              Plaintiff,          :          Civil Action No. 07 CV 3545
                                                  :          (DAB)(KNF)
              v.                                  :
                                                  :
INTERSEARCH WORLDWIDE LIMITED and                 :
COOK ASSOCIATES, INC.,                            :
                                                  :
                              Defendants.         :
                                                  :
-------------------------------------------------------------x

RECEIVED
SEP 2 1 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## FIRST AMENDED COMPLAINT

InterSearch Group, Inc. ("Plaintiff"), by and through its attorneys Ostrolenk, Faber,

Gerb & Soffen, LLP, hereby complains of the activities of Defendants Intersearch Worldwide

Limited and Cook Associates, Inc. (collectively "Defendants"), as follows:

## PARTIES

1.     Plaintiff is a corporation organized and existing under the laws of the State

of Florida, with its principal place of business at 222 Kearny Street, Suite 550, San Francisco,

California 94108.

2.     Upon information and belief, Defendant Intersearch Worldwide Limited

("Interseach Worldwide"), is a corporation organized and existing under the laws of the United

{00871404.1}

Kingdom, with its address at The Old Councel Chambers, Halford Street, Tamworth, Staffordshire, B79 7RB, United Kingdom.

3.      Upon information and belief, Defendant Cook Associates, Inc. ("Cook Associates"), is a corporation organized and existing under the laws of the State of Illinois, having its headquarter offices at 212 W. Kinzie Street, Chicago, Illinois 60610.

## JURISDICTION

4.      This Court has personal jurisdiction over Defendants because, based on information and belief, they have transacted business in the State of New York and in this District.

5.      Upon information and belief, this Court also has personal jurisdiction over Cook Associates because it resides and/or transacts business in the State of New York and in this District.

6.      Upon information and belief, Cook Associates is registered with the New York State Department of State as a foreign business corporation. A printout from the web site of NYS Department of State is attached as Exhibit A.

7.      Upon information and belief, Cook Associates has offices located at 566 Lexington Avenue, 10th Floor, New York, New York 10022. A printout from Cook Associates' web site is attached as Exhibit B.

8.      Counts I and II arise under the trademark laws of the United States and seek relief, *inter alia*, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual justiciable controversy exists within this jurisdiction between Plaintiff and Intersearch Worldwide regarding Plaintiff's alleged violation of Intersearch Worldwide's purported trademark rights. This

EXHIBIT A
PAGE 35

action further arises under the Lanham Act, 15 U.S.C. § 1051, et. seq.  Therefore, this Court has original jurisdiction over this Count pursuant to 28 U.S.C. § 1338(a).

9.    The subject matter jurisdiction of this Court over Counts III and IV rests upon causes of action arising under the Trademark Act of 1946 (as amended), 15 U.S.C. §§ 1051 et seq. Therefore, this Court has original jurisdiction over these Counts pursuant to 28 U.S.C. § 1338(a).

10.    Count V is joined as a substantial and related claim and, accordingly, subject matter jurisdiction for this Count is conferred upon this Court pursuant to 28 U.S.C. § 1338(b) and the doctrine of pendent jurisdiction.

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

**A.**    **Plaintiff InterSearch Group, Inc. and its Various Businesses**

**I.**    **Plaintiff and its Internet Search Services Business**

12.    Since at least as early as November 2004, Plaintiff has used its name and the mark INTERSEARCH for providing Internet search services and related activities.

13.    Plaintiff provides Internet search services through a combination of traffic aggregation and proprietary web sites.

14.    Plaintiff operates in various areas of Internet commerce, including paid search, direct navigation, and online marketing, driving high quality traffic to advertisers and providing users with quick access to pertinent products.

15.    Plaintiff maintains an Internet web site at www.intersearch.com where it promotes and advertises its search services.  Printouts from its web site are attached as Exhibit C.

EXHIBIT H
PAGE 36

16.     Plaintiff has spent a substantial amount of time and resources in promoting services under the name and mark INTERSEARCH.

17.     Plaintiff has made significant sales of services under the name and mark INTERSEARCH. In 2006, Plaintiff had revenue exceeding $25 million.

18.     Plaintiff is a publicly traded company with its shares listed on the American Stock Exchange under the symbol IGO.

19.     As a result of its widespread use, the INTERSEARCH name and mark has acquired substantial consumer goodwill and it represents a valuable asset for Plaintiff.

20.     On May 21, 2005, Plaintiff filed an application to register the mark INTERSEARCH with the U.S. Patent and Trademark Office under official serial number 78/591,286 (hereinafter referred to as the "Application"). A copy of the Application is attached as Exhibit D. The application covers, among other things, internet search engine services in International Class 42.

21.     The Application has been approved for publication by the Examining Attorney in the U.S. Patent and Trademark Office and published without opposition from third parties.

II.     **Plaintiff and its Corporate Services Business**

22.     Plaintiff provides Internet technology professional services in the areas of information technology and search engine marketing to companies primarily in the financial services industry.

{00871404.1}

EXHIBIT _H_
PAGE _37_

23.     Plaintiff helps its clients achieve higher efficiency and performance, as well as lower operating costs, by ensuring that they have the proper employees, technologies and processes.

24.     Since at least as early as January 2002, Plaintiff has provided professional consultation, staff augmentation and training services to its clients.

25.     Plaintiff provides rigorous employment screening searches for its clients. Candidates selected by Plaintiff are of high caliber with specialized backgrounds and confirmed credentials.

26.     Mandatory screening provided by Plaintiff includes a check of relevant project specific employment references, a criminal background check, education verification, a credit report check, social security verification and driving record verification.

27.     Upon request, Plaintiff screens candidates for professional license and credentials verification, professional liability insurance verification, drug use and sex offender registry status.

28.     Plaintiff actively promotes its services through its Corporate Services business through its Internet web site located at www.corp.intersearch.com. A printout of the home page is attached as Exhibit E.

29.     Plaintiff owns, by assignment, U.S. Registration No. 2,064,772 of the mark INTERSEARCH (hereinafter referred to as the " '772 Registration"). A printout of the '772 Registration showing title in the name of Plaintiff is attached as Exhibit F.

30.     The '772 Registration covers business marketing consulting services, market research services and conducting consumer surveys. It is active, subsisting and in full force and effect.

{00871404.1}

EXHIBIT A
PAGE 38

31.    Plaintiff has recently filed an application to renew the '772 Registration. A copy of the renewal application (hereinafter referred to as the "Renewal Application") with its specimen of use is attached as Exhibit G.

32.    The U. S. Patent and Trademark Office has accepted the Renewal Application. A copy of the Notice of Acceptance is attached as Exhibit H.

33.    The '772 Registration evidences Plaintiff's exclusive right to use the mark INTERSEARCH for the services named therein.

### III.    Plaintiff and its Dispute with Conex over Rights to the mark INTERSEARH for Executive Search and Human Resource Services

34.    By letter dated March 30, 2005, a company named Conex Incorporated (hereinafter referred to as "Conex"), through its attorneys at the law firm of Reiss, Eisenpress & Eisenberg in New York, sent a demand letter to Plaintiff alleging trademark infringement in connection with use of the mark INTERSEARCH for executive search and human resource services. A copy of the letter is attached as Exhibit I.

35.    Following receipt of the letter shown in Exhibit I, Plaintiff and Conex discussed, but did not resolve, the dispute.

36.    Upon information and belief, Conex retained new counsel to help it resolve the dispute with Plaintiff. By letter dated June 20, 2005, Conex, through the law firm of Morrison & Foerster LLP in San Francisco, sent a further demand letter to Plaintiff. A copy is attached as Exhibit J.

37.    The demand letter shown in Exhibit J expressly stated that Conex owned federal registrations for the INTERSEARCH mark including U.S. Registration Nos. 1,125,849,

EXHIBIT H
PAGE 39

2,531,787 and 2,346,993 (hereinafter collectively referred to as the "Registrations") and that it had been using that mark in connection with executive recruitment services.

        38.    Conex had previously informed Plaintiff that Conex wished to sell the mark INTERSEARCH to others and that the activities of Plaintiff hampered that effort.  Conex and Plaintiff subsequently amicably resolved their dispute by an agreement for Plaintiff to purchase the rights of Conex in the mark INTERSEARCH.

        39.    Conex and Plaintiff entered into a written settlement agreement in August of 2005 (hereinafter referred to as the "Agreement").  A copy of the Agreement is attached as Exhibit K.

        40.    Under the Agreement, Conex represented that it is the sole owner of all right, title and interest in the mark INTERSEARCH in the Registrations.

        41.    Plaintiff had no reason to doubt that Conex owned all right, title and interest in the mark INTERSEARCH in the Registrations since, among other things, Conex was the record owner of the Registrations and was represented by a well-known national law firm in negotiating the Agreement.

        42.    The Agreement included an assignment of the Registrations as Exhibit C thereto ("the Assignment").  As a bona fide purchaser, Plaintiff promptly recorded the Assignment in the Assignment Branch of the U.S. Patent and Trademark Office at Reel 3222, Frame 0696 on September 12, 2005.  A printout from the web site of the Assignment Branch of the U.S. Patent and Trademark Office is attached as Exhibit L.

        43.    Based, in part, upon the representations made by Conex, the reputation of its counsel, the file history with the U.S. Patent and Trademark Office and the recorded Assignment of the Registrations from Conex to Plaintiff, Plaintiff has continued in good faith to use the name and

EXHIBIT _H_
PAGE _40_

mark INTERSEARCH for providing professional consultation, staff augmentation and training services.

**B.      Intersearch Worldwide and its Claimed Rights in the mark INTERSEARCH for Executive Search and Human Resource Services**

44.      Upon information and belief, Intersearch Worldwide is an organization that provides links on the internet to the web sites of executive search and human resource consulting firms located in various countries around the world.

45.      Upon information and belief, Intersearch Worldwide provides its Internet linking services through the web site at www.intersearch.org.

46.      Upon information and belief, Intersearch Worldwide has never registered or applied to register its name or mark INTERSEARCH in the United States.

47.      Upon information and belief, Intersearch Worldwide has not taken the requisite steps to protect its name or mark INTERSEARCH in the United States.

48.      On December 19, 2006, Intersearch Worldwide, through its attorneys, sent a letter to Plaintiff, alleging that Conex was a licensee of Plaintiff and that Conex had no right to assign the Registrations to Plaintiff.  A copy of the letter is attached as Exhibit M.

49.      In the letter shown in Exhibit M, Intersearch Worldwide alleges that Plaintiff adopted the name InterSearch long after Conex began using the INTERSEARCH mark on personnel, placement, recruitment and the other services (hereinafter collectively referred to as the "Services") identified in the Registrations and that, as a result, U.K. Defendant has prior rights to the INTERSEARCH mark for such services.

50.      In the letter shown in Exhibit M, Intersearch Worldwide further alleges that Plaintiff's use of the mark INTERSEARCH in connection with the Services infringes the rights of

EXHIBIT _H_
PAGE _41_

Intersearch Worldwide in violation of state and federal trademark and unfair competition laws. The letter demands, among other things, that Plaintiff assign the Registrations to Intersearch Worldwide and agree to refrain from using and registering the mark in connection with the Services.

51.    Since receiving the letter shown in Exhibit M, Plaintiff has tried without success to resolve the instant dispute with Intersearch Worldwide.

52.    Intersearch Worldwide continues to insist that Plaintiff assign the Registrations and discontinue using and registering the name and mark INTERSEARCH for the Services.

53.    On or about September 7, 2007, Intersearch Worldwide filed a Complaint for federal unfair competition and related causes of action against Plaintiff in the United States District Court for the Northern District of California under civil action number C 07 4634. A copy of the Complaint is attaches as Exhibit N.

C.    **Cook Associates and its Use of the mark INTERSEARCH for Executive Search and Human Resource Services**

54.    Upon information and belief, Cook Associates is the exclusive agent of Intersearch Worldwide in the United States.

55.    Cook Associates presently holds itself out as the exclusive United States representative of Intersearch Worldwide on its Internet web site at www.cookassociates.com. A printout of the web page is attached as Exhibit O. The web page includes a link to Intersearch Worldwide's Internet web site at www.intersearch.org.

56.    Intersearch Worldwide identifies Cook Associates as its U.S.A. location on its Internet web site at www.intersearch.org. A copy of this web page is attached as Exhibit P.

EXHIBIT H
PAGE 42

57.     Upon information and belief, Intersearch Worldwide has granted a license to Cook Associates to use the mark INTERSEARCH in the U.S. for executive search services and human resource consulting.

## COUNT I

## DECLARATORY JUDGMENT OF TRADEMARK OWNERSHIP

58.     Plaintiff repeats and realleges the averments contained in Paragraphs 1 through 57 of this Complaint as if fully set forth herein again.

59.     This is a claim for declaratory judgment that Plaintiff is the owner of the mark INTERSEARCH in U.S. Registration Nos. 1,125,849, 2,531,787 and 2,346,993 for the services covered therein, having legitimately acquired all right, title and interest thereto from Conex.

60.     Before filing the original Complaint in this civil action, Plaintiff suffered a reasonable apprehension that it would be sued for trademark infringement and related causes of action if it continues to use and register the mark INTERSEARCH for employment related services.

61.     After filing the original Complaint in this civil action, Intersearch Worldwide brought suit against Plaintiff, claiming that Intersearch Worldwide is the true owner of the mark INTERSEARCH for executive search and human resource services.

62.     By reason of the foregoing, Plaintiff has been threatened with damage by Intersearch Worldwide in the manner set forth above and will continue to be threatened with damage unless a declaratory judgment issues precluding Intersearch Worldwide from continuing suit against Plaintiff based upon the aforesaid acts.

63.     Plaintiff has no adequate remedy at law.

{00871404.1}

EXHIBIT _A_
PAGE _43_

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

64.    Plaintiff repeats and realleges the averments contained in Paragraphs 1 through 57 of this Complaint as if fully set forth herein again.

65.    This is a claim for declaratory judgment that Plaintiff's use of the name and mark INTERSEARCH for providing professional consultation, staff augmentation and training services as alleged above do not infringe and have never infringed any trademark rights purportedly owned by Intersearch Worldwide in the mark INTERSEARCH.

66.    By reason of the foregoing, Plaintiff is being threatened with damage by Intersearch Worldwide in the manner set forth above and will continue to be threatened with damage unless a declaratory judgment issues precluding Intersearch Worldwide from continuing to sue Plaintiff based upon the aforesaid acts.

67.    Plaintiff has no adequate remedy at law.

## COUNT III

## TRADEMARK INFRINGEMENT

68.    Count III is for infringement of Plaintiff's registered trademark INTERSEARCH arising under Section 32 of the Lanham Act (as amended), 15 U.S.C. §1114.

69.    Plaintiff repeats and realleges the averments contained in Paragraphs 1-57 of this Complaint as if fully set forth herein again.

70.    Defendants are using the identical name and mark INTERSEARCH in U.S. commerce as previously used and registered by Plaintiff and the executive recruiting services provided by all the parties are the same or closely related.

71.    The foregoing acts and conduct of Defendants are likely to cause confusion,

{00871404.1}

-11-

EXHIBIT 4
PAGE 44

to cause mistake, and/or to deceive the public into believing that Defendants' services offered and sold under the name and mark INTERSEARCH are sold, authorized, endorsed, sponsored, licensed or approved by Plaintiff.

72.    The foregoing acts and conduct of Defendants constitute willful and deliberate infringement of Plaintiff's previously registered mark INTERSEARCH in violation of Section 32 of the Lanham Act (as amended), 15 U.S.C. §1114.

73.    By reason of the foregoing, Plaintiff is being irreparably damaged by Defendants' activities in a manner set forth above and will continue to be damaged unless Defendants are enjoined from continuing to commit the aforesaid acts.

74.    Upon information and belief, the aforesaid activities of Defendants have been committed in bad faith with willful disregard for Plaintiff's earlier registered trademark rights.

75.    Plaintiff has no adequate remedy at law.

## COUNT IV

## FEDERAL UNFAIR COMPETITION

76.    Count IV is for unfair competition under Section 43(a) of the Lanham Act (as amended), 15 U.S.C. §1125(a).

77.    Plaintiff repeats and realleges the averments contained in Paragraphs 1-57 of this Complaint as if fully set forth herein again.

78.    By reason of all the foregoing, Defendants are engaged in unfair competition with Plaintiff by misappropriating or attempting to misappropriate the mark INTERSEARCH and the goodwill and reputation associated therewith in a manner which is likely to deceive and confuse the public into mistakenly believing that the services offered and sold by Defendants are affiliated

{00871404.1}

EXHIBIT 4
PAGE 45

with Plaintiff and its name and mark INTERSEARCH.

79.    By reason of all the foregoing, Defendants are engaged in unfair competition with Plaintiff by misappropriating or attempting to misappropriate the mark INTERSEARCH and the goodwill and reputation associated therewith in a manner which is likely to deceive and confuse the public into mistakenly believing that the services offered and sold by Defendants under the name and mark INTERSEARCH originate with or are those of Plaintiff or are sponsored by, licensed by, endorsed by or are otherwise associated with Plaintiff.

80.    By reason of all the foregoing, Plaintiff is being damaged by Defendants' activities in the manner set forth above and will continue to be damaged unless Defendants are enjoined from continuing to commit the aforesaid acts.

81.    Upon information and belief, the aforesaid activities of Defendants have been committed in bad faith with willful disregard for Plaintiff's prior trademark rights.

82.    Plaintiff has no adequate remedy at law.

## COUNT V

## STATE COMMON LAW UNFAIR COMPETITION

83.    Count V is for unfair competition arising under the common law of the State of New York.

84.    Plaintiff repeats and realleges the averments contained in Paragraphs 1-57 of this Complaint as if fully set forth herein again.

85.    The foregoing conduct is likely to deceive and confuse the public into believing that Defendants and its services are those of Plaintiff or are sponsored by, licensed by, endorsed by or are otherwise associated with Plaintiff, thereby resulting in the misappropriation of

EXHIBIT 4
PAGE 46

Plaintiff's prior name and mark INTERSEARCH and the goodwill and reputation which are associated therewith.

86.    By reason of all the foregoing, Plaintiff is being damaged by Defendants' activities in the manner set forth above and will continue to be damaged unless Defendants are enjoined from continuing to commit the aforesaid acts.

87.    Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A.    A declaration that Plaintiff is the owner of all right, title and interest in and to the trademark INTERSEARCH in U.S. Registration Nos. 2,531,787, 2,346,993 and 1,125,849 for the services covered therein.

B.    A declaration that Plaintiff's use of the name and mark INTERSEARCH for providing professional consultation, staff augmentation and training services through its InterSearch Corporate Services Division do not infringe any trademark rights owned by Intersearch Worldwide.

C.    That a permanent injunction be issued enjoining and restraining Defendants, their officers, agents, servants, employees and attorneys, and any persons or entities in active concert or participation with it and any successors in interest, from using in any manner the mark INTERSEARCH, or any mark confusingly similar mark, in connection with the offer to sell, sale, advertising and promotion of executive search services, human resource consulting and related activities in the U.S.

D.    That Defendants be ordered to deliver up for destruction to Plaintiff all unauthorized advertisements and promotional materials in their possession or under their control

EXHIBIT _H_
PAGE _47_

bearing the mark INTERSEARCH pursuant to 15 U.S.C. § 1118.

E.      For such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any services offered for sale or sold by Defendants under the name or mark INTERSEARCH are authorized by Plaintiff or related in any way to Plaintiff's services or its name or mark.

F.      That Defendants be ordered to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' infringement of Plaintiff's registered mark INTERSEARCH and unfair competition and to account for all gains, profits and advantages derived by Defendants from the sale of services under the mark INTERSEARCH and that the award to Plaintiff be trebled for bad faith and willful infringement as provided for under 15 U.S.C. § 1117.

G.      For an order directing that Plaintiff recover the costs of this action together with its reasonable attorneys' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

H.      For an award to Plaintiff of such other and further relief as the Court may deem just and proper.

Dated: September 21, 2007
      New York, New York

Respectfully submitted,

Robert C. Faber
Peter S. Sloane

OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036-8403
Telephone: (212) 382-0700

Attorneys for Plaintiff

{00871404.1}

-15-

EXHIBIT H
PAGE 48

# CERTIFICATE OF SERVICE

I certify that on October 4, 2007, I electronically filed the document described as **DECLARATION OF PETER S. SLOANE** with the Clerk of the Court using the ECF system which will send notification of such filing to the parties.

/s/Susan Lovelace

CHRISTIE, PARKER & HALE, LLP