Lina M. Brenner (SBN 191075)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
Email: lmbrenner@duanemorris.com

Lorraine Linford (prospective *pro hac vice*)
Timothy L. Boller (prospective *pro hac vice*)
**SEED INTELLECTUAL PROPERTY LAW GROUP PLLC**
701 5TH Avenue, Suite 5400
Seattle, WA 98104
Telephone: 206.622.4900
Facsimile: 206.682.6031

Email: timb@seedip.com
　　　　lorrainel@seedip.com

Attorneys for Plaintiff
INTERSEARCH WORLDWIDE LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERSEARCH WORLDWIDE LTD, a United Kingdom Corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>INTERSEARCH GROUP, INC., a Florida corporation,<br><br>　　　　　　Defendant. | Case No.: C07 4634 MEJ<br><br>**NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING**<br><br>Complaint Filed: September 7, 2007<br>Trial Date:　　　None Set |

　　　　Plaintiff InterSearch Worldwide, Ltd. ("InterSearch"), a United Kingdom corporation, hereby provides notice pursuant to Local Rule 3-13 of the pendency of another action involving a material part of the same subject matter and all of the parties to the present action that is pending before the United States District Court for the Southern District of New York.

///

1

The defendant in this action, InterSearch Group, Inc. ("IGO"), a Florida Corporation with its principal place of business in San Francisco, California, filed a declaratory judgment Complaint against InterSearch in the Southern District of New York on May 3, 2007 (the "New York Action"). The New York Action was filed by IGO in response to a cease and desist demand sent from Seattle, Washington to San Francisco, California in December of 2006. In the New York Action, IGO sought a declaration that IGO was the owner of the mark INTERSEARCH and that IGO was not infringing any of InterSearch's rights in the mark INTERSEARCH. The New York Action was assigned Civil Action No. 07 CV 3545 (DAB)(KNF), and is pending before The Honorable Deborah A. Batts.

IGO did not advise InterSearch that it had filed the New York Action, but instead continued to engage in settlement negotiations with InterSearch. InterSearch subsequently learned of the New York Action, but the parties continued their settlement negotiations, with IGO requesting settlement proposals from InterSearch. Without knowledge that IGO had belatedly served the Complaint in the New York Action by express courier, and after receiving a subsequent demand for a substantial sum from IGO and a request for a response to the demand (but no notice of the service), InterSearch filed the present action in the Northern District of California, alleging that IGO was infringing InterSearch's rights in the INTERSEARCH mark and raising claims under California law based on IGO's California activities, which include both infringement and intentional interference claims under California law.

After 5:00 p.m. on September 21, 2007, with knowledge that InterSearch intended to file, on the next business day, a motion to dismiss the Complaint in the New York Action for lack of personal jurisdiction, IGO served a First Amended Complaint in New York alleging trademark infringement under the Lanham Act and related causes of action, and adding Cook Associates ("Cook"), an Illinois Corporation, as a defendant in the New York Action. IGO had not previously complained to InterSearch about Cook's activities.

InterSearch believes coordination between this Court and the District Court for the Southern District of New York will avoid conflicts, conserve judicial resources and promote an efficient determination of this action. Accordingly, InterSearch has requested the District Court in the

1  Southern District of New York to dismiss all counts in the New York Action, or in the alternative, to
2  transfer any surviving counts to the Northern District of California, on the following grounds: (i)
3  personal jurisdiction does not exist over InterSearch in New York; (ii) IGO's anticipatory Complaint
4  and First Amended Complaint naming InterSearch's Illinois-based licensee Cook constitute
5  improper forum shopping by IGO; (iii) there is no substantial nexus between IGO's claims and the
6  State of New York; and (iv) the Northern District of California, where IGO has it principal offices
7  and witnesses, and where no personal jurisdiction issues arise, is a more appropriate forum for
8  resolving the claims between the parties.  A copy of InterSearch's Memorandum in Support of its
9  Motion to Dismiss the New York Action is attached hereto as Appendix A, which includes the
10 supporting declarations attached thereto.

11     InterSearch notes that IGO has moved to dismiss the action pending before this Court on the
12 basis that the New York Action was filed first, which InterSearch intends to timely oppose.
13 Dismissal of the action pending before this Court or transfer to the Southern District of New York is
14 inappropriate because serious personal jurisdiction issues exist in the Southern District of New York,
15 which will ultimately lead to dismissal of the New York action as to IGO's claims against
16 InterSearch, and may lead to dismissal of any claims InterSearch might bring against IGO in New
17 York based on IGO's activities in California.  Thus, the interests of judicial economy will not be
18 served by dismissal or transfer of this matter to New York.  Conversely, dismissal or transfer of
19 IGO's claims in the New York Action will facilitate judicial economy because IGO may bring all of
20 its claims in the Northern District of California, without raising any jurisdictional or venue issues.
21 *See, e.g., Daniel v. American Bd. of Emergency*, 428 F.3d 408, 435-36 (2d Cir. 2005) (noting the risk
22 that lack of personal jurisdiction can require dismissal even after the parties have spent a substantial
23 amount of time litigating); *Fort Knox Music, Inc. v. Baptiste*, 139 F. Supp. 2d 505, 512 (S.D.N.Y.)
24 (*Fort Knox III*), *appeal dismissed*, 257 F.3d 108 (2d Cir. 2001) ("transfer at this juncture is necessary
25 to ensure that the Court and the parties do not expend even greater judicial resources in further
26 addressing an issue collateral to the merits of the underlying dispute [personal jurisdiction] and
27 which could be challenged on appeal.").
28 ///

1    Further, whether jurisdiction should be exercised under the Declaratory Judgment Act is a
2 decision committed to the discretion of the District Court in which the declaratory judgment action
3 was filed – in this case the Southern District of New York.  *See* 28 U.S.C. Section 2201.  Similarly,
4 whether or not personal jurisdiction exists under New York law over InterSearch is a question best
5 left for the District Court in the Southern District of New York (which would have to conduct its
6 own inquiry into its jurisdiction) because the confines of the New York general jurisdiction and
7 long-arm statutes must be considered before examining whether personal jurisdiction may be
8 exercised under the Due Process Clause of the U.S. Constitution.  *See Jazini v. Nissan Motor Co.,*
9 *Ltd.*, 148 F.3d 181, 184-186 (2d Cir. 1998) (discussing factual allegations required to make *prima*
10 *facie* showing of personal jurisdiction under New York law).  Finally, the District Court for the
11 Southern District of New York is certainly qualified to exercise its discretion and apply the
12 principals of comity in the case of two competing district court cases.  *See NSI Corp. v. Showco,*
13 *Inc.*, 843 F. Supp. 642, 644-45 (D. Or. 1994) (dismissing first-filed declaratory judgment case in
14 favor of later-filed infringement action where declaratory plaintiff lead declaratory defendant to
15 believe settlement negotiations were ongoing).

16    Accordingly, InterSearch requests that this Court stay this action pending a ruling by the
17 United States District Court for the Southern District of New York on InterSearch's Motion to
18 Dismiss the New York Action.  In the alternative, InterSearch requests that this Court enjoin further
19 prosecution of the New York Action by IGO.

**DUANE MORRIS LLP**

Dated: October 12, 2007          By:    /s/ Lina M. Brenner
                                        Lina M. Brenner
                                        Attorney for Plaintiff
                                        INTERSEARCH WORLDWIDE LTD.