1   Lina M. Brenner (SBN 191075)
     **DUANE MORRIS LLP**
2   One Market, Spear Tower, Suite 2000
     San Francisco, CA 94105-1104
3   Telephone: 415.957.3000
     Facsimile: 415.957.3001
4   Email: lmbrenner@duanemorris.com

5   Lorraine Linford (*pro hac vice*)
     Timothy L. Boller (*pro hac vice*)
6   **SEED IP LAW GROUP PLLC**
     701 5TH Avenue, Suite 5400
7   Seattle, WA 98104
     Telephone: 206.622.4900
8   Facsimile: 206.682.6031
     Email: lorrainel@seedip.com
9        timb@seedip.com

10  Attorneys for Plaintiff
     INTERSEARCH WORLDWIDE LTD.

11

12  *BRIAN K. BROOKEY, CA Bar No. 149522*
     brian.brookey@cph.com
13  CHRISTIE, PARKER & HALE, LLP
     350 West Colorado Boulevard, Suite 500
14  Post Office Box 7068
     Pasadena, California 91109-7068

15
     *Telephone: (626) 795-9900*
16  Facsimile: (626) 577-8800

17  ROBERT C. FABER
     rfaber@ostrolenk.com
18  PETER S. SLOANE
     psloane@ostrolenk.com
19
     OSTROLENK, FABER, GERB & SOFFEN, LLP
20  1180 Avenue of the Americas
     New York, New York  10036
21
     Telephone: (212) 382-0700
22  Facsimile: (212) 382-0888

23  Attorneys for Defendant,
     INTERSEARCH GROUP, INC.
24

25           IN THE UNITED STATES DISTRICT COURT

26         FOR THE NORTHERN DISTRICT OF CALIFORNIA

27               OAKLAND DIVISION

28

INTERSEARCH WORLDWIDE LTD, a United Kingdom Corporation,

        Plaintiff,

    v.

INTERSEARCH GROUP, INC., a Florida corporation,

        Defendant.

Case No.: C07-4634 SBA

**JOINT CASE MANAGEMENT STATEMENT**

Date:    December 13, 2007
Time:    2:30 p.m.
Dept.:   3
Judge:  Hon. Saundra Brown Armstrong

Complaint Filed:  September 7, 2007
Trial Date:     None Set

## JURISDICTION AND SERVICE

On September 7, 2007, Plaintiff InterSearch Worldwide, Ltd. ("Plaintiff") filed and served the Complaint in this action (the "California Complaint") on Defendant Intersearch Group, Inc. ("Defendant"). The California Complaint alleges violations of the Lanham Act, 15 U.S.C. § 1051, et seq., and the common and statutory law of the State of California. Thus, this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, as well as 28 U.S.C. § 1367(a), which provides for supplemental jurisdiction over related state-law claims.

Defendant has moved to dismiss the California Complaint under the first-filed rule. Defendant filed an earlier action against Plaintiff in the Southern District of New York (the "New York Action"). In the New York Action, Defendant alleged violations of the Lanham Act, 15 U.S.C. § 1051, et seq., and the common and statutory law of the State of New York. Plaintiff notes that the New York Action originally raised only declaratory judgment claims. Defendant notes that the New York Action was amended to add infringement claims and third party Cook Associates, Inc., the purported current licensee of Plaintiff.

The New York Action was assigned Civil Action No. 07 CV 3545 (DAB)(KNF), and is pending before The Honorable Deborah A. Batts. Plaintiff has filed a motion to dismiss or transfer the New York Action for lack of personal jurisdiction and in the interests of comity and judicial economy. Defendant opposed the motion on the ground that the Court in New York has jurisdiction over all the parties, the Second Circuit maintains a strong presumption in favor of maintaining first-

///

1  filed declaratory judgment actions over actions later-filed elsewhere, and New York is the most

2  convenient forum for all potential witnesses.

3       Plaintiff notes that its motion to dismiss the New York Action is fully briefed, and expects a

4  ruling from the New York Court in the near future.  Plaintiff requests that this Court stay the

5  California Action until February 7, 2008, and order the Parties to submit a revised Joint Case

6  Management Statement on February 28, 2008.  Defendant does not join in the request to the extent

7  that it is unknown when the New York Court will issue its ruling.

8                                        **FACTS**

9       The Parties agree that the principal factual issues in dispute are (i) whether Plaintiff or

10  Defendant owns certain rights in and to the INTERSEARCH marks and names and any related

11  registrations for employment related services; (ii) whether either Party's use of the INTERSEARCH

12  marks and names for employment related services constitutes infringement of the other Party's rights

13  in and to the INTERSEARCH marks and names, and if so, the extent of damages; and (iii) whether

14  any such infringement was intentional.  Plaintiff asserts that an additional factual issue is whether

15  Defendant improperly induced Conex, Inc. to terminate or disrupt its relationship with Plaintiff.

16  Defendant asserts that an additional factual issue is whether Plaintiff engaged in naked licensing

17  with Conex or whether the license between the two was otherwise invalid.

18                                    **LEGAL ISSUES**

19       With regard to the merits, the principal legal issues mirror the principal factual issues.

20  Specifically, the Parties agree the principal legal issues are (i) whether Plaintiff or Defendant owns

21  certain rights in and to the INTERSEARCH marks and names and any related registrations for

22  employment related services; (ii) whether either Party's use of the INTERSEARCH marks and

23  names for employment related services constitutes infringement of the other Party's rights in and to

24  the INTERSEARCH marks and names, and if so, the extent of damages; and (iii) whether any such

25  infringement was intentional. Plaintiff asserts that an additional legal issue is whether Defendant

26  improperly induced Conex, Inc. to terminate or disrupt its relationship with Plaintiff.  Defendant

27  asserts that an additional factual issue is whether Plaintiff engaged in naked licensing with Conex or

28  whether the license between the two was otherwise invalid.

                                             3

With regard to the ownership of the INTERSEARCH marks, Plaintiff contends that any purported assignment from Conex to Defendant is invalid because Conex did not own any rights in and to the INTERSEARCH marks and names. Conex cannot have validly assigned rights in a mark that it did not own. *See California Packing Corp. v. Sun-Maid Raisin Growers of Cal.*, 64 F.2d 370, 373-74 (C.C.P.A. 1933) (*Sun-Maid Raisin I*); *California Packing Corp. v. Sun-Maid Raisin Growers of Cal.*, 81 F.2d 674, 677 (9th Cir. 1936) (*Sun-Maid Raisin II*). Thus, Defendant's argument that it was a purchaser in good-faith is irrelevant. Plaintiff further contends that Defendant knew or should have known that Conex was not the owner of the rights in and to the INTERSEARCH marks and names that were purportedly assigned by Conex, and thus that Defendant does not qualify as a good-faith purchaser in any event. *See Sun-Maid Raisin II*, 81 F.2d at 677 (discussing cases).

Defendant contends that it acquired ownership of the INTERSEARCH mark in good faith from the owner of record, Conex. As part of its due diligence in obtaining an assignment of the subject mark, Defendant checked the Assignment records of the United States Patent and Trademark Office and did not find any documentation that may affect title to the mark. Thus, Plaintiff's own failure to record its license agreement effectively withheld from the public accurate information regarding ownership of the INTERSEARCH mark. *See* McCarthy's on Trademarks and Unfair Competition §18.12 (2007). Defendant's subsequent purchase, therefore, was made in good faith.

Furthermore, upon information and belief, the license between Plaintiff and Conex is invalid. Among other things, Plaintiff failed to maintain adequate control over the nature and quality of the services rendered by Conex under the INTERSEARCH mark and name, thus resulting in abandonment. *See Barcamerica Int'l USA Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 598 (9th Cir. 2002). Furthermore, even absent any abandonment through naked licensing, trademark rights arise not only from registration, but also from use of the mark. *Pacific Supply Corp. v. Farmers' Union Central Exchange Inc*., 318 F.2d 894, 137 USPQ 835 (9th Cir. 1963). Priority of use is in dispute.

The Parties' respective motions to dismiss are addressed below.

## MOTIONS

Defendant has filed a Motion to Dismiss the California Complaint in favor of the New York Action under the first-filed rule. Defendant's motion to dismiss the California Complaint is noticed

4

for February 5, 2008. Plaintiff intends to timely oppose Defendant's motion to dismiss the California Complaint.

Plaintiff requests that the hearing date on Defendant's motion to dismiss the California Complaint be vacated as part of Plaintiff's request that this case be stayed until February 7, 2008. Defendant does not join in the request.

Plaintiff has filed a motion to dismiss or in the alternative to transfer the claims in the New York Action to the Northern District of California, contending that personal jurisdiction is lacking in New York, that the first-filed rule is not applicable to the New York Action, and that the interests of comity and judicial economy favor resolution of the dispute between the parties in this Court, rather than before the Southern District of New York. Defendant opposed Plaintiff's motion to dismiss the New York Action on the ground that the Court in New York has jurisdiction over all the parties, the Second Circuit maintains a strong presumption in favor of maintaining first-filed declaratory judgment actions over actions later-filed elsewhere, and New York is the most convenient forum for all potential witnesses.

Plaintiff notes that its motion to dismiss the New York Action is fully briefed and Plaintiff expects the Southern District of New York to rule on Plaintiff's motion in the near future. Plaintiff also notes that Plaintiff filed a Notice of Pendency advising this Court of the New York Action. Defendant notes that the parties have received no indication from the Court in New York as to when it will issue a ruling on the motion.

## AMENDMENT OF PLEADINGS

The Parties anticipate the need to set a deadline to amend the pleadings. Plaintiff proposes that the Court set a deadline of June 20, 2008, for the parties to amend the pleadings. Defendant proposes that the Parties be ordered to submitting a proposed deadline to amend the pleadings within two weeks after this Honorable Court issues a ruling on the motion to dismiss the California Complaint and only in the event that the motion is denied.

///

///

///

5

**EVIDENCE PRESERVATION**

The Parties have been advised to take steps to preserve all evidence relevant to the issues reasonably evident in this action, and to interdict any document destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

**DISCLOSURES**

Initial disclosures are currently due by December 6, 2007.

**DISCOVERY**

No discovery has been taken to date. As noted above, initial disclosures are currently due December 6, 2007. Plaintiff proposes the following discovery schedule:

Expert Witness Reports due by August 1, 2008

Expert Rebuttal Reports due by September 1, 2008

Discovery Completed by October 31, 2008

Defendant proposes the Parties submit a proposed discovery schedule within two weeks after this Honorable Court issues a ruling on the motion to dismiss the California Complaint and only in the event that the motion is denied.

The Parties propose exchanging printed or pdf copies of material stored in an electronic format and produced in discovery. With regard to databases not subject to a claim of privilege or the work-product doctrine, the Parties propose that they initially provide reports responsive to discovery requests, such as reports generated by accounting software, and that the Parties be ordered to confer in good-faith regarding the production of electronic copies of materials stored in electronic form should disputes arise regarding the sufficiency of any initial production.

The Parties anticipate filing a proposed stipulated protective order consistent with the local rules and the law of the Ninth Circuit. The Parties do not anticipate any other changes to the discovery rules, other than as suggested above.

**CLASS ACTIONS**

This case is not a class action.

///

///

6

**RELATED CASES**

As noted above, the New York Action is a related case.  In addition, an opposition proceeding is pending before the Trademark Trial and Appeal Board (the "Board").  The opposition proceeding has been assigned No. 91/178,019 and has been suspended due to the federal litigation pending between the Parties.

**RELIEF**

Plaintiff has requested, *inter alia,* injunctive relief, monetary damages and attorneys' fees against Defendant in the California Complaint.  Defendant has requested similar remedies against Plaintiff in the New York Action.

**SETTLEMENT AND ADR**

The Parties agree that mediation may be appropriate at a later stage in this case.

Plaintiff requests that the deadline for filing the ADR Certification be reset to March 28, 2008, and that mediation pursuant to ADR Local Rule 3-5 occur after discovery regarding ownership issues is complete.  Plaintiff suggests a mediator be selected by July 15, 2008, and that mediation occur by October 31, 2008.

Defendant requests that the deadline for filing the ADR Certification pursuant to Rule 3-5(b) be reset to within three months after this Honorable Court issues a ruling on the motion to dismiss the California Complaint and only in the event that the motion is denied.  Defendant suggests that a mediator be selected by the Parties within six months after this Honorable Court issues a ruling on the motion to dismiss and only in the event that the motion is denied.  Defendant further suggests that mediation occur within nine months after this Honorable Court issues a ruling on the motion to dismiss and only in the event that the motion is denied.

**CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties declined to consent to a Magistrate Judge.

**OTHER REFERENCES**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master or to the Judicial Panel on Multidistrict Litigation.

///

7

## NARROWING OF ISSUES

The Parties expect that the issue of ownership of the rights in the INTERSEARCH marks and names may be at least partially resolved by a ruling on a Motion for Summary Judgment after discovery regarding ownership issues is completed. The Parties do not at this time know of any other issues that may be resolved by motion or agreement, but agree to work together to narrow the issues presented for trial.

## EXPEDITED SCHEDULE

The Parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

## SCHEDULING

Plaintiff proposes the discovery deadlines set forth above. Plaintiff further requests that a deadline for hearing dispositive motions be set for November 28, 2008. Plaintiff suggests this case should be ready for trial by February 2009, and suggests a pretrial conference be set for late January 2009.

Defendant proposes the parties submit a proposed scheduling order within two weeks after this Honorable Court issues a ruling on the motion to dismiss the California Complaint and only in the event that the motion is denied.

## TRIAL

Plaintiff has requested a trial by jury. The Parties believe the trial will last between 5 and 10 days.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties have filed their respective Certifications of Non-Party Interested Persons. Plaintiff's directors, members and licensees are listed in Appendixes A and B attached hereto. The Parties also believe Cook Associates, Inc., of Illinois, and Conex, Inc., of New York, could be substantially affected by the outcome of this proceeding.

## OTHER MATTERS

Plaintiff believes a stay of this case until February 7, 2008 in view of the anticipated ruling from the Southern District of New York in the related case will facilitate the just, speedy and

8

inexpensive disposition of this matter.  Defendant believes that a stay of this case is unwarranted to the extent that there is no indication as to when the Court in New York will issue its ruling.  If no ruling issues by February 7, 2008, it will be necessary for the Parties to submit a revised Joint Case Management Statement, thereby burdening both the Parties and the Court.

The Parties do not believe at this time that there are any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.


**DUANE MORRIS LLP**


Dated: December 3, 2007          By:          /s/ Lina M. Brenner
                                             Lina M. Brenner
                                             Attorney for Plaintiff
                                             INTERSEARCH WORLDWIDE LTD.


**CHRISTIE, PARKER & HALE, LLP**


Dated: December 3, 2007          By          /s/ Brian K. Brookey
                                             Brian K. Brookey
                                             Attorneys for Defendant,
                                             INTERSEARCH GROUP, INC.