1  Lina M. Brenner (SBN 191075)
   **DUANE MORRIS LLP**
2  One Market, Spear Tower, Suite 2000
   San Francisco, CA 94105-1104
3  Telephone: 415.957.3000
   Facsimile: 415.957.3001
4  Email: lmbrenner@duanemorris.com

5  Lorraine Linford (*pro hac vice*)
   Timothy L. Boller (*pro hac vice*)
6  **SEED INTELLECTUAL PROPERTY LAW GROUP PLLC**
   701 5TH Avenue, Suite 5400
7  Seattle, WA 98104
   Telephone: 206.622.4900
8  Facsimile: 206.682.6031

9  Email: timb@seedip.com
          lorrainel@seedip.com
10
   Attorneys for Plaintiff
11 INTERSEARCH WORLDWIDE LTD.

12

13              IN THE UNITED STATES DISTRICT COURT

14          FOR THE NORTHERN DISTRICT OF CALIFORNIA

15                  SAN FRANCISCO DIVISION

16

17 INTERSEARCH WORLDWIDE LTD, a United     Case No.: C07 4634 SBA
   Kingdom Corporation,
18                                          **PLAINTIFF'S OPPOSITION TO**
                 Plaintiff,                 **DEFENDANT'S MOTION TO**
19                                          **DISMISS**
        v.
20                                          Date:      February 5, 2008
   INTERSEARCH GROUP, INC., a Florida       Time:      1 p.m.
21 corporation,                             Courtroom: 3
                                            Judge:     Hon. Saundra Brown
22               Defendant.                            Armstrong

23                                          Complaint Filed: September 7, 2007
                                            Trial Date:      None Set
24

25

26

27

28

---

**TABLE OF CONTENTS**

I.   SUMMARY OF ARGUMENT IN OPPOSITION TO MOTION TO DISMISS   **1**

II.  BRIEF SUMMARY OF THE STATUS OF THE TWO PENDING CASES   **4**

III. PERTINENT FACTS   **5**

    A.   Banks.com's Claims In The DJ Action Have No Substantive Connection To New York   5

    B.   Banks.com's Jurisdictional Allegations Are Insufficient To Establish Personal Jurisdiction Over Intersearch In New York   6

    C.   Banks.com's Declaratory Judgment Complaint Was An Improper Anticipatory Filing   7

    D.   Banks.com's Amended DJ Complaint Added Disfavored Customer-Type Claims In An Attempt To Avoid Dismissal Of The New York DJ Complaint   9

    E.   Banks.com Speculations Regarding Cook Are Not Supported by the Evidence   9

IV.  BANKS.COM'S MOTION SHOULD BE DENIED BECAUSE THE FIRST-FILED-RULE DOES NOT APPLY TO BANKS.COM'S AMENDED DJ COMPLAINT   **10**

V.   BANKS.COM'S MOTION SHOULD BE DENIED IN THE INTERESTS OF COMITY AND JUDICIAL ECONOMY   **11**

    A.   Personal Jurisdiction Issues Will Continue To Haunt The New York DJ Action   11

        1.   There Is No General Jurisdiction Under N.Y. C.P.L.R. Section 301   12

        2.   There Is No Specific Personal Jurisdiction Under N.Y. C.P.L.R. Section 302   13

    B.   The Anticipatory Nature Of The DJ Action Justifies Denial Of Banks.com's Motion   15

    C.   California Is The More Convenient Forum   16

VI.  CONCLUSION   **17**

i

# TABLE OF AUTHORITIES

**CASES**

*Aerotel, Ltd. v. Sprint Corp*,
  100 F. Supp. 2d 189 (S.D.N.Y. 2000)..................................................................... 10

*Beacon Enterprises, Inc. v. Menzies*,
  715 F.2d 757 (2d. Cir. 1983)........................................................................... 12, 14

*Cybersell, Inc. v. Cybersell, Inc.*,
  130 F.3d 414 (9th Cir 1997) ................................................................................ 15

*Daniel v. American Bd. of Emergency*,
  428 F.3d 408 (2d Cir. 2005)................................................................................... 3

*Factors Etc., Inc. v. Pro Arts, Inc.*,
  579 F.2d 215 (2d Cir. 1978)................................................................................... 4

*Fort Knox Music, Inc. v. Baptiste*,
  139 F. Supp. 2d 505 (S.D.N.Y.),
  *appeal dismissed*, 257 F.3d 108 (2d Cir. 2001) ............................... 3, 11, 12, 13, 14

*Fort Knox Music, Inc. v. Baptiste*,
  257 F.3d 108 (2d Cir. 2001)................................................................................. 11

*Jazini v. Nissan Motor Co., Ltd.*,
  148 F.3d 181 (2d Cir. 1998)..................................................................... 12, 13, 15

*Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*,
  918 F.2d 1039 (2d Cir. 1990)............................................................................... 13

*McGowan v. Smith*,
  52 N.Y.2d 268 (1981) ......................................................................................... 14

*NSI Corp. v. Showco, Inc.*,
  843 F. Supp. 642 (D. Or. 1994) ............................................................................. 3

*Orthmann v. Apple River Campground, Inc.*,
  765 F.2d 119 (8th Cir. 1985) ........................................................................... 3, 11

*Panavision Intern., L.P. v. Toeppen*,
  141 F.3d 1316 (9th Cir 1998) ........................................................................ 12, 15

*PDL Labs, Inc. v. Friedlander*,
  103 F.3d 1105 (2d Cir. 1997)............................................................................... 12

*Pirone v. MacMillan, Inc.*,
  894 F.2d 579 (2d Cir. 1990)................................................................................... 4

*Pollux Holding, Ltd. v. The Chase Manhattan Bank*,
  329 F.3d 64 (2d Cir. 2003)..................................................................................... 3

*Riviera Trading Corp. v. Oakley*,
  944 F. Supp. 1150 (S.D.N.Y. 1996)........................................................................ 4

*Smith v. Lincoln*,
  52 Misc. 2d 66, 275 N.Y.S.2d 74 (N.Y. Sup. 1966).............................................. 14

*Stephan v. Babysport, LLC*,
    499 F. Supp. 2d 279 (E.D.N.Y. 2007) ............................................................... 13, 14

*William Gluckin & Co. v. International Playtex Corp.*,
    407 F.2d 177 (2d Cir. 1969).............................................................................. 3, 4, 16

**STATUTES**

CPLR § 301................................................................................................................. 12, 13

CPLR § 302................................................................................................................. 13, 14

CPLR § 302(a) ........................................................................................................... 14, 15

CPLR § 302(a)(1) .............................................................................................................. 12

CPLR § 302(a)(3) .............................................................................................................. 12

**RULES**

Fed. R. Civ. P. 4(m) .......................................................................................................... 10

## I.    SUMMARY OF ARGUMENT IN OPPOSITION TO MOTION TO DISMISS

The issue facing this Court, where Plaintiff InterSearch Worldwide (InterSearch) filed an action alleging, *inter alia*, infringement of its rights in and to the INTERSEARCH marks and trade names (the "California Action"), <u>and</u> the District Court for the Southern District of New York, where Defendant Banks.com, formerly Intersearch Group, Inc. ("Banks.com") filed a declaratory judgment action (the "DJ Action"), is whether it serves judicial economy and the interests of justice to resolve this dispute in a single forum, and if so, which forum, California or New York, is more appropriate.  The answer is yes, this dispute should be resolved in a single forum, and that forum is the Northern District of California.

In its moving papers, Banks.com presents an incomplete and misleading picture of the facts to suggest this Court should simply dismiss the California Action filed by InterSearch as duplicative of the DJ Action filed by Banks.com.  But this case is not as simple as Banks.com implies, and it is Banks.com which has engaged in vexatious litigation conduct.  The facts, which are set forth in more detail below, demonstrate that the DJ Action Banks.com filed in New York was an improper anticipatory action brought without the existence of personal jurisdiction over InterSearch in New York, and thus was subject to dismissal in its entirety for lack of jurisdiction, and that the Amended DJ Complaint, which untimely added disfavored customer-type claims (*i.e.*, claims against someone other than the real party in interest) and no longer qualifies as a first-filed case, was filed for the sole purpose of attempting to avoid a dismissal of the improperly filed DJ Action and fails to resolve the personal jurisdiction issues raised by the original Complaint in the DJ Action.  Specifically,

1.    The real parties to this dispute are InterSearch and Banks.com, because the core of the dispute is whether InterSearch or Banks.com owns the rights to the INTERSEARCH mark.

2.    There is no personal jurisdiction in New York over InterSearch.

3.    The basis for Banks.com's original DJ Complaint was a cease and desist letter InterSearch sent from <u>Seattle, Washington</u> to Banks.com in <u>San Francisco, California</u> (the "Seattle Demand Letter").

///

4.  More than four months after receiving the Seattle Demand Letter, and while settlement negotiations between InterSearch and Banks.com were ongoing, Banks.com filed the DJ Action in New York, but did not <u>serve</u> the DJ Complaint or <u>advise</u> InterSearch that it had been filed.

5.  The DJ Complaint and the Amended DJ Complaint contain no specific allegations of any New York activities by InterSearch.

6   Banks.com finally served the DJ Complaint in late August 2007, more than eight months after receiving the Seattle Demand Letter, but did not tell InterSearch it had been served and even made another settlement proposal after serving the DJ Complaint, and requested a response from InterSearch to the settlement proposal.

7.  InterSearch filed and served the present infringement action against Banks.com (the "California Complaint") on September 7, 2007, without knowledge that Banks.com had belatedly served the DJ Complaint.

8.  When InterSearch learned that the DJ Complaint had been served, it twice requested that Banks.com agree to litigate in San Francisco, where no personal jurisdiction issues exist and where Banks.com has its principal offices.

9.  Banks.com declined to accept InterSearch's offers to litigate this case <u>in Banks.com's home forum</u>.

10. Banks.com knew that InterSearch was going to move to dismiss the DJ Complaint for lack of personal jurisdiction, and that its deadline for doing so was Monday, September 24, 2007.

11. After 5:00 p.m. on Friday, September 21, 2007, Banks.com served, by hand delivery to InterSearch's local counsel in New York, the Amended DJ Complaint.

12. The Amended DJ Complaint adds disfavored customer-type claims (*i.e.*, claims against someone other than the real party in interest) against Cook Associates, Inc. ("Cook"). Cook, which is based in Illinois, appears to have been added solely because it happens to have an office in New York that subjects Cook to general jurisdiction in New York.

2

13.    All of Banks.com's claims can be brought in the case pending before this Court. InterSearch and Cook do not contend, and agree not to contend, that venue and personal jurisdiction are lacking in the Northern District of California.

InterSearch notes that this Court need not resolve the personal jurisdiction issues, or wait for resolution of those issues by the Southern District of New York, to deny Banks.com's motion and to enjoin further prosecution by Banks.com of the DJ Action in New York.  The fact that personal jurisdiction issues exist in New York, but do not exist in the Northern District of California, and the anticipatory nature of Banks.com's DJ Action provide two independent reasons for the Court to apply the principals of comity now to deny Banks.com's motion to dismiss the present action and to enjoin further prosecution of the DJ Action by Banks.com.  *See, e.g.*, *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) ("we hesitate to construe the limits of Minnesota's long-arm statute when the identical lawsuit is proceeding without jurisdictional problems in Wisconsin"; declining to follow first-to-file rule and dismissing with prejudice appeal of dismissal of Minnesota action for lack of personal jurisdiction); *William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178-79 (2d Cir. 1969) (affirming enjoining of customer-type first-filed action against a retailer in favor of a later-filed action between the manufacturer and the owner of the patent in a more convenient forum, and discussing cases); *NSI Corp. v. Showco, Inc.*, 843 F. Supp. 642, 645 (D. Or. 1994) (dismissing declaratory complaint on comity grounds in favor of later-filed case on the merits where declaratory plaintiff had led declaratory defendant to believe settlement negotiations were ongoing); *Fort Knox Music, Inc. v. Baptiste*, 139 F. Supp. 2d 505, 512 (S.D.N.Y.) (*Fort Knox III*), *appeal dismissed*, 257 F.3d 108 (2d Cir. 2001) (applying principals of comity "to ensure that the Court and the parties do not expend even greater judicial resources in further addressing an issue collateral to the merits of the underlying dispute [personal jurisdiction] and which could be challenged on appeal.")  *See also*, *Daniel v. American Bd. of Emergency*, 428 F.3d 408, 435-36 (2d Cir. 2005) (noting the risk that lack of personal jurisdiction can require dismissal even after the parties have spent a substantial amount of time litigating); *Pollux Holding, Ltd. v. The Chase Manhattan Bank*, 329 F.3d 64, 67 (2d Cir. 2003) (discussing related common-law *forum non conveniens* doctrine).

3

In addition, it has long been the rule that a later-filed action may take precedent over a first-filed action, particularly when judicial economy favors the later-filed action and the first-filed action is an anticipatory action. *See*, *e.g.*, *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978), *abrogated on other grounds by Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir. 1990); *Riviera Trading Corp. v. Oakley*, 944 F. Supp. 1150, 1158-59 (S.D.N.Y. 1996). Thus, when the balance of convenience favors the second action or when forum shopping motivated the situs of the first suit, a district court may dismiss, enjoin, transfer or stay a first-filed action in favor of a second action. *See*, *e.g.*, *Gluckin*, 407 F.2d at 178-79 (affirming enjoining of first-filed customer-type complaint); *NSI*, 843 F. Supp. at 645 (dismissing anticipatory action in favor of later-filed action on the merits).

Here, Banks.com's motion should be denied and Banks.com should be enjoined from further prosecution of the DJ Action in New York on comity grounds to conserve judicial resources, to promote responsible attempts to settle business disputes without litigation, and to discourage parties from filing anticipatory actions and bringing customer-type claims for forum shopping purposes.

This opposition is supported by the pleading on file in this case, including the attached Declaration of Timothy L. Boller, which includes as exhibits declarations and pleadings filed in the DJ Action in New York.

## II.     BRIEF SUMMARY OF THE STATUS OF THE TWO PENDING CASES

InterSearch and Cook filed a motion before the New York Court to dismiss the DJ Action, or in the alternative to transfer any remaining claims to the Northern District of California. Banks.com opposed the motion and the motion before the New York Court was fully briefed as of November 1, 2007. Banks.com moved to dismiss the California Action. When the California Action was reassigned, the further filing and hearing dates for Bank.com's Motion were vacated, and subsequently reset after Banks.com filed an amended Notice. The current hearing date for Banks.com's motion to dismiss the California Action is February 5, 2008. The two cases have not otherwise proceeded beyond initial pleadings. Boller Decl., ¶ 2.

///

///

## III.    PERTINENT FACTS

### A.    Banks.com's Claims In The DJ Action Have No Substantive Connection To New York

Banks.com is a Florida Corporation with a principal place of business at 222 Kearney Street, Suite 550, San Francisco, California 94108.  Boller Decl, Exhibit 1 (DJ Complaint, ¶ 1); Boller Decl., Exhibit 2 (Amended DJ Complaint, ¶ 1).

InterSearch is a corporation organized under the laws of the United Kingdom with a place of business at The Old Counsel Chambers, Halford Street, Tamworth, Staffordshire B79 7RB, United Kingdom.  Boller Decl., Exhibit 1 (DJ Complaint, ¶ 2).  InterSearch is an organization of executive search and human resource consultancy firms from all over the world.  InterSearch licenses its members and others to use InterSearch's INTERSEARCH marks under an agreement with its members (the "InterSearch Member Agreement").   InterSearch, through its licensees and predecessors-in-interest, has used the INTERSEARCH mark since at least as early as 1989.  The InterSearch Member Agreement was not negotiated or drafted in New York, and was executed by the members of InterSearch in various places all over the world.   The InterSearch Member Agreement specifies that it is to be governed by the laws of the United Kingdom and requires disputes to be resolved in the United Kingdom.  InterSearch has never had a place of business, employees, phone numbers, bank accounts or other property in New York.  Boller Decl, Exhibit 3 (Hestermann NY Decl., ¶¶ 2-6).

InterSearch is in the process of formalizing a license agreement with Cook.  Boller Decl, Exhibit 3 (Hestermann NY Decl., ¶ 12).  Cook's principal place of business is in Chicago.  Boller Decl, Exhibit 4 (Kins NY Decl., ¶ 2).  The negotiations between Cook and InterSearch did not occur in New York.  Boller Decl, Exhibit 3 (Hestermann NY Decl., ¶ 12).  While Cook has an office in New York, Banks.com did not allege in the Amended DJ Complaint any acts by Cook in New York giving rise to Banks.com's claims against Cook or against InterSearch.  Further, Banks.com did not make any specific allegations regarding how InterSearch's relationship with Cook is sufficient to establish personal jurisdiction over InterSearch.   See Boller Decl, Exhibit 2 (Amended DJ

5

Complaint, ¶¶ 44-53 (no mention of New York connection with the contacts between InterSearch and Cook) and 54-57 (no mention of New York acts by Cook)).

Conex is not a party to this action.  *See* Boller Decl, Exhibit 1 (DJ Complaint, ¶¶ 1-2 (identifying parties and not listing Conex as a party)); Boller Decl, Exhibit 2 (Amended DJ Complaint, ¶¶ 1-3 (same)).  Conex was a prior licensee of InterSearch and had signed the InterSearch Member Agreement.  Conex's license was terminated before the end of August of 2005. Boller Decl, Exhibit 3 (Hestermann NY Decl., ¶¶ 7-9).  The only specific allegations of conduct by non-party Conex are the sending of two letters that occurred prior to August of 2005.  See Boller Decl, Exhibit 2 (Amended DJ Complaint, ¶¶ 34-36, Exhibits I (March 30, 2005 letter from Conex's counsel) and J (June 20, 2005 letter from Conex's counsel)).  On or about August 15, 2005, Banks.com signed an agreement with Conex (the "California Agreement").  In the California Agreement, Banks.com released all claims against Conex and its affiliates that were based upon any prior act and which were in any way related to the INTERSEARCH mark.  Boller Decl, Exhibit 2 (Amended DJ Complaint, ¶ 39, Exhibit K, § 3 (releases)).  The California Agreement further specifies that it is governed by the laws of the State of California, excluding any choice of law provision that would cause the law of another jurisdiction to be applied.  Boller Decl, Exhibit 2 (Amended DJ Complaint, ¶ 39, Exhibit K, § 12 (choice of law)).  InterSearch was not a party to the California Agreement and did not authorize Conex to enter into the California Agreement.  Boller Decl, Exhibit 3 (Hestermann NY Decl., ¶ 10).  Thus, the Declaratory Complaint was filed more than a year after Conex's license had been terminated and Banks.com had released any claims against Conex.

**B.    Banks.com's Jurisdictional Allegations Are Insufficient To Establish Personal Jurisdiction Over Intersearch In New York**

Banks.com does not allege <u>specific acts by InterSearch in New York</u> that would give rise to either general or specific personal jurisdiction. See Boller Decl, Exhibit 2 (Amended DJ Complaint, ¶¶ 44-53 (no mention of any New York acts by Defendant InterSearch), and Exhibit M (Copy of Seattle Demand Letter sent from Seattle, Washington to San Francisco, California)).  Banks.com does not allege that Conex or Cook are agents of InterSearch for purposes of determining personal

jurisdiction under New York law, or include the required specific allegations to support such an assertion.

### C. Banks.com's Declaratory Judgment Complaint Was An Improper Anticipatory Filing

On December 19, 2006, InterSearch, through its attorneys in Seattle, Washington, sent the Seattle Demand Letter to Banks.com in California, demanding, *inter alia*, that Banks.com cease use of the infringing INTERSEARCH mark in connection with employment-related services and transfer U.S. Trademark Registration No. 1,125,849, U.S. Trademark Registration No. 2,346,993 and U.S. Trademark Registration No. 2,531,787 to InterSearch.  The Seattle Demand Letter recognized that Banks.com's primary services were in another field and invited Banks.com to engage in settlement discussions.  Boller Decl, Exhibit 2 (Amended DJ Complaint, ¶ 48, Exhibit M); Boller Decl, Exhibit 5 (Linford NY Decl., ¶ 2).

In April of 2007, InterSearch and Banks.com discussed settlement options by telephone.  On May 3, 2007, while settlement discussions between Banks.com and InterSearch were underway, Banks.com filed the DJ Complaint.  The next day, May 4, 2007, Banks.com's counsel sent an email to InterSearch's counsel asking about the status of settlement.  In the May 4, 2007 email, Banks.com did not advise InterSearch or its counsel that Banks.com had filed the DJ Complaint in New York, but instead continued to engage in settlement discussions.  Counsel for the parties conferred by telephone on May 7 and 31, and InterSearch made a settlement offer to Banks.com.  Banks.com's counsel did not mention the DJ Complaint during these telephone conferences, but indicated he would try to get a response from his client.  Boller Decl, Exhibit 5 (Linford NY Decl., ¶¶ 3-5).

On June 26, 2007, InterSearch advised Banks.com that it had become aware of the DJ Complaint, but understood the parties were trying to resolve the matter without litigation.  On June 29, Banks.com's counsel asked whether InterSearch's counsel was authorized to accept service, but also asked InterSearch to provide a new settlement proposal.  On July 10, InterSearch's counsel advised Banks.com's counsel that it would not accept service of the DJ Complaint, and suggested the parties meet in person for a settlement conference.  On July 18, Banks.com's counsel suggested a phone call instead.  The parties agreed to confer by telephone to discuss settlement, but the

7

conference was postponed due to a scheduling conflict.  Boller Decl, Exhibit 5 (Linford NY Decl., ¶¶ 6-9).

On August 28, an express courier delivered a copy of the DJ Complaint to InterSearch in the United Kingdom.  On August 29, Bank.coms's counsel sent an email indicating he had a "time sensitive offer to convey."  Later that day, counsel for InterSearch and Banks.com conferred by telephone.  Banks.com's counsel conveyed a settlement offer.  Banks.com's counsel did not advise InterSearch in the email or during the telephone conversation that the DJ Complaint had been served. Banks.com's counsel requested a response to their settlement proposal within two weeks, but indicated he knew InterSearch would likely be unable to respond until after Labor Day.  Boller Decl., Exhibit 5 (Linford NY Decl., ¶¶ 10-11).

InterSearch did not consider Banks.com's offer of August 29, 2007, to be reasonable or consistent with the parties' prior discussions.  Without knowledge that the DJ Complaint had been served, on September 7, 2007, InterSearch filed, and on the same day served, the California Complaint.  Boller Decl, Exhibit 5 (Linford NY Decl., ¶ 12).  See also Boller Decl, Exhibit 3 (Hestermann NY Decl., ¶ 11 (significance of courier package not recognized until after September 7)).  The California Complaint alleges, *inter alia*, infringement by Banks.com of InterSearch's INTERSEARCH marks under the Lanham Act and California law, requests a declaratory judgment regarding the ownership of the INTERSEARCH marks and registrations, and asserts that Banks.com intentionally interfered with InterSearch's United Kingdom Contracts and business expectations in violation of California law.  Boller Decl, Exhibit 5 (Linford NY Decl., ¶ 13).

Banks.com and InterSearch stipulated that InterSearch's response to the DJ Complaint would be due on Monday, September 24, 2007.  InterSearch twice asked Banks.com to dismiss the DJ Complaint and to agree to litigate this dispute in San Francisco, where there are no personal jurisdiction issues and where Banks.com has its principal offices, and pointed Bank.com's counsel to case law demonstrating that personal jurisdiction did not exist over InterSearch in New York. Banks.com twice declined to accept InterSearch's offer.  Banks.com knew that InterSearch was going to file a Motion to Dismiss for lack of personal jurisdiction on Monday, September 24, 2007. Boller Decl, Exhibit 5 (Linford NY Decl., ¶¶ 14-17, Exhibits 1 and 2).

8

1

2

**D.     Banks.com's Amended DJ Complaint Added Disfavored Customer-Type Claims In An Attempt To Avoid Dismissal Of The New York DJ Complaint**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

Instead of accepting InterSearch's proposal to litigate this matter in a forum that did not raise personal jurisdiction issues, Banks.com, at the last possible moment (by hand-delivery after 5:00 p.m. the Friday before InterSearch's Motion was due), served the Amended DJ Complaint in the DJ Action.   Boller Decl, Exhibit 5 (Linford NY Decl., ¶ 18).   In the Amended DJ Complaint, Banks.com added infringement claims against InterSearch and added Illinois-based Cook as a party. Boller Decl, Exhibit 2 (Amended DJ Complaint, ¶¶ 3 and 68-87).  The Amended DJ Complaint was the first time Banks.com ever complained to InterSearch about Cook or Cook's activities.  Boller Decl, Exhibit 5 (Linford NY Decl., ¶ 19).  Further, and as noted above, Banks.com did not make any specific allegations regarding how InterSearch's relationship with Cook is sufficient to establish personal jurisdiction over InterSearch.  See Boller Decl, Exhibit 2 (Amended DJ Complaint, ¶¶ 44-53 (no mention of New York connection with the contacts between InterSearch and Cook) and 54-57 (no mention of New York acts by Cook)).  The negotiations between Cook and InterSearch did not occur in New York and the bulk of the communications between InterSearch and Cook are exchanged between Chicago, Illinois and locations outside the United States.  Boller Decl, Exhibit 3 (Hestermann NY Decl., ¶ 12); Boller Decl, Exhibit 4 (Kins NY Decl., ¶¶ 2-4).

18

**E.     Banks.com Speculations Regarding Cook Are Not Supported by the Evidence**

19

20

21

22

23

24

25

26

27

28

In its opposition to InterSearch's motion to dismiss the DJ Action, Banks.com falsely states that "the Cook officer principally responsible for the business associated with the mark INTERSEARCH, the mark in dispute in the trademark infringement action, is based in New York." Banks.com cites the Declaration of Peter Sloane, ¶¶ 15-17, which refers to Ms. Susan Denison of Cook's New York Office and Exhibits F-I of Mr. Sloane's declaration.   Boller Decl., ¶ 3. InterSearch anticipates that Banks.com will make similar unsupported assertions in support of its reply brief here.  Banks.com's assertions, however, are flatly contradicted by the exhibits upon which Mr. Sloane relies, as well as by the sworn testimony of people with personal knowledge of the facts.  *See* Boller Decl, Exhibit 4 (Kins NY Decl., ¶¶ 4-10).  Thus, the evidence, including the evidence <u>upon which Banks.com previously relied</u>, shows that InterSearch coordinates its U.S.

9

activities through the Chicago Office of a Chicago-based company. Accordingly, there is no evidence of contacts sufficient to create personal jurisdiction in New York over Banks.com's claims against InterSearch.

## IV.    BANKS.COM'S MOTION SHOULD BE DENIED BECAUSE THE FIRST-FILED-RULE DOES NOT APPLY TO BANKS.COM'S AMENDED DJ COMPLAINT

For an amended complaint to receive the benefit of the original filing date, four criteria must be met under Rule 15 of the F.R.Civ.P:

1.    The claim asserted in the amended complaint arose out of the conduct, transaction or occurrence set forth in the original complaint.

2.    The new party named in the amended complaint has received notice such that it will not be prejudiced in maintaining a defense on the merits.

3.    The new party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the new party.

4.    The second and third conditions must be satisfied within the 120 day period for service of the original summons and complaint prescribed by Rule 4(m).

*Aerotel, Ltd. v. Sprint Corp*, 100 F. Supp. 2d 189, 195 (S.D.N.Y. 2000).

Here, at least three of the four criteria are not satisfied. First, there are no allegations in the original DJ Action that InterSearch was infringing Banks.com's rights in the InterSearch mark. Second, Cook cannot have known (or even been able to guess) that infringement claims, which were not brought in the original DJ Complaint, should have been brought against Cook instead of InterSearch. Third, Cook was not actually notified within the 120-day period prescribed by Rule 4(m). The DJ Complaint was filed on May 3, 2007. The Amended DJ Complaint was not filed or served until September 21, 2007 – one-hundred and forty-one days later, and was the first time Banks.com ever mentioned Cook. Thus, Banks.com's DJ Action in New York should no longer be treated as a first-filed action, and Banks.com's motion to dismiss (which is based solely on a mechanical application of the first-to-file rule) should be denied.

///

///

///

10

## V.    BANKS.COM'S MOTION SHOULD BE DENIED IN THE INTERESTS OF COMITY AND JUDICIAL ECONOMY

Banks.com urges the Court to apply the law in a piecemeal and mechanical fashion, and presents a confusing and inaccurate picture of the facts.  Both comity and the first-to-file rule, however, are designed to be applied flexibly and in view of the totality of the circumstances.  When two district court cases are pending, courts do not limit themselves to considering whether a *prima facie* showing of jurisdiction might be made or make their decision based on technicalities.  When all of the facts of this case are considered, it is clear that the appropriate forum for resolving this dispute is California.  Specifically, and as discussed in more detail below, the DJ Action in New York is subject to, and will continue to be subject to, personal jurisdiction challenges, which may ultimately require dismissal of some or all of the claims after years of litigation.  In contrast, the California Action is not subject to any personal jurisdiction challenges.  Under such circumstances, the interests of judicial economy are best served if this dispute is resolved in a single action in California, where Defendant Banks.com has its principal offices and where no personal jurisdiction issues arise.  *See, e.g, Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) ("we hesitate to construe the limits of Minnesota's long-arm statute when the identical lawsuit is proceeding without jurisdictional problems in Wisconsin"; declining to follow first-to-file rule or even decide personal jurisdiction issue in view of conflicting case law and dismissing appeal with prejudice).  *See also Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108 (2d Cir. 2001) (*Fort Knox IV*) (district court order transferring case for lack of personal jurisdiction not reviewable).  Thus, this Court does not even need to decide the personal jurisdiction issue under New York law in order to deny Banks.com's motion to dismiss.  It is enough that the New York DJ Action raises personal jurisdiction issues that are not present if this dispute is resolved in California.

### A.    Personal Jurisdiction Issues Will Continue To Haunt The New York DJ Action

Banks.com is the plaintiff in the DJ Action.  Under New York law, absent an evidentiary hearing, a plaintiff bears the burden of making a *prima facie* case that jurisdiction exists.  *Fort Knox Music, Inc. v. Baptiste*, 139 F. Supp. 2d 505, 508 (S.D.N.Y.) (*Fort Knox III*)), *appeal dismissed*, 257 F.3d 108 (2d Cir. 2001).  A court is to construe all pleadings and affidavits in the light most

11

favorable to the plaintiff. *Id.* Conclusory allegations, however, do not establish a *prima facie* case for the existence of personal jurisdiction, and do not justify delaying dismissal to permit a plaintiff to conduct discovery on personal jurisdiction. *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184-186 (2d Cir. 1998) (specific pleading required to make *prima facie* showing of personal jurisdiction based on the actions of an alleged agent; district court did not abuse its discretion in denying discovery on personal jurisdiction where *prima facie* showing was not made by plaintiff). Ultimately, a plaintiff must prove the existence of personal jurisdiction by a preponderance of the evidence. *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 762 (2d. Cir. 1983). Thus, a case which survives an initial challenge to personal jurisdiction through a *prima facie* showing remains subject to dismissal for lack of personal jurisdiction. *See Fort Knox III*, 139 F. Supp. 2d at 512.

In a federal question case involving a non-resident defendant, a federal court applies the forum state's personal jurisdiction rules. *Fort Knox III*, 139 F. Supp. 2d at 508-509 (citing *PDL Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997)). In this case, personal jurisdiction is governed by New York's general jurisdiction statute, N.Y. C.P.L.R. Section 301, and New York's long arm statute, N.Y. C.P.L.R. Section 302(a)(1). *See Fort Knox III*, 139 F. Supp. 2d at 509. Section 302(a)(3) is not applicable because any injury to Banks.com occurs in California (where Banks.com has its principal place of business) or Florida (where Banks.com was incorporated at the time the DJ Action was filed), not New York. *See Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir 1998) (injury to trademark owner with its principal place of business in California occurs in California). Assuming jurisdiction exists under at least one of New York's jurisdictional statutes, a court must determine whether the Due Process Clause of the U.S. Constitution is satisfied. *Fort Knox III*, 139 F. Supp. 2d at 509.

### 1.    There Is No General Jurisdiction Under N.Y. C.P.L.R. Section 301

Section 301 permits a court to exercise jurisdiction over a defendant engaged in a continuous and systematic course of doing business in New York, so as to warrant a finding that the defendant is present in New York. *Fort Knox III*, 139 F. Supp. 2d at 509.

Banks.com makes no attempt to satisfy the requirements of Section 301. Banks.com has not even alleged that InterSearch has any continuous and systematic contacts in New York (an allegation

12

that, standing alone, would be insufficient under *Jazini*) or made specific allegations that InterSearch satisfies the "doing business" requirements of Section 301, either itself or through an agent.  In any event, Bank.com cannot make the required showing.  To meet the standard of Section 301, Banks.com must show that InterSearch is present in New York "not occasionally or casually, but with a fair measure of permanence and continuity."  *Fort Knox III*, 139 F. Supp. 2d at 509 (*citing Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990)).  InterSearch has no contacts with New York other than through an independent licensee who was terminated in 2005 (and to whom Banks.com granted a release in 2005), and through a Chicago-based company who happens to have an office in New York.  InterSearch has never had a place of business, an employee, a phone number, or a bank account or other property in New York.  See Boller Decl, Exhibit 3 (Hestermann NY Decl., ¶ 6).  Banks.com does not allege with specificity why Cook (or Conex) should be considered to be InterSearch's agent in New York for jurisdictional purposes, as required by *Jazini* for Banks.com to rely on actions of an alleged agent to establish personal jurisdiction over InterSearch.  A foreign corporation is not present in New York simply because it has a distributor in New York who solicits business in New York.  *See Jazini*, 148 F.3d at 184; *Stephan v. Babysport, LLC*, 499 F. Supp. 2d 279, 285-86 (E.D.N.Y. 2007) ("[m]ere sales of a manufacturer's product have never made the foreign corporation amenable to suit in this jurisdiction. To support the exercise of jurisdiction, the defendant corporation must solicit business in New York in a manner that is substantial and continuous and must engage in other substantive activities in the state.") (citations omitted).  There is no allegation at all that InterSearch engages in "other substantive activities in New York."

Accordingly, Banks.com has failed to allege facts sufficient to establish general personal jurisdiction over InterSearch under New York law, and cannot do so because InterSearch is not present in New York within the meaning of Section 301.

### 2. There Is No Specific Personal Jurisdiction Under N.Y. C.P.L.R. Section 302

Under Section 302, specific jurisdiction can be found over a defendant in New York if the plaintiff shows that (1) the defendant transacted business in New York and (2) an articulable nexus

13

1    exists between the business transacted and the cause of action sued upon.  *Beacon Enterprises*, 715

2    F.2d at 763-64; *Fort Knox III*, 139 F. Supp. 2d at 510 (*citing McGowan v. Smith*, 52 N.Y.2d 268,

3    272 (1981)); *Babysport*, 499 F. Supp. 2d at 286-87.

4         Banks.com makes no specific reference to New York's long-arm statute, N.Y. C.P.L.R.

5    Section 302.  Banks.com appears to allege that specific personal jurisdiction exists over InterSearch

6    with a vague reference to a portion of Section 302(a).  See Boller Decl, Exhibit 2 (Amended DJ

7    Complaint, ¶ 4 (alleging only that InterSearch has "transacted business in the State of New York")).

8    Banks.com has not provided any specific allegations regarding what business InterSearch allegedly

9    transacted in New York or how the transacted business relates to Banks.coms's declaratory judgment

10   and infringement claims.

11        To the extent Banks.com relies on the Seattle Demand Letter, the Seattle Demand Letter was

12   not sent to or from New York.  Boller Decl, Exhibit 2 (Amended DJ Complaint, Exhibit M).

13   Moreover, demand letters (standing alone or in combination with sales through or relationships with

14   entities in New York) are insufficient to establish personal jurisdiction over a defendant in a

15   declaratory judgment action.  *See*, *e.g.*, *Beacon Enterprises*, 715 F. 2d at 764-65.  Further, demand

16   letters do not give rise to any infringement claims.

17        To the extent Banks.com relies on the demand letters sent from Conex in March and June of

18   2005, as noted above demand letters alone are insufficient to create personal jurisdiction under

19   Section 302.  *Fort Knox III*, 139 F. Supp. 2d at 511.  In addition, Banks.com released any claims it

20   might have had based on Conex's 2005 demand letters well before Banks.com filed the DJ Action in

21   2007.  Assuming, *arguendo*, that Conex was an agent of InterSearch for purposes of personal

22   jurisdiction in New York, a release of an agent acts as a release of the principal.  *See*, *e.g.*, *Smith v.*

23   *Lincoln*, 52 Misc. 2d 66, 275 N.Y.S.2d 74 (N.Y. Sup. 1966) ("release of either party to a master-

24   servant or principal-agent relationship operates to release the other except where a releaser has

25   reserved his right to proceed against the other party").  Thus, Banks.com cannot rely on Conex's

26   cease and desist letters, or any other activities of Conex, as a basis for asserting personal jurisdiction

27   for its claims against InterSearch.  Finally, it is preposterous for Banks.com to contend that 2005

28

14

demand letters from a released, non-party, somehow gave rise to an actual 2007 controversy so as to create subject matter jurisdiction in New York under the Declaratory Judgment Act.

To the extent Banks.com relies on Cook's presence in New York, the mere presence of an affiliate or business partner (such as a retailer, other distributor or licensee) in New York is not sufficient to establish personal jurisdiction or to show that the affiliate is an agent for purposes of personal jurisdiction. *See Jazini*, 148 F.3d at 184-85. Similarly, maintaining web sites assessable in a forum do not establish sufficient contacts with the forum to create personal jurisdiction. *See, e.g.*, *Panavision*, 141 F.3d at 1319 (applying Due Process Clause: "no court has ever held that an Internet advertisement alone is sufficient to subject a party to jurisdiction in another state") (discussing cases, including *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir 1997)). Thus, the web sites of InterSearch and Cook which Banks.com attached to its Amended DJ Complaint are insufficient alone to establish personal jurisdiction over InterSearch under Section 302 and under the Due Process Clause. Banks.com has made no allegations of specific activity in New York giving rise to its claims against InterSearch. According, there is no personal jurisdiction over InterSearch under New York's general jurisdiction and long arm statutes, or under the Due Process Clause of the Constitution. At a minimum, substantial questions of personal jurisdiction exist in New York, questions which do not exist in California.

### B.    The Anticipatory Nature Of The DJ Action Justifies Denial Of Banks.com's Motion

Banks.com's DJ Action was triggered by the Seattle Demand Letter, and was filed several months after the Seattle Demand Letter was sent and while settlement negotiations were ongoing. Banks.com did not promptly serve the Declaratory Complaint or even advise InterSearch that it had filed the DJ Action, but instead encouraged InterSearch to engage in settlement discussions. See Boller Decl, Exhibit 5 (Linford NY Decl. ¶¶ 3-5). Banks.com similarly made a settlement offer to InterSearch <u>after</u> serving the DJ Complaint by express courier but <u>without advising</u> InterSearch that the DJ Complaint had been served. Boller Decl, Exhibit 5 (Linford NY Decl., ¶ 11). Thus, the DJ Complaint is an improper anticipatory action, and allowing it to go forward will encourage trademark owners to file suit first, rather than to try to negotiate a settlement in good faith. *See NSI*,

15

843 F. Supp. at 645-46.  In *NSI*, the declaratory plaintiff filed suit substantially simultaneously with making a settlement offer, and subsequently served the suit with a renewed settlement offer.  The district court held the plaintiff led the defendant to believe the parties were moving toward settlement and that the complaint was filed for forum shopping purposes, rather than due to any alleged delay by defendant in responding to settlement offers.  Thus, the court dismissed the suit in favor of a later-filed suit in Texas.  *Id.*  Here, Banks.com similarly encouraged InterSearch to engage in settlement negotiations, and the timing of the filing and service of the DJ Complaint are consistent with forum shopping, not with any genuine concern of Banks.com that InterSearch was not interested in reaching a settlement.  *See NSI*, 843 F. Supp. at 645-46.

Banks.com's Amended DJ Complaint, which raised for the first time claims against Cook, was filed <u>after</u> the present action of the merits was pending in California between Banks.com and InterSearch, the real parties to this dispute, and in response to InterSearch's anticipated motion to dismiss the DJ Action for lack of personal jurisdiction.  Thus, as discussed above, Banks.com's Amended DJ Complaint should not be considered as a first-filed complaint.  In any event, it squarely falls into the customer-type exception to the first-to-file rule set forth in *Glukin*, and as such is subject to dismissal.  The real dispute is between InterSearch and Banks.com, and pertains to the ownership of the INTERSEARCH mark.  The claims against Cook were belatedly added solely for forum shopping purposes and to delay the ultimate resolution of this case.

**C.    California Is The More Convenient Forum**

In addition, California, as opposed to New York, has a substantial connection to this dispute.  Banks.com has its principal place of business in California (and thus its witnesses and documents are likely located in California).  The California Agreement, on which Banks.com bases its claims of ownership of the intellectual property at issue, is governed by California law, and the bulk of Banks.com's activities about which InterSearch has complained occur in California.  The ownership issue will likely not require testimony from any of Cook's witnesses, and such witnesses are likely to be located in Chicago, not New York.  To the extent discovery is required from InterSearch, its witness and documents are not located in New York.  To the extent discovery from non-party Conex

16

1   is needed, it can be obtained just as easily in an action in California.  Thus, the convenience of the

2   parties and the ability to compel discovery favor litigation of this matter in California.

3   **VI.    CONCLUSION**

4          For the reasons stated above, InterSearch asks this Court to deny Banks.com's motion to

5   dismiss the California Action in favor of the anticipatory New York DJ Action.   In addition,

6   InterSearch asks this Court to enjoin further prosecution of the DJ Action by Banks.com.   In the

7   alternative, InterSearch asks this Court to stay the present action for six months to give the Southern

8   District of New York an opportunity to rule on InterSearch's Motion to Dismiss the New York DJ

9   Action.

10                                  **DUANE MORRIS LLP**

11

12  Dated: <u>January 15, 2008</u>          By:      <u>/s/ Lina M. Brenner</u>

13                                          Lina M. Brenner
                                            Attorney for Plaintiff
14                                          INTERSEARCH WORLDWIDE LTD.

15

16

17

18

19

20

21

22

23

24

25

26

27

28