Exhibit 2

Robert C. Faber (RF 7020)
Peter S. Sloane (PS 7204)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036-8403
Telephone: (212) 382-0700
Facsimile: (212) 382-0888

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

INTERSEARCH GROUP, INC.,                          :
                                                  :
                                    Plaintiff,    :        Civil Action No. 07 CV 3545
                                                  :              (DAB)(KNF)
                    v.                            :
                                                  :
INTERSEARCH WORLDWIDE LIMITED and                 :
COOK ASSOCIATES, INC.,                            :
                                                  :
                                    Defendants.   :
                                                  :
--------------------------------------------------------------x

## FIRST AMENDED COMPLAINT

InterSearch Group, Inc. ("Plaintiff"), by and through its attorneys Ostrolenk, Faber,

Gerb & Soffen, LLP, hereby complains of the activities of Defendants Intersearch Worldwide

Limited and Cook Associates, Inc. (collectively "Defendants"), as follows:

## PARTIES

1.    Plaintiff is a corporation organized and existing under the laws of the State

of Florida, with its principal place of business at 222 Kearny Street, Suite 550, San Francisco,

California 94108.

2.    Upon information and belief, Defendant Intersearch Worldwide Limited

("Interseach Worldwide"), is a corporation organized and existing under the laws of the United

{00871404.1}

Kingdom, with its address at The Old Council Chambers, Halford Street, Tamworth, Staffordshire, B79 7RB, United Kingdom.

3.     Upon information and belief, Defendant Cook Associates, Inc. ("Cook Associates"), is a corporation organized and existing under the laws of the State of Illinois, having its headquarter offices at 212 W. Kinzie Street, Chicago, Illinois  60610.

## JURISDICTION

4.     This Court has personal jurisdiction over Defendants because, based on information and belief, they have transacted business in the State of New York and in this District.

5.     Upon information and belief, this Court also has personal jurisdiction over Cook Associates because it resides and/or transacts business in the State of New York and in this District.

6.     Upon information and belief, Cook Associates is registered with the New York State Department of State as a foreign business corporation.  A printout from the web site of NYS Department of State is attached as Exhibit A.

7.     Upon information and belief, Cook Associates has offices located at 566 Lexington Avenue, 10th Floor, New York, New York  10022.  A printout from Cook Associates' web site is attached as Exhibit B.

8.     Counts I and II arise under the trademark laws of the United States and seek relief, *inter alia*, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual justiciable controversy exists within this jurisdiction between Plaintiff and Intersearch Worldwide regarding Plaintiff's alleged violation of Intersearch Worldwide's purported trademark rights.  This

action further arises under the Lanham Act, 15 U.S.C. § 1051, et. seq.  Therefore, this Court has original jurisdiction over this Count pursuant to 28 U.S.C. § 1338(a).

9.    The subject matter jurisdiction of this Court over Counts III and IV rests upon causes of action arising under the Trademark Act of 1946 (as amended), 15 U.S.C. §§ 1051 et seq. Therefore, this Court has original jurisdiction over these Counts pursuant to 28 U.S.C. § 1338(a).

10.    Count V is joined as a substantial and related claim and, accordingly, subject matter jurisdiction for this Count is conferred upon this Court pursuant to 28 U.S.C. § 1338(b) and the doctrine of pendent jurisdiction.

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

**A.    Plaintiff InterSearch Group, Inc. and its Various Businesses**

**I.    Plaintiff and its Internet Search Services Business**

12.    Since at least as early as November 2004, Plaintiff has used its name and the mark INTERSEARCH for providing Internet search services and related activities.

13.    Plaintiff provides Internet search services through a combination of traffic aggregation and proprietary web sites.

14.    Plaintiff operates in various areas of Internet commerce, including paid search, direct navigation, and online marketing, driving high quality traffic to advertisers and providing users with quick access to pertinent products.

15.    Plaintiff maintains an Internet web site at www.intersearch.com where it promotes and advertises its search services.  Printouts from its web site are attached as Exhibit C.

16.     Plaintiff has spent a substantial amount of time and resources in promoting services under the name and mark INTERSEARCH.

17.     Plaintiff has made significant sales of services under the name and mark INTERSEARCH.  In 2006, Plaintiff had revenue exceeding $25 million.

18.     Plaintiff is a publicly traded company with its shares listed on the American Stock Exchange under the symbol IGO.

19.     As a result of its widespread use, the INTERSEARCH name and mark has acquired substantial consumer goodwill and it represents a valuable asset for Plaintiff.

20.     On May 21, 2005, Plaintiff filed an application to register the mark INTERSEARCH with the U.S. Patent and Trademark Office under official serial number 78/591,286 (hereinafter referred to as the "Application").  A copy of the Application is attached as Exhibit D.  The application covers, among other things, internet search engine services in International Class 42.

21.     The Application has been approved for publication by the Examining Attorney in the U.S. Patent and Trademark Office and published without opposition from third parties.


II.     **Plaintiff and its Corporate Services Business**

22.     Plaintiff provides Internet technology professional services in the areas of information technology and search engine marketing to companies primarily in the financial services industry.

23.     Plaintiff helps its clients achieve higher efficiency and performance, as well as lower operating costs, by ensuring that they have the proper employees, technologies and processes.

24.     Since at least as early as January 2002, Plaintiff has provided professional consultation, staff augmentation and training services to its clients.

25.     Plaintiff provides rigorous employment screening searches for its clients. Candidates selected by Plaintiff are of high caliber with specialized backgrounds and confirmed credentials.

26.     Mandatory screening provided by Plaintiff includes a check of relevant project specific employment references, a criminal background check, education verification, a credit report check, social security verification and driving record verification.

27.     Upon request, Plaintiff screens candidates for professional license and credentials verification, professional liability insurance verification, drug use and sex offender registry status.

28.     Plaintiff actively promotes its services through its Corporate Services business through its Internet web site located at www.corp.intersearch.com.  A printout of the home page is attached as Exhibit E.

29.     Plaintiff owns, by assignment, U.S. Registration No. 2,064,772 of the mark INTERSEARCH (hereinafter referred to as the " '772 Registration").  A printout of the '772 Registration showing title in the name of Plaintiff is attached as Exhibit F.

30.     The '772 Registration covers business marketing consulting services, market research services and conducting consumer surveys.  It is active, subsisting and in full force and effect.

{00871404.1}

31.    Plaintiff has recently filed an application to renew the '772 Registration.  A copy of the renewal application (hereinafter referred to as the "Renewal Application") with its specimen of use is attached as Exhibit G.

32.    The U. S. Patent and Trademark Office has accepted the Renewal Application.  A copy of the Notice of Acceptance is attached as Exhibit H.

33.    The '772 Registration evidences Plaintiff's exclusive right to use the mark INTERSEARCH for the services named therein.

**III.    Plaintiff and its Dispute with Conex over Rights to the mark INTERSEARH for Executive Search and Human Resource Services**

34.    By letter dated March 30, 2005, a company named Conex Incorporated (hereinafter referred to as "Conex"), through its attorneys at the law firm of Reiss, Eisenpress & Eisenberg in New York, sent a demand letter to Plaintiff alleging trademark infringement in connection with use of the mark INTERSEARCH for executive search and human resource services.  A copy of the letter is attached as Exhibit I.

35.    Following receipt of the letter shown in Exhibit I, Plaintiff and Conex discussed, but did not resolve, the dispute.

36.    Upon information and belief, Conex retained new counsel to help it resolve the dispute with Plaintiff.  By letter dated June 20, 2005, Conex, through the law firm of Morrison & Foerster LLP in San Francisco, sent a further demand letter to Plaintiff.  A copy is attached as Exhibit J.

37.    The demand letter shown in Exhibit J expressly stated that Conex owned federal registrations for the INTERSEARCH mark including U.S. Registration Nos. 1,125,849,

2,531,787 and 2,346,993 (hereinafter collectively referred to as the "Registrations") and that it had been using that mark in connection with executive recruitment services.

38. Conex had previously informed Plaintiff that Conex wished to sell the mark INTERSEARCH to others and that the activities of Plaintiff hampered that effort. Conex and Plaintiff subsequently amicably resolved their dispute by an agreement for Plaintiff to purchase the rights of Conex in the mark INTERSEARCH.

39. Conex and Plaintiff entered into a written settlement agreement in August of 2005 (hereinafter referred to as the "Agreement"). A copy of the Agreement is attached as Exhibit K.

40. Under the Agreement, Conex represented that it is the sole owner of all right, title and interest in the mark INTERSEARCH in the Registrations.

41. Plaintiff had no reason to doubt that Conex owned all right, title and interest in the mark INTERSEARCH in the Registrations since, among other things, Conex was the record owner of the Registrations and was represented by a well-known national law firm in negotiating the Agreement.

42. The Agreement included an assignment of the Registrations as Exhibit C thereto ("the Assignment"). As a bona fide purchaser, Plaintiff promptly recorded the Assignment in the Assignment Branch of the U.S. Patent and Trademark Office at Reel 3222, Frame 0696 on September 12, 2005. A printout from the web site of the Assignment Branch of the U.S. Patent and Trademark Office is attached as Exhibit L.

43. Based, in part, upon the representations made by Conex, the reputation of its counsel, the file history with the U.S. Patent and Trademark Office and the recorded Assignment of the Registrations from Conex to Plaintiff, Plaintiff has continued in good faith to use the name and

{00871404.1}

-7-

mark INTERSEARCH for providing professional consultation, staff augmentation and training services.

     **B.**     **Intersearch Worldwide and its Claimed Rights in the mark INTERSEARCH for Executive Search and Human Resource Services**

     44.     Upon information and belief, Intersearch Worldwide is an organization that provides links on the internet to the web sites of executive search and human resource consulting firms located in various countries around the world.

     45.     Upon information and belief, Intersearch Worldwide provides its Internet linking services through the web site at www.intersearch.org.

     46.     Upon information and belief, Intersearch Worldwide has never registered or applied to register its name or mark INTERSEARCH in the United States.

     47.     Upon information and belief, Intersearch Worldwide has not taken the requisite steps to protect its name or mark INTERSEARCH in the United States.

     48.     On December 19, 2006, Intersearch Worldwide, through its attorneys, sent a letter to Plaintiff, alleging that Conex was a licensee of Plaintiff and that Conex had no right to assign the Registrations to Plaintiff. A copy of the letter is attached as Exhibit M.

     49.     In the letter shown in Exhibit M, Intersearch Worldwide alleges that Plaintiff adopted the name InterSearch long after Conex began using the INTERSEARCH mark on personnel, placement, recruitment and the other services (hereinafter collectively referred to as the "Services") identified in the Registrations and that, as a result, U.K. Defendant has prior rights to the INTERSEARCH mark for such services.

     50.     In the letter shown in Exhibit M, Intersearch Worldwide further alleges that Plaintiff's use of the mark INTERSEARCH in connection with the Services infringes the rights of

Intersearch Worldwide in violation of state and federal trademark and unfair competition laws. The letter demands, among other things, that Plaintiff assign the Registrations to Intersearch Worldwide and agree to refrain from using and registering the mark in connection with the Services.

51.    Since receiving the letter shown in Exhibit M, Plaintiff has tried without success to resolve the instant dispute with Intersearch Worldwide.

52.    Intersearch Worldwide continues to insist that Plaintiff assign the Registrations and discontinue using and registering the name and mark INTERSEARCH for the Services.

53.    On or about September 7, 2007, Intersearch Worldwide filed a Complaint for federal unfair competition and related causes of action against Plaintiff in the United States District Court for the Northern District of California under civil action number C 07 4634. A copy of the Complaint is attaches as Exhibit N.


C.    **Cook Associates and its Use of the mark INTERSEARCH**
      **for Executive Search and Human Resource Services**

54.    Upon information and belief, Cook Associates is the exclusive agent of Intersearch Worldwide in the United States.

55.    Cook Associates presently holds itself out as the exclusive United States representative of Intersearch Worldwide on its Internet web site at www.cookassociates.com. A printout of the web page is attached as Exhibit O. The web page includes a link to Intersearch Worldwide's Internet web site at www.intersearch.org.

56.    Intersearch Worldwide identifies Cook Associates as its U.S.A. location on its Internet web site at www.intersearch.org. A copy of this web page is attached as Exhibit P.

57.     Upon information and belief, Intersearch Worldwide has granted a license to Cook Associates to use the mark INTERSEARCH in the U.S. for executive search services and human resource consulting.

## COUNT I

## DECLARATORY JUDGMENT OF TRADEMARK OWNERSHIP

58.     Plaintiff repeats and realleges the averments contained in Paragraphs 1 through 57 of this Complaint as if fully set forth herein again.

59.     This is a claim for declaratory judgment that Plaintiff is the owner of the mark INTERSEARCH in U.S. Registration Nos. 1,125,849, 2,531,787 and 2,346,993 for the services covered therein, having legitimately acquired all right, title and interest thereto from Conex.

60.     Before filing the original Complaint in this civil action, Plaintiff suffered a reasonable apprehension that it would be sued for trademark infringement and related causes of action if it continues to use and register the mark INTERSEARCH for employment related services.

61.     After filing the original Complaint in this civil action, Intersearch Worldwide brought suit against Plaintiff, claiming that Intersearch Worldwide is the true owner of the mark INTERSEARCH for executive search and human resource services.

62.     By reason of the foregoing, Plaintiff has been threatened with damage by Intersearch Worldwide in the manner set forth above and will continue to be threatened with damage unless a declaratory judgment issues precluding Intersearch Worldwide from continuing suit against Plaintiff based upon the aforesaid acts.

63.     Plaintiff has no adequate remedy at law.

{00871404.1}

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

64.     Plaintiff repeats and realleges the averments contained in Paragraphs 1 through 57 of this Complaint as if fully set forth herein again.

65.     This is a claim for declaratory judgment that Plaintiff's use of the name and mark INTERSEARCH for providing professional consultation, staff augmentation and training services as alleged above do not infringe and have never infringed any trademark rights purportedly owned by Intersearch Worldwide in the mark INTERSEARCH.

66.     By reason of the foregoing, Plaintiff is being threatened with damage by Intersearch Worldwide in the manner set forth above and will continue to be threatened with damage unless a declaratory judgment issues precluding Intersearch Worldwide from continuing to sue Plaintiff based upon the aforesaid acts.

67.     Plaintiff has no adequate remedy at law.

## COUNT III

## TRADEMARK INFRINGEMENT

68.     Count III is for infringement of Plaintiff's registered trademark INTERSEARCH arising under Section 32 of the Lanham Act (as amended), 15 U.S.C. §1114.

69.     Plaintiff repeats and realleges the averments contained in Paragraphs 1-57 of this Complaint as if fully set forth herein again.

70.     Defendants are using the identical name and mark INTERSEARCH in U.S. commerce as previously used and registered by Plaintiff and the executive recruiting services provided by all the parties are the same or closely related.

71.     The foregoing acts and conduct of Defendants are likely to cause confusion,

{00871404.1}

to cause mistake, and/or to deceive the public into believing that Defendants' services offered and sold under the name and mark INTERSEARCH are sold, authorized, endorsed, sponsored, licensed or approved by Plaintiff.

72.     The foregoing acts and conduct of Defendants constitute willful and deliberate infringement of Plaintiff's previously registered mark INTERSEARCH in violation of Section 32 of the Lanham Act (as amended), 15 U.S.C. §1114.

73.     By reason of the foregoing, Plaintiff is being irreparably damaged by Defendants' activities in a manner set forth above and will continue to be damaged unless Defendants are enjoined from continuing to commit the aforesaid acts.

74.     Upon information and belief, the aforesaid activities of Defendants have been committed in bad faith with willful disregard for Plaintiff's earlier registered trademark rights.

75.     Plaintiff has no adequate remedy at law.


## COUNT IV

## FEDERAL UNFAIR COMPETITION

76.     Count IV is for unfair competition under Section 43(a) of the Lanham Act (as amended), 15 U.S.C. §1125(a).

77.     Plaintiff repeats and realleges the averments contained in Paragraphs 1-57 of this Complaint as if fully set forth herein again.

78.     By reason of all the foregoing, Defendants are engaged in unfair competition with Plaintiff by misappropriating or attempting to misappropriate the mark INTERSEARCH and the goodwill and reputation associated therewith in a manner which is likely to deceive and confuse the public into mistakenly believing that the services offered and sold by Defendants are affiliated

{00871404.1}

-12-

with Plaintiff and its name and mark INTERSEARCH.

79.    By reason of all the foregoing, Defendants are engaged in unfair competition with Plaintiff by misappropriating or attempting to misappropriate the mark INTERSEARCH and the goodwill and reputation associated therewith in a manner which is likely to deceive and confuse the public into mistakenly believing that the services offered and sold by Defendants under the name and mark INTERSEARCH originate with or are those of Plaintiff or are sponsored by, licensed by, endorsed by or are otherwise associated with Plaintiff.

80.    By reason of all the foregoing, Plaintiff is being damaged by Defendants' activities in the manner set forth above and will continue to be damaged unless Defendants are enjoined from continuing to commit the aforesaid acts.

81.    Upon information and belief, the aforesaid activities of Defendants have been committed in bad faith with willful disregard for Plaintiff's prior trademark rights.

82.    Plaintiff has no adequate remedy at law.

<u>**COUNT V**</u>

<u>**STATE COMMON LAW UNFAIR COMPETITION**</u>

83.    Count V is for unfair competition arising under the common law of the State of New York.

84.    Plaintiff repeats and realleges the averments contained in Paragraphs 1-57 of this Complaint as if fully set forth herein again.

85.    The foregoing conduct is likely to deceive and confuse the public into believing that Defendants and its services are those of Plaintiff or are sponsored by, licensed by, endorsed by or are otherwise associated with Plaintiff, thereby resulting in the misappropriation of

Plaintiff's prior name and mark INTERSEARCH and the goodwill and reputation which are associated therewith.

86.    By reason of all the foregoing, Plaintiff is being damaged by Defendants' activities in the manner set forth above and will continue to be damaged unless Defendants are enjoined from continuing to commit the aforesaid acts.

87.    Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A.    A declaration that Plaintiff is the owner of all right, title and interest in and to the trademark INTERSEARCH in U.S. Registration Nos. 2,531,787, 2,346,993 and 1,125,849 for the services covered therein.

B.    A declaration that Plaintiff's use of the name and mark INTERSEARCH for providing professional consultation, staff augmentation and training services through its InterSearch Corporate Services Division do not infringe any trademark rights owned by Intersearch Worldwide.

C.    That a permanent injunction be issued enjoining and restraining Defendants, their officers, agents, servants, employees and attorneys, and any persons or entities in active concert or participation with it and any successors in interest, from using in any manner the mark INTERSEARCH, or any mark confusingly similar mark, in connection with the offer to sell, sale, advertising and promotion of executive search services, human resource consulting and related activities in the U.S.

D.    That Defendants be ordered to deliver up for destruction to Plaintiff all unauthorized advertisements and promotional materials in their possession or under their control

bearing the mark INTERSEARCH pursuant to 15 U.S.C. § 1118.

      E.     For such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any services offered for sale or sold by Defendants under the name or mark INTERSEARCH are authorized by Plaintiff or related in any way to Plaintiff's services or its name or mark.

      F.     That Defendants be ordered to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' infringement of Plaintiff's registered mark INTERSEARCH and unfair competition and to account for all gains, profits and advantages derived by Defendants from the sale of services under the mark INTERSEARCH and that the award to Plaintiff be trebled for bad faith and willful infringement as provided for under 15 U.S.C. § 1117.

      G.     For an order directing that Plaintiff recover the costs of this action together with its reasonable attorneys' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

      H.     For an award to Plaintiff of such other and further relief as the Court may deem just and proper.

Dated: September 21, 2007          Respectfully submitted,
      New York, New York

                              Robert C. Faber
                              Peter S. Sloane

                              OSTROLENK, FABER, GERB & SOFFEN, LLP
                              1180 Avenue of the Americas
                              New York, New York 10036-8403
                              Telephone:  (212) 382-0700

                              Attorneys for Plaintiff

# EXHIBIT "A"

# NYS Department of State

## Division of Corporations

## Entity Information

Selected Entity Name: COOK ASSOCIATES EXECUTIVE SEARCH

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | COOK ASSOCIATES, INC. |
| **Initial DOS Filing Date:** | APRIL 09, 2001 |
| **County:** | KINGS |
| **Jurisdiction:** | ILLINOIS |
| **Entity Type:** | FOREIGN BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
COOK ASSOCIATES, INC.
212 W KINZIE ST
CHICAGO, ILLINOIS, 60610-4479
**Chairman or Chief Executive Officer**
JOHN KINS
212 W KINZIE ST
CHICAGO, ILLINOIS, 60610-4479
**Principal Executive Office**
COOK ASSOCIATES, INC.
212 W KINZIE ST
CHICAGO, ILLINOIS, 60610-4479
**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results        New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# EXHIBIT "B"

Cook Associates, Inc. - Executive Search - Contact Us/Offices

ABOUT US    PRACTICE AREAS    TEAM    NEWS & TRENDS
CONTACT US

**CONTACT
US/OFFICES**

Chicago, IL

New York, NY

Stamford, CT

Boulder, CO

Boston, MA

Richmond, VA

Media Contact

Careers At Cook

# Executive Search: Contact Us/Offices

**HEADQUARTERS
CHICAGO, IL**

212 W Kinzie Street
Chicago, IL 60610
312.329.0900 [main]
312.329.1528 [fax]
Vice Chairman: Mary Kier
Directions/Maps

**NEW YORK, NY**

560 Lexington Avenue, 10th Floor
New York, NY 10022
212.308.5399 [main]
212.355.3129 [fax]
Managing Director: Susan Denison
Directions/Maps

**STAMFORD, CT**

One Stamford Plaza
263 Tresser Boulevard, 9th floor
Stamford, CT 06901
203.604.6890 [main]
203.604.6891 [fax]
Executive Vice President: Eric Gustafson
Directions/Maps

## BOSTON, MA

7 New England Executive Park, 7th Floor
Burlington, MA 01803
781.565.1144 [main]
781.272.3064 [fax]
Executive Vice President: Seth Harris
Directions/Maps

## BOULDER, CO

1711 Pearl Street, Suite 203
Boulder, CO 80302
303.247.1177 [main]
303.544.5806 [fax]
Executive Vice President: John Olson
Directions/Maps

## RICHMOND, VA

12438 Elmont Road, Suite 101
Ashland, VA 23005
804.798.9131 [main]
312.329.1528 [fax]
Managing Director: Carolyn Peart
Directions/Maps

© 2006 Cook Associates, Inc. · Home · M&A Advisory Services
Executive Search · About Us · Practice Areas · Team · News & Trends · Contact Us

# EXHIBIT "C"

# Inter)Search Group, Inc.

- home
- corporate overview
- executive team
- portfolio
- news room
- investor relations
- careers
- contact us



> web search <

> results <

> driven <

Results Driven Business

## • Latest News

**04/30/07**      **9:47 AM EDT**
InterSearch Group Schedules
Conference Call to Discuss First
Quarter 2007 Results - Business
Wire

**04/16/07**      **6:37 PM EDT**
InterSearch Group Denounces False
News Reports; Demands Correction
- Business Wire

**04/10/07**      **9:45 AM EDT**
InterSearch Group to Ring Opening
Bell on American Stock Exchange -
Business Wire

_____ May 03 11:29 AM EDT _____

In an era when time-to-market determines success or failure, InterSearch ha
established itself as a market leader through rapid commercialization. We
apply technical expertise honed in successful Silicon Valley companies
combined with Wall Street business acumen. We put the right people in pla
to get the job done. We give teams the tools to succeed using corporate
capital and strategic partnerships. From the first line of code to the bottom
line, InterSearch builds success.

InterSearch home | site map | about us | contact us

Copyright © 2004-2007 InterSearch Group, Inc. — All Rights Reserved.



- home
- corporate overview
- executive team
- portfolio
- news room
- investor relations
- careers
- contact us

# Corporate Overview

InterSearch Group, Inc. provides Internet search services through a combination of traffic aggregation and proprietary Websites. The company operates in various areas of Internet commerce, including paid search, direct navigation, and online marketing. Its pay-per-click search services enable businesses to enhance their online transactions through online advertising to Internet users in response to their keyword search queries. The company also provides corporate services, including Internet technology consulting services to various companies primarily in the financial services industry.

InterSearch home | site map | about us | contact us

Copyright © 2004-2007 InterSearch Group, Inc. — All Rights Reserved.

Inter)Search Group, Inc.

- home
- corporate overview
- executive team
- portfolio
- news room
- investor relations
- careers
- contact us

# Portfolio

## IRS.com

IRS.com is the #1 Independent Tax Resource on the Internet. We provide useful tax links to 3rd Party Tax providers for our visitors which are organized to make it easier to find what you are looking for quickly. IRS.com includes tax information about IRS tax forms, the Internal Revenue Service, estate taxes, tax software, income tax preparation, tax refunds, and IRS efile for year 2005 taxes. (NOTE - This site is not affiliated with the IRS website, the United States Internal Revenue Service or any state revenue or taxing agency.) Copyright © 2007 Internet Revenue Services, Inc.

**Visit** www.irs.com

## Banks.com

InterSearch's most recent domain acquisition is currently under development to be a leading financial services web portal. Banks.com will serve consumers with valuable information regarding all areas of financial services such as, banking, real estate lending, investing, trust services and much more. In addition, Banks.com will provide advertisers with access to a high volume, high quality and extremely targeted user base. Banks.com is an extremely valuable addition to the InterSearch portfolio. Financial Services is a major web category which offers InterSearch a multitude of new revenue opportunities and cross-sell opportunities with IRS.com.

**Visit** www.banks.com

## Looksearch.com

Look.com is a search engine serving high quality results to thousands of visitors per day.

**Visit** www.looksearch.com

## Camps.com

Camps.com will be a premier camps directory providing users with a plethora of information in order to facilitate their camp vacation planning needs. The site will contain listings of a wide variety of camp types, together with useful articles, user reviews and images and video content.

**Visit** www.camps.com

# ParkingDots.com

Parking Dots enables Internet domain owners to generate revenue from traffic to undeveloped and expired sites. Parking Dots uses proprietary strategies to deliver content to these sites from pay-for-performance advertisers. Visitors find what they are looking for. Advertisers gain customers. The domain owner generates revenue.

**Visit** www.parkingdots.com

# InterSearch Corporate Services, Inc.

InterSearch Corporate Services provides professional and technical consulting to the financial services industry. Focusing on operations efficiency and technology, we deliver strategic consulting and subject matter expertise to leading financial institutions.

**Visit** www.corp.intersearch.com

InterSearch home | site map | about us | contact us

Copyright © 2004-2007 InterSearch Group, Inc. — All Rights Reserved.

# EXHIBIT "D"

Document Description: **Application**
   Mail / Create Date: **21-Mar-2005**

| Previous Page | Next Page | You are currently on page 1 of 2 | |
|---|---|---|---|

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

# Trademark/Service Mark Application, Principal Register

### Serial Number: 78591286
### Filing Date: 03/21/2005

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **MARK SECTION** | |
| MARK | INTERSEARCH |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | INTERSEARCH |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **OWNER SECTION** | |
| NAME | InterSearch Group, Inc. |
| INTERNAL ADDRESS | Suite 1200 |
| STREET | 250 Montgomery Street |
| CITY | San Francisco |
| STATE | California |
| ZIP/POSTAL CODE | 94104 |
| COUNTRY | United States |
| AUTHORIZED EMAIL COMMUNICATION | No |
| **LEGAL ENTITY SECTION** | |
| TYPE | CORPORATION |
| STATE/COUNTRY OF INCORPORATION | Florida |

Trademark/Service Mark Application, Principal Register

## GOODS AND/OR SERVICES SECTION

| | |
|---|---|
| INTERNATIONAL CLASS | 042 |
| DESCRIPTION | Internet search engine services; Internet searching for others to locate goods and services; providing Internet search results to others; supplying Internet technology to others; consulting services relating to the Internet; consulting services relating to business operations, operation of Internet technology, information technology and financial services; development of software for others; training others in the use of software |
| FILING BASIS | Section 1(b) |

## SIGNATURE SECTION

| | |
|---|---|
| SIGNATURE | /robert c faber/ |
| SIGNATORY NAME | Robert C. Faber |
| SIGNATORY DATE | 03/21/2005 |
| SIGNATORY POSITION | Attorney for Applicant |

## PAYMENT SECTION

| | |
|---|---|
| NUMBER OF CLASSES | 1 |
| NUMBER OF CLASSES PAID | 1 |
| SUBTOTAL AMOUNT | 325 |
| TOTAL AMOUNT | 325 |

## ATTORNEY

| | |
|---|---|
| NAME | Robert C. Faber |
| FIRM NAME | Ostrolenk, Faber, Gerb & Soffen, LLP |
| INTERNAL ADDRESS | 7th Floor |
| STREET | 1180 Avenue of the Americas |
| CITY | New York |
| STATE | New York |
| ZIP/POSTAL CODE | 10036 |
| COUNTRY | United States |
| PHONE | 212-382-0700 |
| FAX | 212-382-0888 |

Trademark/Service Mark Application, Principal Register                    Page 3 of 5

| AUTHORIZED EMAIL COMMUNICATION | No |
|---|---|
| ATTORNEY DOCKET NUMBER | T/4700-4 |
| OTHER APPOINTED ATTORNEY(S) | Samuel H. Weiner, Robert C. Faber, Max Moskowitz, James A. Finder, William O. Gray, III, Louis C. Dujmich, Charles P. LaPolla, Douglas A. Miro, Alfred R. Fabricant and Peter S. Sloane |

| **CORRESPONDENCE SECTION** | |
|---|---|
| NAME | Robert C. Faber |
| FIRM NAME | Ostrolenk, Faber, Gerb & Soffen, LLP |
| INTERNAL ADDRESS | 7th Floor |
| STREET | 1180 Avenue of the Americas |
| CITY | New York |
| STATE | New York |
| ZIP/POSTAL CODE | 10036 |
| COUNTRY | United States |
| PHONE | 212-382-0700 |
| FAX | 212-382-0888 |
| AUTHORIZED EMAIL COMMUNICATION | No |

| **FILING INFORMATION** | |
|---|---|
| SUBMIT DATE | Mon Mar 21 11:24:39 EST 2005 |
| TEAS STAMP | USPTO/BAS-21619520366-200 50321112439531118-7859128 6-2008a61d97ebcd5d7ac1ee9 1879148e50-DA-1300-200503 21112323569825 |

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 78591286**
**Filing Date: 03/21/2005**

## To the Commissioner for Trademarks:

**MARK:** (Standard Characters, see mark)

The mark consists of standard characters, without claim to any particular font, style, size, or color.

The literal element of the mark consists of INTERSEARCH.

The applicant, InterSearch Group, Inc., a corporation of Florida, residing at Suite 1200, 250 Montgomery Street, San Francisco, California, United States, 94104, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051 (b)).

International Class 042: Internet search engine services; Internet searching for others to locate goods and services; providing Internet search results to others; supplying Internet technology to others; consulting services relating to the Internet; consulting services relating to business operations, operation of Internet technology, information technology and financial services; development of software for others; training others in the use of software

The applicant hereby appoints Robert C. Faber and Samuel H. Weiner, Robert C. Faber, Max Moskowitz, James A. Finder, William O. Gray, III, Louis C. Dujmich, Charles P. LaPolla, Douglas A. Miro, Alfred R. Fabricant and Peter S. Sloane of Ostrolenk, Faber, Gerb & Soffen, LLP, 7th Floor, 1180 Avenue of the Americas, New York, New York, United States, 10036 to submit this application on behalf of the applicant. The attorney docket/reference number is T/4700-4.

A fee payment in the amount of $325 will be submitted with the application, representing payment for 1 class(es).

### Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of

such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /robert c faber/   Date: 03/21/2005
Signatory's Name: Robert C. Faber
Signatory's Position: Attorney for Applicant


Mailing Address:
    Robert C. Faber
    7th Floor
    1180 Avenue of the Americas
    New York, New York 10036


RAM Sale Number: 1300
RAM Accounting Date: 03/21/2005


Serial Number: 78591286
Internet Transmission Date: Mon Mar 21 11:24:39 EST 2005
TEAS Stamp: USPTO/BAS-21619520366-200503211124395311
18-78591286-2008a61d97ebcd5d7ac1ee918791
48e50-DA-1300-20050321112323569825

---

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- ***General trademark information:*** *Please e-mail* TrademarkAssistanceCenter@uspto.gov, *or telephone either 571-272-9250 or 1-800-786-9199.*
- ***Technical help:*** *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail* TDR@uspto.gov. *If outside of the normal business hours of the USPTO, please e-mail* Electronic Business Support, *or call 1-800-786-9199.*
- ***Questions about USPTO programs:*** *Please e-mail* USPTO Contact Center (UCC).

**NOTE:** *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

# INTERSEARCH

# EXHIBIT "E"

Financial Services Professional and Technical Consulting Services - InterSearch Corporate Services, Inc.    Page 1 of 1



an InterSearch Group Company

- Home
- Who We Are
- What We Do
- Careers
- Contact Us



## What Our Clients Say

"When we needed top talent for Corporate Actions, we knew that Intersearch Corporate Services could find the right people for the job." — JP Morgan Chase

InterSearch Corporate Services provides professional and technical solutions to the financial services industry. Focusing on operations efficiency and technology, we deliver strategic and tactical subject matter expertise to leading financial institutions. A key element to our success is our ability to identify specialized resources within narrow skill requirements. Our expertise cuts across business and technology. InterSearch Corporate Services is your Partner for Success.

Want to learn more? Contact Us

Home | Site Map | Contact Us

Copyright © 2002-2007 InterSearch Corporate Services, Inc. — All Rights Reserved

# EXHIBIT "F"

   

Home  Search  Help  List

Rank [      ]   ☐ Include in Report

© 2002 trademark.com    **Record 1 of 1**

**Reference:** unnamed                        **Status Link**
**Database(s):** Federal
**Registration No.:** 2064772

| | |
|---|---|
| **Mark** | INTERSEARCH |
| **Status** | Renewed |
| **Status Date** | Sep 15, 2006 |
| **Register** | Principal |
| **Ser./App. No.** | 75-068746 |
| **Registration No.** | 2064772 |
| **Int'l Class** | 35 - Advertising and Business |
| **Goods/Services** | BUSINESS MARKETING CONSULTING SERVICES, MARKET RESEARCH SERVICES, CONDUCTING CONSUMER SURVEYS, AND CONDUCTING BUSINESS AND CONSUMER CONFERENCES AND SEMINARS IN THE ABOVE-MENTIONED FIELDS |
| **U.S. Class** | 100, 101, 102 |
| **1st Use** | Dec 31, 1975 |
| **Commerce Use** | Dec 31, 1975 |
| **Filing Date** | Mar 7, 1996 |
| **Published (Last)** | Mar 4, 1997 |
| **Registered** | May 27, 1997 |
| **Renewed** | May 27, 2007 |
| **Affidavits** | Sec. 8 accepted. Sec. 15 acknowledged. |
| **TTAB Proceeding** | Cancellation 45622 |
| **Plaintiff** | INTERSEARCH GROUP, INC. |
| **Mark** | INTERSEARCH |
| **Serial No.** | 78-591286 |
| **Correspondt** | ROBERT C. FABER, OSTROLENK, FABER, GERB & SOFFEN, LLP, 1180 AVENUE OF THE AMERICAS FL 7, NEW YORK, NY, 10036-8443 |
| **Filed** | Mar 15, 2006 |
| **Status** | Terminated  Sep 15, 2006 |
| **Correspondent** | PETER S. SLOANE<br>OSTROLENK, FABER, GERB & SOFFEN LLP<br>1180 AVE OF THE AMERICAS<br>NEW YORK, NY 10036 |
| **Applicant** | INTERSEARCH CORPORATION (PA CORP.)<br>410 HORSHAM ROAD<br>HORSHAM, PA 19044 |
| **Registrant** | INTERSEARCH GROUP, INC. (FL CORP.)<br>222 KEARNEY STREET SUITE 550<br>SAN FRANCISCO, CA 94108 |

**ASSIGNMENTS**

| | |
|---|---|
| Reel/Frame | 3375/0133 |
| Assignor(s) | INTERSEARCH CORPORATION (PENNSYLVANIA CORPORATION) |
| Assignee(s) | SOFRES INTERSEARCH CORPORATION (PENNSYLVANIA CORPORATION), 410 HORSHAM ROAD, P.O. BOX 189, HORSHAM, PENNSYLVANIA, 19044 |
| Correspondt | PETER S. SLOANE, 1180 AVENUE OF THE AMERICAS, 7TH FLOOR, NEW YORK, NY 10036 |
| Date Sgnd/Ack | Mar 11, 1998 |
| Date Recorded | Aug 22, 2006 |
| Brief | CHANGE OF NAME |

| | |
|---|---|
| Reel/Frame | 3377/0832 |
| Assignor(s) | SOFRES INTERSEARCH CORPORATION (PENNSYLVANIA CORPORATION) |
| Assignee(s) | TAYLOR NELSON SOFRES INTERSEARCH CORPORATION (PENNSYLVANIA CORPORATION), 410 HORSHAM ROAD, P.O. BOX 189, HORSHAM, PENNSYLVANIA, 19044 |
| Correspondt | PETER S. SLOANE, 1180 AVENUE OF THE AMERICAS, 7TH FLOOR, NEW YORK, NY 10036 |
| Date Sgnd/Ack | Aug 11, 1998 |
| Date Recorded | Aug 25, 2006 |
| Brief | CHANGE OF NAME |

| | |
|---|---|
| Reel/Frame | 3379/0624 |
| Assignor(s) | TAYLOR NELSON SOFRES INTERSEARCH CORPORATION (PENNSYLVANIA CORPORATION) |
| Assignee(s) | TNS CUSTOM RESEARCH, INC. (PENNSYLVANIA CORPORATION), 410 HORSHAM ROAD, HORSHAM, PENNSYLVANIA, 19044 |
| Correspondt | PETER S. SLOANE, 1180 AVENUE OF THE AMERICAS, 7TH FLOOR, NEW YORK, NY 10036 |
| Date Sgnd/Ack | Dec 31, 2005 |
| Date Recorded | Aug 29, 2006 |
| Brief | CHANGE OF NAME |

| | |
|---|---|
| Reel/Frame | 3382/0094 |
| Assignor(s) | TNS CUSTOM RESEARCH, INC (PENNSYLVANIA CORPORATION) |
| Assignee(s) | INTERSEARCH GROUP, INC. (FLORIDA CORPORATION), 222 KEARNEY STREET, SUITE 550, SAN FRANCISCO, CALIFORNIA, 94108 |
| Correspondt | PETER S. SLOANE, 1180 AVENUE OF THE AMERICAS, 7TH FLOOR, NEW YORK, NY 10036 |
| Date Sgnd/Ack | Jul 17, 2006 |
| Date Recorded | Aug 31, 2006 |
| Brief | ASSIGNS THE ENTIRE INTEREST |

| | |
|---|---|
| Reel/Frame | 3394/0406 |
| Assignor(s) | TNS CUSTOM RESEARCH, INC. (PENNSYLVANIA CORPORATION) |
| Assignee(s) | INTERSEARCH GROUP, INC. (FLORIDA CORPORATION), 222 KEARNEY STREET, SUITE 550, SAN FRANCISCO, CALIFORNIA, 94108 |
| Correspondt | STEPHEN J. QUIGLEY, 1180 AVENUE OF THE AMERICAS, OSTROLENK, FABER, GERB & SOFFEN, NEW YORK, NY 10036-8403 |
| Date Sgnd/Ack | Feb 17, 2006 |
| Date Recorded | Sep 21, 2006 |
| Brief | ASSIGNS THE ENTIRE INTEREST |

| | | |
|---|---|---|
| Action History | Mar 30, 2007 | REGISTERED AND RENEWED (FIRST RENEWAL - 10 YRS) |
| | Mar 30, 2007 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED |
| | Mar 26, 2007 | ASSIGNED TO PARALEGAL |

Trademark.com - SN_75-068746                                              Page 3 of 3

```
Jan 8, 2007    REGISTERED - COMBINED SECTION 8 (10-YR) &
SEC. 9 FILED
Jan 8, 2007    PAPER RECEIVED
Dec 7, 2006    CASE FILE IN TICRS
Sep 27, 2006   ASSIGNMENT OF OWNERSHIP NOT UPDATED
AUTOMATICALLY
Sep 15, 2006   CANCELLATION TERMINATED NO. 999999
Sep 15, 2006   CANCELLATION DISMISSED NO. 999999
Sep 6, 2006    ATTORNEY REVOKED AND/OR APPOINTED
Sep 6, 2006    TEAS REVOKE/APPOINT ATTORNEY RECEIVED
Sep 6, 2006    AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP
Aug 30, 2006   AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP
Aug 23, 2006   AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP
Mar 23, 2006   CANCELLATION INSTITUTED NO. 999999
Jul 31, 2003   REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC.
15 ACK.
May 12, 2003   REGISTERED - SEC. 8 (6-YR) & SEC. 15 FILED
May 12, 2003   PAPER RECEIVED
May 27, 1997   REGISTERED-PRINCIPAL REGISTER
Mar 4, 1997    PUBLISHED FOR OPPOSITION
Jan 31, 1997   NOTICE OF PUBLICATION
Dec 27, 1996   APPROVED FOR PUB - PRINCIPAL REGISTER
Dec 20, 1996   EXAMINER'S AMENDMENT MAILED
Oct 29, 1996   CORRESPONDENCE RECEIVED IN LAW OFFICE
Jul 19, 1996   NON-FINAL ACTION MAILED
Jul 15, 1996   ASSIGNED TO EXAMINER
```






Home   Search   Help   List

# EXHIBIT "G"

T/4700-34

## COMBINED DECLARATION OF USE IN COMMERCE AND APPLICATION FOR RENEWAL OF REGISTRATION OF A MARK WITH DECLARATION

| | | |
|---|---|---|
| Mark | : | **INTERSEARCH** |
| Reg. No. | : | 2,064,772 |
| Date | : | May 27, 1997 |
| Class No. | : | 35 |

### TO THE COMMISSIONER FOR TRADEMARKS:

InterSearch Group, Inc.
[Registrant name]

Florida
[State or country of incorporation]

222 Kearny Street, Suite 550, San Francisco, California 94108
[Registrant Business Address]

The above-identified applicant for renewal requests that the above-identified registration, granted to it its predecessor-in-interest on May 27, 1997, and obtained by assignment, as shown by records in the Patent and Trademark Office, be renewed in accordance with the provisions of Section 9 of the Act of July 5, 1946.

The mark shown in said registration is currently in use in commerce in connection with the **"business marketing consulting services, market research services, conducting consumer surveys"** which are recited in the registration, the attached specimen showing the mark as currently used.

**Please delete "conducting business and consumer conferences and seminars in the above-mentioned fields" from the registration.**

The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of this application, declares that all statements made in this application of his/her own knowledge are true and all statements made on information and belief are believed to be true.

The renewal fee is enclosed herewith.

{00805208.1}

## POWER OF ATTORNEY

        The undersigned hereby appoints customer no. 2352, OSTROLENK,

FABER, GERB & SOFFEN, LLP and the members of the firm:  Samuel H. Weiner,

Robert C. Faber, Max Moskowitz, James A. Finder, William O. Gray, III, Louis C.

Dujmich, Charles P. LaPolla, Douglas A. Miro and Peter S. Sloane, all members of the

Bar of the State of New York, with offices at 1180 Avenue of the Americas, New York,

New York, 10036-8403, (212) 382-0700, its attorneys to prosecute this application for

renewal with full power of substitution and revocation and to transact all business in the

Patent and Trademark Office in connection therewith.  Please address all correspondence

to:

                            Peter S. Sloane, Esq.
                            OSTROLENK, FABER, GERB & SOFFEN, LLP
                            1180 Avenue of the Americas
                            New York, NY 10036-8403
                            Customer No. 2352

                            INTERSEARCH GROUP, INC.

                            By: _Daniel O'Donnell_____

                            Name: _DANIEL O'DONNELL_____

                            Title: _CEO_____

                            Date: _12/20/2006_____

{00805208.1}

# Inter)Search Corporate Services, Inc.

an InterSearch Group Company

- Home
- Who We Are
- What We Do
- Careers
- Contact Us



## What Our Clients Say

"I have to give InterSearch Corporate Services credit for assembling the right team for this job and then providing the follow through and client support to make sure everything happened." — Calpers

"InterSearch Corporate Services really understood our situation before advising any change." — Wells Fargo

InterSearch Corporate Services provides professional and technical solutions to the financial services industry. Focusing on operations efficiency and technology, we deliver strategic and tactical subject matter expertise to leading financial institutions. A key element to our success is our ability to identify specialized resources within narrow skill requirements. Our expertise cuts across business and technology. InterSearch Corporate Services is your Partner for Success.

Want to learn more? Contact Us

Home | Site Map | Contact Us

Copyright © 2002-2006 InterSearch Corporate Services, Inc. — All Rights Reserved

# EXHIBIT "H"

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

REGISTRATION NO: 2064772    SERIAL NO: 75/068746    MAILING DATE: 03/30/2007
REGISTRATION DATE: 05/27/1997
MARK: INTERSEARCH
REGISTRATION OWNER: INTERSEARCH GROUP, INC.

**CORRESPONDENCE ADDRESS:**
PETER S. SLOANE
OSTROLENK, FABER, GERB & SOFFEN LLP
1180 AVE OF THE AMERICAS
NEW YORK, NY 10036

## NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE
REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF RENEWAL
15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE
REQUIREMENTS OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1059.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
035.

LOGAN, TAMMY
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

**PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION**
ORIGINAL

**REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION**

I) SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**

II) SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

# EXHIBIT "I"

# REISS, EISENPRESS & EISENBERG

ATTORNEYS AT LAW

425 MADISON AVENUE

NEW YORK, NEW YORK 10017-1110

TELEPHONE (212) 753-2424

FAX (212) 753-3829

mail@reisseisen.com

HOWARD R. REISS
SHERRI L. EISENPRESS
LLOYD M. EISENBERG
——————
RUYA CARTON
MATTHEW SHEPPE
(of counsel)
——————
AUDREY E. WEINBERGER
(not yet admitted)

LONG ISLAND OFFICE:
2631 MERRICK ROAD
SUITE 401
BELLMORE, NY 11710
(516) 221-3700

March 30, 2005

**BY OVERNIGHT DELIVERY**

Mr. Dan O'Donnell
President and Chief Executive Officer
Intersearch Group
250 Montgomery Street
Suite 1200
San Francisco, CA  94104

       re:  <u>Trademark Infringement</u>

Dear Mr. O'Donnell:

    This firm represents Conex Incorporated ("Conex"), an organization of executive search and human resource consulting firms and the owner of the "INTERSEARCH" trademark (Registration No. 2,346,993).  Your firm's ongoing use of the INTERSEARCH mark has caused and continues to cause Conex significant damage.

    As you are aware, my client has attempted to resolve the matter of Intersearch Group's infringement of Conex's mark without resort to legal action, apparently to no avail.

    Accordingly, I write to formally notify you that unless a satisfactory resolution of this matter is reached by April 6, 2005, Conex will be left no alternative other than the commencement of litigation for trademark infringement and the assertion of claims for damages, costs and attorneys fees.

I look forward to your prompt response.

Very truly yours,

Sherri L. Eisenpress

cc: Mr. Fred Siegel

SLE/aj

- 2 -

# EXHIBIT "J"

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

June 20, 2005

Writer's Direct Contact
415/268-6810
RTarlton@mofo.com

By Telefacsimile and U.S. Mail

Dan O'Donnell
President and Chief Executive Officer
InterSearch Group
250 Montgomery Street, Suite 1200
San Francisco, CA 94104

Re:     Infringement of INTERSEARCH® mark

Dear Mr. O'Donnell:

Morrison & Foerster LLP now represents Conex Incorporated ("Conex") in connection with
the InterSearch Group's infringing use of the INTERSEARCH® mark.  We write to you
directly because we are not aware whether you have retained counsel with respect to this
matter.  If you have retained counsel, please let us know the name of the attorney so that we
can direct future correspondence to his or her attention.

As you know, our client owns federal registrations for the INTERSEARCH® mark,
including U.S. Registration Nos. 1,125,849, 2,531,787 and  2,346,993, and has been using
that mark in connection with executive recruitment services both in the U.S. and abroad for a
number of years.  The InterSearch Group has adopted the identical mark in connection with,
among other things, executive staff recruiting and corporate search services — *the same
services offered by Conex in connection with the mark*.  The InterSearch Group's conduct
demonstrates that it intends to falsely suggest a connection with Conex and its services under
the INTERSEARCH® mark and to misappropriate the substantial good will associated with
the mark.  Such conduct constitutes trademark infringement, and will not be tolerated by
Conex.  *See* 15 U.S.C. § 1114 (use of another's trademark in a way that is likely to cause
confusion constitutes infringement).

Indeed, in light of the InterSearch Group's conduct, it is not surprising that Conex has
evidence of actual confusion, including a phone call from a potential client who mistakenly
believed that the InterSearch Group's San Francisco office was affiliated with Conex.
Evidence of actual confusion is strong proof of the fact of a likelihood of confusion and thus

sf-1950993

MORRISON | FOERSTER

Dan O'Donnell
June 20, 2005
Page Two

of trademark infringement. *See* J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 23:13.

Our client has previously notified you of the InterSearch Group's unlawful conduct and has repeatedly expressed a willingness to discuss this issue further. Our client is dismayed at your continued failure to respond, including failing to show up at a scheduled meeting in San Francisco with Fred Siegel, the President and CEO of Conex — a meeting that required Mr. Siegel to stay an extra night on the West Coast. This failure to respond coupled with the continued use of the mark is indicative not only of infringement but of *willful* infringement, subjecting you to damages and attorneys' fees. *See generally McClaren v. Plastic Industries, Inc.*, 97 F.3d 347, 364 (9th Cir. 1996); 15 U.S.C. § 1114.

Our client has made clear to you that it is willing to work with you to resolve this matter. But because our client is understandably concerned with your prior failure to respond, the opportunity to explore a resolution is of limited duration. To that end, please contact me immediately to discuss this matter. If we do not hear from you by July 1, 2005, we will have no alternative but to advise our client to take all necessary and appropriate steps to protect its rights.

This letter is not intended to be a recitation of all of the facts pertaining to this matter or all of Conex's potential claims. Accordingly, nothing in this letter should be construed as a waiver of any rights by Conex, all of which are expressly reserved

Sincerely,

Rosemary S. Tarlton

cc: Conex Incorporated

sf-1950993

# EXHIBIT "K"

# AGREEMENT

THIS TRADEMARK SETTLEMENT AGREEMENT ("Agreement") is by and between Conex Incorporated Corp., ("Conex"), a New York corporation with its principal place of business at 950 Third Avenue, New York, NY 10022, and InterSearch Group, Inc., ("InterSearch Group"), a Florida corporation with its principal place of business at 250 Montgomery Street, Suite 1200, San Francisco, CA 94104 (referred to collectively as the "**Parties**" and individually as a "**Party**").

WHEREAS, Conex is the sole owner of all rights, title and interest in and to the trademark INTERSEARCH, United States Trademark Registration No. 2531787 for goods and services in International Class 35 identified as "on-line executive search and human resources consultation services featuring information regarding salary, posting of resumes, searches for candidates, global matching of candidates and employers," United States Registration No. 2346993 for goods and services in International Class 35 identified as "personnel placement and recruitment," and United States Registration No. 1125849 for goods and services in International Class 35 identified as "employee information services, specifically evaluation of qualifications, skills, interests of prospective job applicants, matching same with listings of job opportunities provided by employers, and providing biographical data of likely candidates to employers" (collectively "**Marks**");

WHEREAS, InterSearch Group has adopted INTERSEARCH as a mark in connection with, among other things, employment consulting services;

WHEREAS, a dispute has arisen involving the use by InterSearch Group of INTERSEARCH; and

WHEREAS, the parties hereto, without admitting or conceding any fault or liability, desire to reach a full and final compromise and settlement of any and all disputes or claims existing or that might exist between Conex, on the one hand, and

InterSearch Group, on the other hand, pertaining to the use of INTERSEARCH by InterSearch Group;

NOW, THEREFORE, for and in consideration of the promises set forth herein, the parties hereto agree as follows:

## AGREEMENT

1.      InterSearch Group shall pay to Conex the sum of fifty-thousand United States dollars ($50,000.00) within 3 business days after this Agreement has been executed by both Parties and the original thereof has been delivered to Conex's counsel, Morrison & Foerster LLP, to the attention of Rebekah Kaufman, Esq.

2.      Conex shall execute the assignment in the form attached hereto as Exhibit A within 10 business days after receipt of all payments due hereunder.

3.      Conex, and its representatives, assigns, and subsidiary and affiliate corporations, and their past and present officers, directors, shareholders, agents, employees, attorneys, successors and assigns do hereby completely release and forever discharge InterSearch Group, and its representatives, assigns, and subsidiary and affiliate corporations, and their past and present officers, directors, shareholders, agents, employees, attorneys, successors and assigns from any and all claims, causes of action, rights, demands, liabilities, and suits of any kind whatsoever, known or unknown, fixed or contingent, which Conex had, now has, or which may accrue in the future, based upon any act, omission, occurrence or event occurring prior to the date hereof, arising out of or in any way related to the Marks.

InterSearch Group, and its representatives, assigns, and subsidiary and affiliate corporations, and their past and present officers, directors, shareholders, agents, employees, attorneys, successors and assigns do hereby completely release and forever discharge Conex, its representatives, assigns, and subsidiary and affiliate corporations, and their past and present officers, directors, shareholders, agents, employees, attorneys,

successors and assigns from any and all claims, causes of action, rights, demands, liabilities, and suits of any kind whatsoever, known or unknown, fixed or contingent, which InterSearch Group had, now has, or which may accrue in the future, based upon any act, omission, occurrence or event occurring prior to the date hereof, arising out of or in any way related to the Marks.

4.    Each party acknowledges having been informed by an attorney of the provisions of Section 1542 of the Civil Code of the State of California, and hereby expressly waives and relinquishes all rights and benefits which he or she has or may have under that Section, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

5.    Nothing in this Agreement will be construed so as to impair any legal or equitable right of any party hereto to enforce any of the terms of the Agreement by any means, including without limitation an action for damages or a suit to obtain specific performance of any or all of the terms of this Agreement. In the event of such an action, reasonable attorneys' fees and expert witness fees and expenses are recoverable by the prevailing party in addition to any other relief to which such party may be entitled.

6.    This Agreement, with the attached assignment, constitutes the entire agreement between the parties, superseding any and all previous oral or written representations, communications, understandings or agreements. Any amendment to this Agreement must be in a writing specifically referring to this Agreement, and signed by duly authorized representatives of the parties hereto.

7.    Each party shall bear its own attorneys' fees and costs incurred in or arising out of in any way related to the matters herein, including, but not limited to, the preparation and execution of this Agreement.

sf- 1982765

3

8.      This Agreement shall inure to the benefit of the parties hereto, the successors and assignees of the marks mentioned in this Agreement, and each and all of their representatives, officers, directors, shareholders, partners, employees, agents, affiliates, and subsidiaries.

9.      Conex represents, warrants, and agrees that it has received prior independent legal advice from counsel of its choice with respect to the advisability of this settlement and this Agreement; and its corporate officers reviewing and executing the Agreement have been duly authorized and empowered to do so.

10.     InterSearch Group represents, warrants, and agrees that it has received prior independent legal advice from counsel of its choice with respect to the advisability of this settlement and this Agreement; and its corporate officers reviewing and executing the Agreement have been duly authorized and empowered to do so.

11.     The parties agree that this Agreement may be executed in counterparts.

12.     This Agreement is made under and shall be construed in accordance with the laws of the State of California, without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the laws of the State of California to the rights and duties of the Parties.

13.     The parties hereby warrant that each is fully entitled and duly authorized to complete its obligations hereunder.  The parties further warrant that there are not other persons or entities from whom (or from which) releases should be obtained in connection with the subject matter of this Agreement.  The parties agree that a breach of this representation and warranty would be deemed a material breach of the terms of this Agreement.

14.     In the event any one or more of the provisions of this Agreement shall for any reason be held to be invalid, illegal or unenforceable, then: (a) the illegal or unenforceable provision shall be replaced by a revised provision, which, being valid, comes closest to the intention of the parties underlying the invalid, illegal or unenforceable provision; and (b) the remainder of the Agreement will remain binding and in full force and effect.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed on the dates specified below.

CONEX INCORPORATED CORP.

Dated:  August 23, 2005

Name: Fred Viegel

Title: President

INTERSEARCH GROUP, INC.

Dated:  August 15, 2005

Name: DANIEL O'DONNELL

Title: CEO

sf- 1982765

5

## EXHIBIT A

### ASSIGNMENT

WHEREAS, Conex Incorporated Corp., a New York corporation, with offices at 950 Third Avenue, New York, NY 10022 ("ASSIGNOR") owns certain trademarks and/or service marks, and applications and/or registrations for such marks, as listed in Exhibit 1 attached hereto and incorporated herein by this reference ("MARKS"); and

WHEREAS, InterSearch Group, Inc., a Florida corporation, with offices at 250 Montgomery Street, San Francisco, CA 94104 ("ASSIGNEE"), desires to acquire all of the right, title and interest of ASSIGNOR in, to and under the MARKS, together with the goodwill of the business symbolized by the MARKS;

WHEREAS, ASSIGNOR and ASSIGNEE have entered into a certain Agreement dated August 23, 2005, among other things, assigning all right, title and interest in and to the MARKS and in and to the registrations and/or applications for same from ASSIGNOR to ASSIGNEE;

NOW, THEREFORE, in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration paid by ASSIGNEE to ASSIGNOR, the receipt and sufficiency of which hereby is acknowledged, ASSIGNOR does hereby sell, assign, transfer and convey unto ASSIGNEE its entire right, title and interest in and to the MARKS, and to the applications and/or registrations for the MARKS, together with the goodwill of the business symbolized by the MARKS and the portion of the business of the ASSIGNOR to which the MARKS pertain, including the right to sue and recover for any past infringement thereof.

IN WITNESS WHEREOF, ASSIGNOR has caused this Assignment to be duly executed by an authorized officer on this 23rd day of August, 2005.

By: _____

Name: _____

Title: _____

## EXHIBIT 1

### MARKS

| COUNTRY | MARK | REG. NO. |
|---------|------|----------|
| United States | INTERSEARCH | 2531787 |
| United States | INTERSEARCH | 2346993 |
| United States | INTERSEARCH | 1125849 |

# EXHIBIT "L"

USPTO Assignments on the Web

 **United States Patent and Trademark Office**

Home|Site Index|Search|Guides|Contacts|*e*Business|eBiz alerts|News|Help



Assignments on the Web > Trademark Query

## Trademark Assignment Details

**Reel/Frame:** 3222/0696                                                      **Pages:** 3
**Received:** 09/15/2005          **Recorded:** 09/12/2005
**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Total properties: 3**

| 1 | **Serial #:** 73160959 | **Filing Dt:** 03/06/1978 | **Reg #:** 1125849 | **Reg. Dt:** 10/09/1979 |

**Mark:** INTERSEARCH

| 2 | **Serial #:** 75679742 | **Filing Dt:** 04/09/1999 | **Reg #:** 2346993 | **Reg. Dt:** 05/02/2000 |

**Mark:** INTERSEARCH

| 3 | **Serial #:** 76159800 | **Filing Dt:** 11/06/2000 | **Reg #:** 2531787 | **Reg. Dt:** 01/22/2002 |

**Mark:** INTERSEARCH

**Assignor**

1  CONEX INCORPORATED CORP.                              **Exec Dt:** 08/23/2005
                                                         **Entity Type:** CORPORATION
                                                         **Citizenship:** NEW YORK

**Assignee**

1  INTERSEARCH GROUP, INC.                               **Entity Type:** CORPORATION
   250 MONTGOMERY STREET                                 **Citizenship:** FLORIDA
   SAN FRANCISCO, CALIFORNIA 94104

**Correspondence name and address**
   OSTROLENK, FABER ET AL.
   1180 AVENUE OF THE AMERICAS
   NEW YORK, NEW YORK 10036-8403

Search Results as of: 05/03/2007 12:04 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350.
v.2.0.1
Web interface last modified: April 20, 2007 v.2.0.1

**| .HOME | INDEX| SEARCH | *e*BUSINESS | CONTACT US | PRIVACY STATEMENT**

# EXHIBIT "M"

DEC-21-2006 18:33 From:                                    To: 415 738 5382              P.2/6
12/20/2006 10:27 FAX 1 206 682 6031        SEED IP LAW GROUP PLLC                          Ø002

Seed<sup>IP</sup>

December 19, 2006                                    Lorraine Linford
                                                     (206) 694-4826
                                                     LorraineL@SeedIP.com

By Facsimile 415.962.9702
Confirmation By US Mail

Mr. Dan O'Donnell                                    Without Prejudice
President, Chairmen and CEO of InterSearch Group Inc.
222 Kearny Street, Suite 550
San Francisco, CA 94108

Re:    Trademark Misappropriation, Infringement and Unfair Competition
       Seed IP Reference: 480243.801

Dear Mr. O'Donnell:

We represent Intersearch Worldwide Limited (ISww) in trademark matters. Information
regarding our client may be found at www.Intersearch.org. As discussed in more detail on
our client's website, the international partners and shareholders of ISww work on personnel
recruitment and related services, in their respective countries. There is only one shareholder
in each country, and each such shareholder is the exclusive licensee of our client's
INTERSEARCH trademark in that country. Until August, 2005, Conex, Inc. was the U.S.
licensee of our client

Fred Siegel, on behalf of Conex, executed an ISww Shareholders Agreement on May 23,
2003. A copy of relevant sections of that Shareholders Agreement, as well as the signature
page containing Mr. Siegel's signature, are enclosed for your reference. Under the
Shareholders Agreement, Conex acknowledged that the INTERSEARCH mark and logo
were the property of ISww and were used only by permission by ISww. (Please see Section
4.1.) Furthermore, while Conex was required under the terms of the Agreement to take
reasonable steps to protect the INTERSEARCH mark in the U.S. at its own expense, the
Agreement makes it clear that such steps were taken for and on behalf of ISww. (Please
see Section 4.2.) As noted in Section 7 of the Agreement, Conex acknowledged that "for the
avoidance of doubt the intellectual property in the trading name, style, mark and logo
"InterSearch" belongs to the company. The Members are duly authorized in accordance with
this agreement to use the name, style, mark and logo for so long as they remain Members of
the company. On termination of Membership, for whatever reason, the right to use the
name, style, mark, logo and Internet domain name shall cease."

Although Conex registered the INTERSEARCH mark with the U.S. Patent and Trademark
Office in its name, Conex subsequently agreed that the mark and registrations should be
owned by ISww, and expressly acknowledged ISww's ownership of the mark by executing
the Shareholders Agreement. As such, Conex was obligated to assign U.S. trademark
registrations 2,531,787, 2,346,993, 1,125,849 to ISww. Furthermore, Conex's use of the
INTERSEARCH mark and all rights associated therewith inured to our client's benefit, such
that our client is the rightful owner of the common law rights developed by Conex's use of the
mark on the relevant services.

It has recently come to our clients' attention that contrary to Conex's obligations under the
Shareholders Agreement, it assigned our client's INTERSEARCH mark, and the three
associated US trademark registrations, namely, registration numbers 2,531,787, 2,346,993,

Seed Intellectual Property Law Group PLLC

701 Fifth Avenue
Suite 5400
Seattle, WA 98104
phone 206.622.4900
simile 206.682.6031
ship SeedIP.com

DEC-21-2006 18:33 From:                                                        To: 415 738 5382          P.3/6

12/20/2006 10:27 FAX 1 206 682 6031          SEED IP LAW GROUP PLLC                              ☒003

Mr. Dan O'Donnell                                                              480243.801
December 19, 2006
Page 2

1,125,849, to InterSearch Group. As a licensee only of the INTERSEARCH mark, Conex did not have the right to assign the three US trademark registrations and the associated mark and goodwill, to your company.

It appears from a review of your website located at www.InterSearch.com, that InterSearch Group adopted the InterSearch name in November 2004, long after our client's licensee, Conex, began using the INTERSEARCH mark on the personnel placement, recruitment and other services identified in the three registrations misappropriated by Conex and assigned to InterSearch Group. Our client therefore has prior rights to the INTERSEARCH mark for such services.

It has recently come to our client's attention that you are using the INTERSEARCH mark in connection with services that are directly competitive with those of ISww. Such use falsely creates the impression that InterSearch Group is affiliated with our client, and is likely to result in consumer confusion. As such, your use of the INTERSEARCH mark in connection with such services infringes our client's mark, in violation of state and federal trademark and unfair competition laws. If the infringement is willful, InterSearch Group may be liable for increased damages and attorney's fees. To the extent you were aware of Conex's relationship with ISww, we also believe that your acquisition of the trademark registrations from Conex may constitute an intentional interference with our client's contractual relationship with Conex.

We therefore require, on behalf of our client, that InterSearch Group assign the three US trademark registration numbers 2,531,787, 2,346,993, 1,125,849, to ISww; delete the employment related services from its US Trademark Application Serial No. 76/658,774; and agree to refrain from using or registering the mark in connection with such services. As it appears that InterSearch Group's primary business is concerned with internet search engine services, customized internet searching for others, computer consultation in the field of information technology, and related services, we believe that an amicable resolution of this situation should be possible. We therefore look forward to receiving a favorable response within ten days of receipt of this letter. If we are unable to reach an amicable resolution, please note that our client will oppose your pending Application No. 76/658,774, and will be forced to take further legal action to enforce its rights.

Very truly yours,
Seed IP Law Group PLLC

Lorraine Linford

Enclosures:
      Copy of relevant sections of the ISww Shareholders Agreement
      Signature page containing Mr. Fred Siegel's signature

879929_1.DOC

DEC-21-2006 18:33 From:                                    To: 415 738 5382        P.4/6

12/20/2006 10:27 FAX 1 206 682 6031        SEED IP LAW GROUP PLLC                    Ø004

# SECTION 1
# INTERSEARCH (WORLDWIDE) LIMITED

## SHAREHOLDERS AGREEMENT
## (FIRST SCHEDULE)

## ASSOCIATION

4.1    Each Member acknowledges that the name "InterSearch" and logo
       "InterSearch", or any other designation are the property of
       InterSearch, and may be used only by permission of InterSearch and
       as directed by the Board of Directors and the By-laws.

4.2    Each Member shall, at its own expense take all reasonable steps to
       protect the name "InterSearch" and the logo "InterSearch" in the
       territory in which the Member conducts its business, provided always
       that such steps are taken for and on behalf of InterSearch.

4.3    Any Shareholder seeking to open an office outside its existing
       InterSearch jurisdiction and wishing to use the InterSearch brand,
       should first gain authorisation from the Board who will act in the best
       interests of the whole membership when and if granting such a
       licence.

4.4    In the event that a Shareholder's business is acquired, merged, split
       between the existing owners, or is reconstructed in any way that may
       affect the working relationship between the Shareholder and the other
       InterSearch Shareholders, the Board may review the Shareholder's
       new corporate structure, terminate the existing agreement if it is not
       considered to be in the best interests of the other Shareholders and /
       or create a new agreement between another party or parties who
       appear to offer the greatest benefit to the other InterSearch
       Shareholders. Such a change will require a 75% majority vote from
       the Shareholders.

4.5    Any merger or creation by one InterSearch Shareholder of an office in
       another jurisdiction where there is no other InterSearch presence shall

5

DEC-21-2006 18:34 From:                                    To: 415 738 5382      P.6/6

12/20/2006 10:28 FAX 1 206 682 6031        SEED IP LAW GROUP PLLC                    @006

## INTELLECTUAL PROPERTY

7     For the avoidance of doubt the intellectual property in the trading name, style, mark and logo "InterSearch" belongs to the company. The Members are duly authorised in accordance with this agreement to use the name style, mark and logo for so long as they remain Members of the company.  On termination of Membership for whatever reason, the right to use the name, style, mark, logo and Internet domain name shall cease.

## INTERSEARCH IS NOT A RECRUITMENT CONSULTANCY

8.1     InterSearch does not provide professional services of any kind and shall not be an organization engaged in the practice of personnel recruitment, selection or consulting or any other professional services to the public, the Shareholder firms, or any other party. Each Member is responsible for the professional work, duties, responsibilities and liabilities arising from any contract, referral, or other assignment performed or undertaken by it or its associates.

8.2     Each Member hereby indemnifies and agrees to hold InterSearch harmless from any cost, fee, loss, expense, damages, or other negative consequence which, in the reasonable opinion of the Board of Directors arises either directly or indirectly as a result of that Member's actions or inactions.

12

# EXHIBIT "N"



# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

INTERSEARCH WORLDWIDE LTD., a United
Kingdom Corporation,

Plaintiff,

v.

INTERSEARCH GROUP, INC., a Florida
Corporation,

Defendant.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

E-filing

C 07 4634

**MEJ**

TO: (Name and address of defendant)

INTERSEARCH GROUP, INC.
222 Kearny Street, Suite 550
San Francisco, CA 94108

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

HARVEY SISKIND LLP
LAWRENCE J. SISKIND (SBN 85628)
Email: siskind@harveysiskind.com
RAFFI V. ZEROUNIAN (SBN 236388)
Email: rzerounian@harveysiskind.com
4 Embarcadero Center, 39th Floor
San Francisco, CA 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

an answer to the complaint which is herewith served upon you, within   20   days after service of this summons upon you, exclusive of the day of service. If you fail to do so; judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

CLERK

DATE  September 7, 2007

MARY ANN BUCKLEY

(BY) DEPUTY CLERK



AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me [1] | DATE |
| Name of SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served Personally upon the Defendant. Place where served:

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:

☐  Other *(specify):*

---

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

---

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                          *Date*                                              *Signature of Server*


                                                            _____
                                                                    *Address of Server*


(1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

1 HARVEY SISKIND LLP
LAWRENCE J. SISKIND (SBN 85628)
2 Email: siskind@harveysiskind.com
RAFFI V. ZEROUNIAN (SBN 236388)
3 Email: rzerounian@harveysiskind.com
4 Embarcadero Center, 39th Floor
4 San Francisco, CA 94111
Telephone: (415) 354-0100
5 Facsimile: (415) 391-7124
6
SEED IP LLP
7 LORRAINE LINFORD (*pro hac vice* pending)
8 Email: LorraineL@SeedIP.com
TIMOTHY BOLLER (*pro hac vice* pending)
9 Email: TimB@SeedIP.com
701 Fifth Avenue, Suite 5400
10 Seattle, Washington 98104
Telephone: (206) 622-4900
11 Facsimile: (206) 682-6031
12
13 Attorneys for Plaintiff
InterSearch World Wide Ltd.
14

E-filing

15 IN THE UNITED STATES DISTRICT COURT

16 FOR THE NORTHERN DISTRICT OF CALIFORNIA

17 SAN FRANCISCO DIVISION

18 C 07 4634    MEJ

19 INTERSEARCH WORLDWIDE LTD., a           ) Civil Action No.
United Kingdom Corporation,              )
20                                        )
            Plaintiff,                    ) COMPLAINT FOR FEDERAL UNFAIR
21                                        ) COMPETITION, COMMON LAW UNFAIR
        v.                                ) COMPETITION, INTENTIONAL
22                                        ) INTERFERENCE WITH CONTRACT,
INTERSEARCH GROUP, INC., a               ) INTENTIONAL INTERFERENCE WITH
23 Florida Corporation,                   ) PROSPECTIVE ECONOMIC
                                          ) ADVANTGAGE, UNFAIR COMPETITION
24          Defendant.                    ) UNDER CALIFORNIA LAW,
                                          ) DECLARATORY JUDGMENT AND
25                                        ) CANCELLATION
                                          )
26                                        ) **DEMAND FOR JURY TRIAL**

COMPLAINT

Plaintiff InterSearch Worldwide Ltd., for its Complaint herein, alleges as follows:

## NATURE OF ACTION

1.    This is an action for federal unfair competition, common law unfair competition, intentional interference with contract under California law, intentional interference with prospective economic advantage under California law, unfair competition under California law, declaratory judgment and cancellation, arising out of Defendant's marketing of employment-related products and services, and related unlawful activities.

## PARTIES

2.    Plaintiff, InterSearch Worldwide, Ltd. ("InterSearch" or "Plaintiff"), is a corporation organized under the laws of the United Kingdom with a place of business at The Old Counsel Chambers, Halford Street, Tamworth, Staffordshire B79 7RB, United Kingdom.

3.    Defendant InterSearch Group, Inc. ("ISG" or "Defendant") is, on information and belief, a Florida Corporation with a place of business at 222 Kearny Street, Suite 550, San Francisco, California 94108.

## JURISDICTION AND VENUE

4.    This action is based upon the Lanham Act, 15 U.S.C. § 1051 et seq., and the common and statutory law of the State of California.

5.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, as well as 28 U.S.C. § 1367(a), which provides for supplemental jurisdiction over related state-law claims.

6.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391, et. seq. Defendant has entered, and is currently in, this district promoting its products and services, and a substantial part of the events giving rise to the claims occurred in this district.

COMPLAINT                              2

## INTRADISTRICT ASSIGNMENT

7.      Pursuant to Civil Local Rules 3-2(c) and 3-2(d) of this Court, this action should be assigned to the San Francisco Division of this Court. InterSearch is informed and believes that Defendant transacts business in the County of San Francisco, and a substantial part of the events, omissions, and injuries giving rise to InterSearch's claims occurred in said county.

## PLAINTIFF AND ITS RIGHTS

8.      InterSearch is a worldwide organization of executive search and human resource consulting member firms.

9.      InterSearch and its affiliates are the owners of the rights in and to International Trademark Registration No. 709,386 for the mark INTERSEARCH for, *inter alia*, use in connection with employment agencies, personnel recruitment, consultancy pertaining to personnel issues, personnel recruitment for third parties by dissemination of advertisements in International Class 35. The 709,386 Registration issued on October 23, 1998.

10.     InterSearch, through its licensees and predecessors-in-interest, began using the mark and trade name INTERSEARCH, including stylized versions and logos thereof (collectively, the "INTERSEARCH Marks"), in connection with executive search and human resource consulting and related products and services in commerce at least as early as 1989.

11.     At least as early as 1997, InterSearch, through its licensees and predecessors-in-interest, used the website www.intersearch.org in connection with executive search and human resource consulting and related products and services provided by its licensees.

12.     Under an agreement between InterSearch and its prior U.S. member, Conex, Inc. ("Conex"), InterSearch was the owner of all rights in and to the INTERSEARCH Marks, including the goodwill associated therewith.

13.     Under the agreement between InterSearch and Conex, Conex was responsible for obtaining and maintaining trademark protection for the INTERSEARCH Marks in the United States for the benefit of InterSearch.

COMPLAINT                                    3

09/06/2007  15:36    4157385382              INTERSEARCH                              PAGE  06/18

14.   Since 1989, InterSearch, through its licensees, has conducted substantial business under and engaged in substantial promotion of its INTERSEARCH Marks.

15.   InterSearch's INTERSEARCH Marks have become known to and recognized by relevant consumers as identifying high-quality executive placement and human resources consultant and related products and services. InterSearch is recognized as one of the top ten executive placement organizations in the world. The INTERSEARCH Marks and the goodwill associated therewith are valuable assets of InterSearch.

16.   InterSearch is the rightful owner of any valid rights in U.S. Trademark Registration No. 1,125,849 for the mark INTERSEARCH in International Class 35 for "employee information services, specifically evaluation of qualifications, skills and interests of prospective job applicants, matching same with listings of job opportunities provided by employers, and providing biographical data of likely candidates to employers."

17.   InterSearch is the rightful owner of any valid rights in U.S. Trademark Registration No. 2,346,993 for the mark INTERSEARCH in International Class 35 for "personnel placement and recruitment."

18.   InterSearch is the rightful owner of any valid rights in U.S. Trademark Registration No. 2,531,787 for the mark INTERSEARCH in International Class 35 for "on-line executive search and human resource consultation services featuring information regarding salary, posting of resumes, searches for candidates, global matching of candidates and employers."

## DEFENDANT AND ITS UNLAWFUL ACTIVITIES

19.   Defendant is presently offering executive search and human resource consulting and related products and services under the INTERSEARCH mark in this judicial district and throughout the United States.

20.   On information and belief, Defendant's employment-related products and services were recently introduced and constitute no more than ten percent of Defendant's business.

COMPLAINT                                    4

21.     On information and belief, Defendant was aware of InterSearch's use of its INTERSEARCH Marks prior to selecting Defendant's conflicting INTERSEARCH mark and prior to deciding to use the conflicting INTERSEARCH mark in connection with employment-related products and services.

22.     Defendant is using the infringing domain name www.intersearch.com.

23.     On information and belief, Defendant was aware of InterSearch's use of the domain name www.intersearch.org when Defendant decided to offer competing services and products through the domain name www.intersearch.com.

24.     On or about March, 2005, InterSearch advised Conex of Defendant's infringing activities and requested that Conex commence enforcement activities on behalf of InterSearch.

25.     On or about March 30, 2005, Conex sent, through counsel, a cease and desist demand to Defendant.

26.     Conex executed a document (the "Purported Assignment") bearing an August 23, 2005 execution date and purporting to assign the INTERSEARCH Marks, the goodwill associated therewith and U.S. Trademark Registration No. 1,125,849, U.S. Trademark Registration No. 2,346,993 and U.S. Trademark Registration No. 2,531,787 (collectively, the "INTERSEARCH U.S. Registrations") to Defendant.

27.     On information and belief, Defendant paid Conex $50,000 as part of an agreement related to the Purported Assignment.

28.     On August 23, 2005, Conex was a licensee of InterSearch, and did not own the goodwill associated with the INTERSEARCH Marks or any other rights in or to the INTERSEARCH Marks.

29.     Under the agreement between Conex and InterSearch, Conex was contractually prohibited from assigning any rights or interests related to InterSearch's INTERSEARCH Marks without the express written consent of InterSearch.

30.     InterSearch did not consent to any assignment of rights related to InterSearch's INTERSEARCH Marks by Conex to Defendant.

COMPLAINT               5

31.     On information and belief, Defendant had actual knowledge prior to execution of the Purported Assignment of the existence of InterSearch and that Conex had a contractual relationship with InterSearch.

32.     On information and belief, Defendant had actual or constructive knowledge prior to execution of the Purported Assignment that under the agreement between Conex and InterSearch, InterSearch was the owner of the INTERSEARCH Marks, including the goodwill associated therewith, and the rightful owner of the INTERSEARCH U.S. Registrations.

33.     On information and belief, Defendant had actual or constructive knowledge prior to execution of the Purported Assignment that Conex was not the owner of the INTERSEARCH Marks, the goodwill associated therewith and the INTERSEARCH U.S. Registrations.

34.     On information and belief, Defendant had actual or constructive knowledge prior to execution of the Purported Assignment that Conex's execution of the Purported Assignment was a breach of Conex's contractual obligations to InterSearch.

35.     On information and belief, Defendant induced Conex to execute the Purported Assignment in violation of Conex's contractual obligations to InterSearch.

36.     On information and belief, Defendant had actual or constructive knowledge prior to execution of the Purported Assignment of the existence of International Trademark Registration No. 709,386 for the mark INTERSEARCH for use, *inter alia*, in connection with employment agencies, personnel recruitment, consultancy pertaining to personnel issues, personnel recruitment for third parties by dissemination of advertisements in International Class 35.

37.     On information and belief, Defendant had actual or constructive knowledge prior to execution of the Purported Assignment that International Trademark Registration No. 709,386 for the mark INTERSEARCH was not owned by Conex.

38.     On August 26, 2005, Conex notified InterSearch that Conex was terminating its contractual relationship with InterSearch.

COMPLAINT                                       6

39.    On September 12, 2005, InterSearch requested that Conex identify all pertinent U.S. trademark registrations for the mark INTERSEARCH.

40.    On information and belief, Defendant recorded the Purported Assignment on September 12, 2005 with the Patent and Trademark Office.

41.    On information and belief, Defendant had actual or constructive knowledge prior to recording the Purported Assignment that the Purported Assignment was not valid.

42.    On information and belief, Defendant recorded the Purported Assignment with the Patent and Trademark Office with actual or constructive knowledge of InterSearch's rights in and to the INTERSEARCH Marks, including the goodwill associated therewith, and the INTERSEARCH U.S. Registrations.

43.    On or about October 7, 2005, InterSearch advised Conex that it was aware that Conex had obtained the INTERSEARCH U.S. Registrations and demanded that Conex assign the INTERSEARCH U.S. Registrations to InterSearch.

44.    On or about December 19, 2006, InterSearch, through its attorneys, sent a cease and desist Demand Letter to Defendant, demanding, *inter alia*, that Defendant cease use of the infringing INTERSEARCH mark in connection with employment-related services and transfer U.S. Trademark Registration No. 1,125,849, U.S. Trademark Registration No. 2,346,993 and U.S. Trademark Registration No. 2,531,787 to InterSearch. The Demand Letter recognized that Defendant's primary services were in another field and invited Defendant to engage in settlement discussions.

45.    In January 2007, InterSearch and Defendant began to engage in settlement discussions.

46.    On or about May 5, 2007, while settlement discussions were underway, Defendant filed a declaratory judgment action in New York (the New York Action). Defendant did not advise InterSearch of the filing of the New York Action.

COMPLAINT                                    7

47.    On or about June 26, 2007, InterSearch through counsel advised Defendant that it had become aware of the New York Action, but understood the parties were trying to resolve the matter without litigation.

48.    On or about June 29, 2007, Defendant through counsel inquired about whether InterSearch's counsel was authorized to accept service, but also asked InterSearch to provide a settlement proposal.

49.    On or about July 10, 2007, InterSearch advised Defendant that InterSearch's counsel would not accept service of the Complaint in the New York Action and suggested that the principals of the parties meet in person for a settlement conference.

50.    On August 30, 2007, Defendant made a settlement proposal to InterSearch, demanding a sum of money in return for which Defendant would the transfer the INTERSEARCH U.S. Registrations to InterSearch and select a new mark.

51.    On information and belief, Defendant has not served the Complaint in the New York Action.

## FIRST COUNT

## FEDERAL UNFAIR COMPETITION

52.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 51 of this Complaint, as if set forth fully herein.

53.    Defendant's use of INTERSEARCH as a mark and trade name in connection with the promotion and sale of Defendant's products and services is likely to cause confusion and mistake. Such use by Defendant deceives, and is likely to deceive, others into believing that Defendant's products and services are sponsored by, approved by, or affiliated with Plaintiff. Such use by Defendant constitutes a violation of the Lanham Act, 15 U.S.C. § 1125(a).

54.    Defendant's registration and use of the domain name www.intersearch.com in connection with the promotion and sale of Defendant's products and services is likely to cause confusion and mistake. Such use by Defendant deceives, and is likely to deceive, others into

COMPLAINT                                8

believing that Defendant's products and services are sponsored by, approved by, or affiliated with Plaintiff. Such registration and use was and continues to be a deliberate, willful and a bad faith intent to profit from Plaintiff's goodwill, divert consumers for Defendant's own commercial gain, and cause confusion as to the association, sponsorship, endorsement or origin of Defendant and its products in violation of 15 U.S.C. § 1125(d).

55.     Defendant was aware of Plaintiff's rights in and to the INTERSEARCH Marks. Despite such actual and/or constructive knowledge of Plaintiff's rights, Defendant commenced and has continued its infringing behavior, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

56.     Plaintiff has been and continues to be damaged in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Defendant have damaged and will continue to damage Plaintiff's market, reputation, and good will, entitling Plaintiff to preliminary and permanent injunctive relief.

57.     Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial, but well in excess of $75,000.

## SECOND COUNT

## COMMON LAW UNFAIR COMPETITION

58.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 57 of this Complaint, as if set forth fully herein.

59.     The improper use by Defendant of identical, confusingly similar and/or colorable imitations of Plaintiff's INTERSEARCH trademarks and trade name, and other unfair activities constitute unfair competition and a violation of the common law rights of Plaintiff. Defendant's acts as alleged above are likely to cause confusion and mistake and are likely to deceive others into believing that Defendant's products and services are sponsored by, approved by, or affiliated with Plaintiff, when they are not.

COMPLAINT                                   9

60. Defendant's acts, as above alleged, constitute infringement of Plaintiff's trademark, service mark, and trade name rights in violation of the common law of the State of California.

61. Despite actual knowledge of Plaintiff's rights, Defendant continues its infringing behavior. Defendant has carried out its acts of infringement with knowledge of Plaintiff's rights and in conscious disregard of Plaintiff's rights.

62. Plaintiff has been and continues to be damaged in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Defendant have damaged and will continue to damage Plaintiff's market, reputation, and goodwill, entitling Plaintiff to preliminary and permanent injunctive relief.

63. Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial, but well in excess of $75,000.

### THIRD COUNT

### INTENTIONAL INTERFERENCE WITH CONTRACT

64. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 63 of this Complaint, as if set forth fully herein.

65. The agreement between Plaintiff InterSearch and Conex was a valid contract.

66. Defendant had actual knowledge of the contract.

67. Defendant took actions designed to induce a breach or disruption of the contract by inducing Conex to execute the Purported Assignment and terminate its relationship with InterSearch.

68. As a direct and proximate result of Defendant's acts, the agreement between Plaintiff InterSearch and Conex was disrupted and breached.

69. InterSearch has been damaged by Defendant's actions in an amount to be proven at trial, but well in excess of $75,000.

COMPLAINT                                10

## FOURTH COUNT

## INTENTIONAL INFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

70.　Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 69 of this Complaint, as if set forth fully herein.

71.　Plaintiff InterSearch had an economic relationship with Conex that had the potential for future economic benefit to Plaintiff, including the fulfillment of an obligation of Conex to assign the INTERSEARCH U.S. Registrations to InterSearch.

72.　Defendant had knowledge of InterSearch's relationship with Conex.

73.　Defendant intentionally took wrongful actions designed to disrupt said relationship by inducing Conex to execute the Purported Assignment and terminate its relationship with InterSearch, and by recording the Purported Assignment.

74.　As a direct and proximate result of Defendant's acts, InterSearch's relationship with Conex has been disrupted.

75.　InterSearch has been damaged by Defendant's actions in an amount to be proven at trial, but well in excess of $75,000.

## FIFTH COUNT

## UNFAIR COMPETITION UNDER CALIFORNIA STATUTORY LAW

76.　Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 75 of this Complaint, as if set forth fully herein.

77.　Defendant's acts, as above alleged in Count Two, constitute unfair competition in violation of the statutory law of the State of California, Cal. Bus. & Prof. Code §17200, et seq.

78.　Defendant's acts, as above alleged in Count Three, constitute unfair competition in violation of the statutory law of the State of California, Cal. Bus. & Prof. Code §17200, et seq.

79.　Defendant's acts, as above alleged in Count Four, constitute unfair competition in violation of the statutory law of the State of California, Cal. Bus. & Prof. Code §17200, et seq.

COMPLAINT                                11

80.    Defendant has carried out its acts of unfair competition with knowledge of Plaintiff's rights and in conscious disregard of Plaintiff's rights.

81.    Plaintiff has been and continues to be damaged in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. Defendant's actions have damaged Plaintiff and will continue to cause Plaintiff irreparable harm, entitling Plaintiff to preliminary and permanent injunctive relief.

82.    Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial, but well in excess of $75,000.

## SIXTH COUNT

## DECLARATORY JUDGMENT

83.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 82 of this Complaint, as if set forth fully herein.

84.    An actual case or controversy exists between Plaintiff InterSearch and Defendant regarding the ownership of the INTERSEARCH Marks, including the goodwill associated therewith, and of the INTERSEARCH U.S. Registrations. In particular, Defendant has falsely asserted that it owns the INTERSEARCH U.S. Registrations and that it purchased the INTERSEARCH U.S. Registrations in good-faith.

85.    Plaintiff InterSearch, therefore, requests a declaratory judgment that InterSearch is the owner of the INTERSEARCH Marks, including the goodwill associated therewith.

86.    Plaintiff InterSearch, therefore, requests a declaratory judgment that the Purported Assignment is not valid.

87.    Plaintiff InterSearch, therefore, requests a declaratory judgment that InterSearch is the owner of the INTERSEARCH U.S. Registrations.

COMPLAINT                                  12

## SEVENTH COUNT

## ALTERNATIVE COUNT FOR CANCELLATION OF

## THE INTERSEARCH U.S. REGISTRATIONS

88.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 87 of this Complaint, as if set forth fully herein.

89.    In the alternative, U.S. Trademark Registration No. 1,125,849 is invalid because a renewal application may have been filed in the name of the wrong entity, which may constitute grounds for cancellation of U.S. Trademark Registration No. 1,125,849.

90.    In the alternative, U.S. Trademark Registration No. 2,346,993 is invalid because it may have been filed in the name of the wrong entity, which may constitute grounds for cancellation of U.S. Trademark Registration No. 2,346,993.

91.    In the alternative, U.S. Trademark Registration No. 2,531,787 is invalid because it may have been filed in the name of the wrong entity, which may constitute grounds for cancellation of U.S. Trademark Registration No. 2,531,787.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

1.    That Defendant, and its affiliates, officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained from using the INTERSEARCH mark or any other mark confusingly similar to InterSearch's INTERSEARCH Marks, in connection with employment related products and services.

2.    That Defendant, and its affiliates, officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained from all acts of false description and representation and false designation of origin, and all acts of unfair competition, including the use of the

COMPLAINT    13

1    INTERSEARCH mark or any other mark confusingly similar to InterSearch's INTERSEARCH

2    Marks, in connection with employment related products and services.

3          3.    That Defendant, and its affiliates, officers, agents, servants, employees, attorneys

4    and all other persons in active concert or participation with any of them, be preliminarily and

5    permanently enjoined and restrained from all manufacture, purchase, promotion, sale, and use of

6    any products, packaging, advertising, promotional materials, labels, or other sales or shipping

7    material that infringe InterSearch's INTERSEARCH marks, including use on websites such as

8    www.intersearch.com.

9          4.    That Defendant, and its affiliates, officers, agents, servants, employees, attorneys

10    and all other persons in active concert or participation with any of them, be ordered to deliver to

11    InterSearch all products, packaging, advertising, promotional materials, labels, or other sales or

12    shipping material in their possession or control that infringe InterSearch's INTERSEARCH

13    Marks.

14          5.    That Defendant be ordered to assign to InterSearch, or in the alternative to

15    withdraw, any trademark applications filed in the United States for marks containing

16    INTERSEARCH for use in connection with any employment related products or services.

17          6.    That the Court declare that InterSearch is the rightful owner of any rights in and to

18    the INTERSEARCH Marks.

19          7.    That the Court declare that the Purported Assignment is invalid.

20          8.    That the Court declare that InterSearch is the rightful owner of any rights in and to

21    U.S. Trademark Registration No. 1,125,849, and that Defendant be order to assign the

22    Registration to InterSearch, or in the alternative, that the Court cancel U.S. Trademark

23    Registration No. 1,125,849.

24          9.    That the Court declare that InterSearch is the rightful owner of any rights in and to

25    U.S. Trademark Registration No. 2,346,993, and that Defendant be order to assign the

26    Registration to InterSearch, or in the alternative, that the Court cancel U.S. Trademark

Registration No. 2,346,993.

COMPLAINT    14

10.    That the Court declare that InterSearch is the rightful owner of any rights in and to U.S. Trademark Registration No. 2,531,787, and that Defendant be order to assign the Registration to InterSearch, or in the alternative, that the Court cancel U.S. Trademark Registration No. 2,531,787.

11.    That Defendant be ordered to assign to InterSearch, or in the alternative to cancel, any other trademark registrations owned or controlled by Defendant in the United States for marks containing INTERSEARCH for use in connection with any employment related products or services.

12.    That Defendant be directed to file with this Court and serve on InterSearch within thirty (30) days after the service of an injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant and its affiliates, officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them have complied with the injunction and any other relief ordered by the Court.

13.    That Defendant be required to pay InterSearch such damages as InterSearch has sustained, or will sustain, in consequence of Defendant's false description and representation, false designation of origin, trademark infringement, intentional interference with contract, intentional interference with prospective business advantage, and to account for all gains, profits, and advantages derived by Defendant that are attributable to such unlawful acts; and that such damages be trebled, as provided by 15 U.S.C. Section 1117, or increased as otherwise permitted by law.

14.    That Defendant be required to disgorge all ill-gotten gains and to pay restitution to InterSearch all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice, a violation of laws, statutes or regulations, or constituting unfair competition;

15.    That the Court adjudge this to be an exceptional case and require Defendant to pay over to InterSearch the costs of this action, including reasonable attorneys' fees and interest, and treble damages as provided by 15 U.S.C. Section 1117, or as otherwise permitted by law.

COMPLAINT                                    15

16.     That this Court grant prejudgment and post judgment interest to Plaintiff.

17.     That this Court grant Plaintiff such other and further relief as the Court deems appropriate.

Demand for Jury Trial

Plaintiff demands a trial by jury as to all issues so triable.

DATED this 7th day of September, 2007.

Respectfully submitted,

HARVEY SISKIND LLP

LAWRENCE J. SISKIND (SBN 85628)
RAFFI V. ZEROUNIAN (SBN 236388)

SEED IP LLP
LORRAINE LINFORD (pro hac vice pending)
TIMOTHY BOLLER (pro hac vice pending)

ATTORNEYS FOR PLAINTIFF
INTERSEARCH WORLDWIDE, LTD.

COMPLAINT                          16

**EXHIBIT "O"**

# COOK ASSOCIATES, INC.

Executive Search
M&A Advisory Services

ABOUT INTERSEARCH

ABOUT US     PRACTICE AREAS     TEAM     NEWS & TRENDS
CONTACT US

**ABOUT US**
Overview
Process
Global Operations

# Executive Search: Global Operations

As the exclusive United States representative of InterSearch, a worldwide executive search consortium, we offer global search capabilities through proven and trusted partners.

InterSearch ranks as the 10th largest worldwide organization of executive search firms. From Argentina to the United States, via Australia and the United Kingdom, in 45 countries, we are able to span the globe to find executive talent for our clients.

For more information on InterSearch and to understand our process, please contact John Kins at 312.329.0900 or via email at jkins@cookassociates.com; and visit the organization's website at www.intersearch.org.

# Identity

InterSearch was established in 1989 as a worldwide incorporated organization of executive search and human resources consultancy firms. Managed by an international Board, InterSearch is represented in 45 countries on an exclusive basis.
**read more>>**

# Global News

**InterSearch Holds Global Conference [PDF]**

There is significant activity within the InterSearch network. Learn about cultural events in various locales around the world, and current information on InterSearch and its newest partners.
**read more>>**

© 2006 Cook Associates, Inc. · Home · M&A Advisory Services
Executive Search · About Us · Practice Areas · Team · News & Trends · Contact Us

# EXHIBIT "P"

# A worldwide organisation of executive search and human resource consulting firms
printable version



The Intersearch Network - your global/local partner for executive search.

# Our locations

## Argentina

**InterSearch Argentina S.A.**

Offices in: Buenos Aires, Cordoba, Rosario
Main contact: Mr Rodrigo F. DONOSO
Av. Callao 1121 10º D
C1023AAE Buenos Aires
ARGENTINA
Tel: 54 11 4813 2753
Fax: 54 11 4816 2111
Email: r.f.donoso@intersearch.org
web: www.ar.intersearch.org

## Australia

**Waite InterSearch**

Offices in: Melbourne, Sydney
Main contact: Mr Peter Waite
Level 11
459 Collins Street
Melbourne Victoria 3000
AUSTRALIA
Tel: 61 3 9621 2066
Fax: 61 3 9621 1757
Email: pw@waite.com.au
web: www.waite.com.au

## Austria

**Dr. Pendl & Dr. Piswanger GmbH**

Offices in: Vienna, Eisenstadt, Linz, Salzburg, Innsbruck, Graz, Klagenfurt, Bregenz, Götzis
Main contact: Mr Peter Pendl
Bartensteingasse 5
A-1010 Vienna
AUSTRIA

Tel: 43 1 402 76 08/17
Fax: 43 1 402 76 08/31
Email: p.pendl@pendlpiswanger.at
web: www.pendlpiswanger.at

# Belgium

**SCHELSTRAETE & DESMEDT Executive Search**

Offices in: Ghent, Brussels
Main contact: Mr Frank Schelstraete
Bagattenstraat 165
B-9000 Ghent
BELGIUM
Tel: 32 9 233 03 79
Fax: 32 9 233 03 18
Email: frank@s-d.be
web: www.s-d.be

# Brazil

**Mariaca | InterSearch**

Offices in: Sao Paulo, Rio de Janeiro
Main contact: Ms Patricia M. Epperlein
Rua Pequetita, 145-7o andar
04552-907 - Sao Paulo - SP
BRAZIL
Tel: 55 11 3844 6061
Fax: 55 11 3848 9510
Email: pepperlein@mariaca.com.br,
web: www.mariaca.com.br

# Bulgaria

**Dr. Pendl & Dr. Piswanger EOOD (P&P Group Member)**

Office in: Sofia
Main contact: Mrs Mirena Petrova
27 Vejen Str.
1421 Sofia
BULGARIA
Tel: 359 2 963 19 75
Fax: 359 2 963 19 56
Email: office@pendlpiswanger.com
web: www.pendlpiswanger.com

# Canada

**Staffing Strategists International - InterSearch Canada**

Offices in: Vancouver,Toronto, Montreal, Halifax
Main contact: Mr Jim Wilson
5945 Spring Garden Road
Halifax, Nova Scotia B3H 1Y4
CANADA
Tel: 1 902 423 1657
Fax: 1 902 423 0277
Email: jim.wilson@staffingstrategists.com
web: www.intersearch-canada.com

# Chile

**HK Human Capital**

Office in: Santiago
Main contact: Mr Christian Spröhnle
Avda Isidora Goyenechea 2934 Piso 12
Las Condes
Santiago
Chile
Tel: 56 2 3331701
Fax: 56 2 3331791
Email: christian.sprohnle@hkhumancapital.cl
web: www.hkhumancapital.cl

# China

**SprintPro-InterSearch Ltd / Intersearch China**

Offices in: Hong Kong, Guangzhou, Shanghai, Beijing
Main contact: Mr Johnny Ng, President
22/F, 3 Lockhart Road
Wanchai
HONG KONG
Tel: 852 6216 1333
Fax: 852 2317 1178
Email: johnny.ng@spchina.com,
johnnyng@intersearch.com.hk
web: www.intersearch.com.hk,
www.spchina.com

# Czech Republic

**Dr. Pendl & Dr. Piswanger Interselect s.r.o.**

Office in: Prague
Main contact: Mr Igor Svatos

Korunni 127
130 00 Prague 3
CZECH REPUBLIC
Tel: 420 272 742 703
Fax: 420 272 742 704
Email: i.svatos@pendlpiswanger.cz
web: www.pendlpiswanger.cz

# Denmark

**Hedegaard InterSearch A/S**

Office in: Copenhagen
Main contact: Mr Per Hedegaard
Hammerensgade 6
DK 1247 Copenhagen
DENMARK
Tel: 45 33 63 03 20
Fax: 45 33 63 03 21
Email: ph@intersearch.dk
web: www.intersearch.dk

# Finland

**InterSearch Oys**

Offices in: Helsinki, Turku,
Main contact: Mr Jouni Riekki, Mr Juhani Konu
Pohjoinen Makasiinikatu 6 A 3rd floor
FIN-00130 Helsinki
FINLAND
Tel: 358 207961730
Fax: 358 207961739
Email: jouni.riekki@intersearch.fi
web: www.intersearch.fi

# France

**InterSearch France**

Office in: Paris
Main contact: Mrs Anne Debieuvre
59, Boulevard Exelmans
75016 Paris
FRANCE
Tel: 33 (0)1 53 84 74 78
Fax: 33 (0)1 53 84 74 84
Email: a.debieuvre@intersearchfrance.com
web: www.intersearchfrance.com

# Germany

**InterSearch Deutschland GmbH**

Offices in: Bad Homburg, Berlin, Bremen, Hamburg, Düsseldorf, Münich
Main contact: Mr Heinz- Dieter Hestermann
Spitzenkiel 14/15
28195 Bremen
GERMANY
Tel: 49 421 162799
Fax: 49 421 1627988
Email: h.d.hestermann@mr-intersearch.de
web: www.mr-intersearch.de

# Greece

**Symvoli – InterSearch Greece**

Offices in: Athens
Main contact: Mr Harris Karaolides
54 Vas. Sophias Ave.
Athens 115 28
GREECE
Tel: 30 210 7294 720
Fax: 30 210 7294 725
Email: symvoli@otenet.gr,
info@symvoli-intersearch.gr
web: www.symvoli-intersearch.gr

# Hungary

**Dr Pendl & Dr Piswanger Int. Kft.**

Office in: Budapest
Main contact: Mr Andràs Lipcsei
Logodi utca 44
1012 Budapest
HUNGARY
Tel: 36 1 487 0241
Fax: 36 1 487 0248
Email: andras.lipcsei@pendlpiswanger.hu,
pandp@pendlpiswanger.hu
web: www.pendl.hu

# India

Contact person: Mr Peter Waite (InterSearch Australia)

# Ireland

**O' Malley & Associates / InterSearch Ltd.**

Offices in: Dublin, Cork, Athlone
Main contact: Mr Gerard O' Malley
OMI House
6, Orchard Business Centre
Orchard Avenue
City West Campus
Dublin 24
IRELAND
Tel: 353 1 466 3361
Fax: 353 1 466 3744
Mobile: 353 86 2544709
Email: gomalley@omalley-intersearch.com
web: www.omalley-intersearch.com

# Italy

**Euren InterSearch**

Offices in: Turin, Milan, Rome
Main contact: Mr Giuliano Viani, Ms Carla Calvo, Ms Elena Molinari, Ms Sandra Sgro, Mr Sebastiano Viani
Corso Marconi 13
10125 Torino
ITALY
Tel: 39 011 669 0143
Fax: 39 011 669 3104
Email: euren.intersearch@intersearch.it
web: www.intersearch.it

# Japan

**InterSearch Japan**

Office in: Tokyo
Main contact: Mr David A. Wouters
6-16-50 Roppongi
Minato-Ku
Tokyo 106
JAPAN
Tel: 81 33 423 7491
Fax: 81 33 423 7492
Email: d.wouters@intersearchjapan.com,
japan@intersearchjapan.com,
wouters@gol.com
web: www.intersearchjapan.com

# Korea

**InterSearch Korea**

Office in: Seoul
Main contact: Mr Steve Chough
4th Floor Jang Bldg.
61-6 Nohhyun-dong
Gangnam-gu, Seoul
KOREA 135-010
Tel: 82 2 517 7861
Fax: 82 2 517 7861
Email: inskorea@chollian.net
web: www.kr.intersearch.org

# Luxembourg

**SCHELSTRAETE & DESMEDT Executive Search**

Offices in: Ghent, Brussels
Main contact: Mr Frank Schelstraete
Bagattenstraat 165
B-9000 Ghent
BELGIUM
Tel: 32 9 233 03 79
Fax: 32 9 233 03 18
Email: frank@s-d.be
web: www.s-d.be

# Malaysia

**EML-BNB Executive Search**

Offices in: Petaling Jaya (Kuala Lumpur)
Main contact: Annie Fernandez
Unit 601B Level 6
Tower B Uptown 5, No 5 Jalan SS 21/39
Damansara Uptown
47400 Petaling Jaya
Selangor, MALAYSIA
Tel: 603 7725 8533
Fax: 603 7725 8646
Email: annie@emlbnb.com
web: www.emlbnb.com

# Mexico

**Shore Associates**

Offices in: Mexico City, Guadalajara, Monterrey, Leon
Main contact: Mrs Linda Shore, Mr Fernando Fernandez de Cordova, Mrs Virginia Franco
Ave Constituyentes N° 117 - 5 Piso
Col San Miguel Chapultepec
11850 Mexico DF
MEXICO
Tel: 52 55 50 89 88 00
Fax: 52 55 55 15 39 79
Email: lshore@shore.com.mx,
ffernandezdec@shore.com.mx,
vfranco@shore.com.mx
web: www.shore.com.mx

# Netherlands

**InterSearch Netherlands**

Office in: Rotterdam
Main contact: Mr Thierry Huning Veringa
Cypresbaan 7
2908 LT Capelle a/d IJssel
Rotterdam
NETHERLANDS
Tel: 31 10 258 2636
Fax: 31 10 420 3007
Email: t.huning.veringa@intersearch.nl
web: www.intersearch.nl

# New Zealand

**Wheeler Campbell Consulting Limited**

Office in: Wellington, Auckland
Main contact: Mr Rob Borgers
PO Box 205
Wellington, NZ
Level 13, Sovereign Centre
117 Customhouse Quay
Wellington
NEW ZEALAND
Tel: 64 4 499-1500
Fax: 64 4 499-1600
Email: anna.jones@wheelercampbell.co.nz
web: www.intersearchnz.co.nz

# Norway

**InterSearch AS**

Office in: Oslo
Main contact: Mr Arve Winge
Professor Dahlsgt 26
0260 Oslo
NORWAY
Tel: 47 22 55 33 33
Fax: 47 22 55 33 36
Email: firmapost@intersearch.no
arve.winge@intersearch.no
web: www.intersearch.no

# Peru

**M & A InterSearch**

Offices in: Sao Paulo, Rio de Janeiro
Main contact: Ms Patricia M. Epperlein / Ms Irene Ferreira Azevedo
Rua Pequetita, 145-7o andar
04552-907 - Sao Paulo - SP
BRAZIL
Tel: 55 11 3844 6061
Fax: 55 11 3848 9510
Email: pepperlein@mariaca.com.br,
irene@mariaca.com.br
web: www.mariaca.com.br

# Poland

**Czarnocka-Tworzynska Executive Recruitment (CTER)**

Office in: Warsaw
Main contact: Mrs Joanna Czarnocka-Tworzynska
Nowy Swiat 30/5
00-373 Warsaw
POLAND
Tel: 48 22 828 3667
Fax: 48 22 828 3667
Email: joanna@cter.pl
web: www.cter.pl

# Portugal

**Konsac Group**

Office in: Lisbon
Main contact: Mr Rodrigo Pereira Coutinho
Campo Grande, 35, 6e A
1700-087 Lisboa

PORTUGAL
Tel: 351 217 937 117
Fax:
Email: rpcoutinho@konsac.pt
web: www.konsac.pt

# Qatar

**InterSearch Qatar**

Office in: Doha
Main contact: Joanne Thomas
Office 704
Qatar Financial Centre Tower
West Bay
Doha Qatar
Tel: 974 496 7294
Fax: 974 496 7290
Email: jt@intersearch.ae
web: www.intersearch.ae

# Romania

**Dr Pendl & Dr Piswanger Romania S.R.L (P&P Group member) S.R.L.**

Office in: Bucharest
Main contact: Mr Richard Shanks
Str. Aurel Vlaicu nr. 87 er.2
Ap3, sector 2
Bucuresti
ROMANIA
Tel: 40 21 212 0108
Fax: 40 21 610 7497
Email: richard@ppromania.ro
office@ppromania.ro
web: www.ppromania.ro

# Russia

**Kontakt Agency**

Office in: Moscow
Main contact: Ms Tatiana Ananyeva, Ms Olga Sabinina
13/36 Arbat st.
MOSCOW 119019
RUSSIA
Tel: 7 095 202 21 10
Fax: 7 095 203 23 63
Email: olga_sabinina@kontakt.ru

Email: olga_sabinina@kontakt.ru
web: www.kontakt.ru

## Saudi Arabia

**InterSearch Saudi Arabia**

Office in: Riyadh, Jeddah, Dammam
Main contact: Mr Sultan Al Ammash
P.O. Box 93331
Riyadh 11687
KINGDOM OF SAUDI ARABIA
Tel: 00 966 1 2777100 / 1462
Fax: 00 966 1 2488797
Email: md@intersearch.com.sa
web: www.intersearch.com.sa

## Singapore

**JAF Consulting Pte Ltd**

Office in: Singapore
Main contact: Ms Amy Hoon
1 Goldhill Plaza
#03-35/37 Podium Block
Singapore 308899
SINGAPORE
Tel: 65 6511 6452
Fax: 65 6254 3128
Email: amyhoon@jafcpl.com
web: www.jafcpl.com

## Slovakia

**P & P Management Impulse, spol. s.r.o.**

Office in: Bratislava
Main contact: Dr Eva Streckova
Cukrova 14
813 39 Bratislava
SLOVAKIA
Tel: 421 2 59324488
Fax: 421 2 59324487
Email: streckova@papmi.sk
web: www.papmi.sk

## Slovenia

**Dr Pendl & Dr Piswanger D.O.O.**

Office in: Ljubljana
Main contact: Ms Romana Kovacs
Krziceva ulica 9
SI – 1000 Ljubljana
SLOVENIA
Tel: 386 59 083 300
Fax: 386 59 083 309
Email: romana.kovacs@pendlpiswanger.si
web: www.pendlpiswanger.si

# South Africa

**Renwick Talent**

Offices in: Sandton, Cape Town, Durban
Main contact: Ms Georgina Barrick
6 Protea Place, 1st Floor
Sandown, Sandton
Private Bag X888
Benmore 2010
REPUBLIC SOUTH AFRICA
Tel: 27 11 269 8899
Fax: 27 11 269 8803
Email: georgina.barrick@renwicktalent.co.za
web: www.renwicktalent.co.za

# Spain

**Konsac Group**

Offices in: Madrid, Barcelona
Main contact: Ms Lidia Minguella
c/Ferraz, 78 - 3
28008 MADRID
SPAIN
Tel: 34 91 559 89 00
Fax: 34 91 559 25 75
Email: lminguella@konsac.es
web: www.konsac.com

# Sweden

**InterSearch Sweden**

Office in: Stockholm, Gothenburg
Main contact: Mr Jan Johnsson, Mr Andrea Montanari
Grev Turegatan 27
S - 114 38 STOCKHOLM

SWEDEN
Tel: 46 8 654 74 00
Fax: 46 8 650 93 83
Email: jan@intersearch.se,
andrea.montanari@intersearch.se
web: www.intersearch.se

## Switzerland

**Obitag**

Office in: Basel
Main contact: Mr Roman Honegger
Hirzbodenweg 103
CH-4020 BASEL
SWITZERLAND
Tel: 41 61 319 51 00
Fax: 41 61 319 51 20
Email: r.honegger@obitag.ch
web: www.itaggroup.ch

## Thailand

**BNB Recruitment Company Ltd**

Office in: Bangkok
Main contact: Ms Jennifer Khoo
Room 1205, 12th Floor
140 One Pacific Place
Sukhumvit Road, Klongtoey
Bangkok 10110
THAILAND
Tel: 662 653 2512 - 5
Fax: 662 653 2518
Email: jennifer@emlbnb.com
web: www.emlbnb.com

## Turkey

**Poyraz Consulting Inc.**

Office in: Istanbul
Main contact: Mr. Ali Ihsan Poyraz, Ms Ceyda Dumlupinar
Poyracik Sok. No.7 Nisantasi
ISTANBUL 34365
TURKEY
Tel: 90 212 230 2295 / 231 5187
Fax: 90 212 247 1387
Email: ceyda@poyrazdanismanlik.com.tr,

aip@poyrazdanismanlik.com.tr
web: www.poyrazdanismanlik.com.tr

# Ukraine

**Personnel Executive**

Office in: Kiev
Main contact: Ms Elena Strelets
5 Spasskaya Street, office 4.18 (section 2, 6th floor)
Kiev
UKRAINE
Tel: + 38 044 230 97 86 / 87
Fax: + 38 044 230 97 86 / 87
Email: es@personnel.kiev.ua
web: www.personnel.com.ua

# United Arab Emirates

**InterSearch in the Gulf**

Offices in: Dubai, Abu Dhabi, Qatar, Bahrain and Oman
Main contact: Mr John Robinson
Cab/couries:
Office 148 + 133, Emirate Attrium Building
Sheik Zayed Road
Dubai
Mailing:
PO Box 58026
Dubai
UNITED ARAB EMIRATES
Tel: 971 4 343 9960
Fax: 971 4 343 9030
Email: jr@intersearch.ae
web: www.intersearch.ae

# United Kingdom

**Breckenridge InterSearch**

Offices in: Birmingham, London
Main contact: Mr Paul Holmes
InterSearch House
5 George Road
Edgbaston
Birmingham B15 1NP
UNITED KINGDOM
Tel: 44 121 456 7640
Fax: 44 870 42 99 843

Email: info@intersearchuk.com
web: www.intersearchuk.com

# USA

**Cook Associates, Inc.**

Offices in: Chicago, New York, Philadelphia, Boston, Washington, Boulder (CO), Ashland (VA)
Main contact: Mr John Kins, Ms Mary Kier
212 W. Kinzie Street
Chicago, IL 60610
USA
Tel: 1 312 755 5616 (Mr. Kins)
Tel: 1 312 755 5614 (Ms. Kier)
Fax: 1 312 329 1528
Email: jkins@cookassociates.com
mkier@cookassociates.com
web: www.cookassociates.com

webdesign: ManufakturaCopyright 2006, InterSearch Worldwide Limited. All rights reserved.