Exhibit 5

Brian McQuillen (BM 9220)
Vanessa C. Hew (VH 4617)
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1000
Fax: (212) 692-1020

and

Lorraine Linford (pro hac application to be filed)
Timothy L. Boller (pro hac application to be filed)
**SEED IP LAW GROUP PLLC**
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
Tel: (206) 622-4900
Fax: (206) 682-6031

ATTORNEYS FOR DEFENDANTS
INTERSEARCH WORLDWIDE, LTD.
COOK ASSOCIATES, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

————————————————————————X

INTERSEARCH GROUP, INC.                           :        Civil Action No.

                                  Plaintiff,       :

                 -against-                          :        DECLARATION OF LORRAINE
                                                             LINFORD IN SUPPORT OF
INTERSEARCH WORLDWIDE LTD. and            :        DEFENDANTS' MOTION TO
COOK ASSOCIATES, INC.                                        DISMISS

                                                    :

                                  Defendants        :

————————————————————————X

        I, LORRAINE LINFORD, hereby declare and state that:

1.      I am a principal of Seed Intellectual Property Law Group PLLC and lead counsel for

        Defendant InterSearch Worldwide, Ltd. ("InterSearch") in this matter. The following

        facts are true of my own knowledge unless otherwise stated.

1

2.      On December 19, 2006 I sent a Demand Letter on behalf of InterSearch from Seattle, Washington, to Plaintiff Intersearch Group, Inc. ("IGO") in San Francisco, California (the "Seattle Demand Letter"). A copy of my letter is attached to the First Amended Complaint as Exhibit M.

3.      In April of 2007, I discussed settlement options with IGO's counsel by telephone. On May 3, 2007, while settlement discussions between IGO and InterSearch were still underway, IGO filed a complaint seeking declaratory judgment in New York (the "Declaratory Complaint").

4.      On May 4, 2007, I received an email from IGO's counsel asking about the status of settlement. In the May 4, 2007 email, IGO's counsel did not advise me that IGO had filed the Declaratory Complaint in New York.

5.      On May 7 and 31, 2006, I conferred with IGO's counsel by telephone, and conveyed a settlement offer from InterSearch to IGO's counsel. IGO's counsel did not mention the lawsuit during these telephone conferences, but indicated he would try to get a response to the settlement offer from his client.

6.      On June 26, 2007, I advised IGO's counsel that InterSearch was aware of the Declaratory Complaint, but understood the parties were trying to resolve the matter without litigation.

7.      On June 29, 2007, IGO's counsel asked whether I was authorized to accept service for InterSearch, but also requested that InterSearch provide a new settlement proposal.

8.      On July 10, 2007, I advised IGO's counsel that I was not authorized to accept service of the Declaratory Complaint, and suggested the parties meet in person for a settlement conference.

9.      On July 18, 2007, IGO's counsel suggested the parties have a settlement conference by telephone. The parties subsequently agreed to confer by telephone to discuss settlement, but the telephone conference was postponed due to a scheduling conflict.

10.      I understand that on August 28, 2007, an express courier delivered a copy of the Declaratory Complaint to InterSearch in the United Kingdom.

11.   On August 29, 2007, IGO's counsel sent me an email indicating he had a "time sensitive offer to convey." Later that day, I conferred with IGO's counsel by telephone, and IGO's counsel conveyed a new settlement offer, which included ████████████████████ ████████████████ IGO's counsel did not advise me in the email or during the telephone conversation that the Declaratory Complaint had been served. IGO's counsel requested a response to their settlement proposal within two weeks, but understood InterSearch would likely not be able to respond until after Labor Day.

12.   On September 7, 2007, without knowledge that the Declaratory Complaint had been served, InterSearch filed and served a Complaint for Trademark Infringement against IGO in San Francisco (the "California Complaint").

13.   The California Complaint alleges, *inter alia*, infringement of InterSearch's INTERSEARCH marks under the Lanham Act and California law, requests a declaratory judgment regarding the ownership of the INTERSEARCH marks and registrations, and asserts that IGO intentionally interfered with InterSearch's United Kingdom Contracts and business expectations in violation of California law.

14.   On September 10, 2007, I asked IGO's counsel to agree to litigate this dispute in San Francisco, where there are no personal jurisdiction issues and where IGO is located. IGO's counsel declined, stating that he considered New York to be the appropriate forum, but without providing a basis for this assertion.

15.   InterSearch and IGO stipulated that InterSearch's response to the Declaratory Complaint would be due on Monday, September 24, 2007.

16.   On September 19, 2007, I again requested that IGO agree to litigate this matter in San Francisco and pointed IGO's counsel to case law demonstrating that personal jurisdiction did not exist in this case. I advised IGO's counsel that, in the absence of an agreement to litigate in San Francisco, InterSearch would seek fees and costs associated with obtaining a dismissal or transfer. A copy of my letter of September 19 is attached hereto as Exhibit 1.

3

17.    IGO's counsel again declined to agree to litigate this matter in San Francisco. Attached hereto as Exhibit 2 are copies of pertinent email exchanges between myself and IGO's counsel.

18.    I understand that IGO served, by hand delivery on InterSearch's local counsel in New York, the First Amended Complaint after 5:00 p.m. on Friday, September 21, 2007.

19.    Prior to filing the First Amended Complaint, IGO had never complained to InterSearch about any activities of Cook Associates.

20.    I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

EXECUTED at _Sammamish_, _Washington_, this _5th_ day of October, 2007.

Lorraine Linford

1029311_3.DOC

4

# EXHIBIT 1

Seed$^{IP}$

September 19, 2007

Lorraine Linford
(206) 694-4826
LorraineL@SeedIP.com

By Facsimile 212.382.0888
Confirmation By US Mail

Mr. Peter S. Sloane                                    Without Prejudice
Ostrolenk, Faber, Gerb & Soffen, LLP
1180 Avenue of the Americas
New York, New York 10036-8403

Re:    InterSearch Worldwide, Ltd. and Intersearch Group, Inc.
       Your Reference: 7/4700-39
       Seed IP Reference: 480254.801

Dear Peter,

Having discussed this matter with our client, InterSearch Worldwide does not consider ▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to be a reasonable settlement offer.  Under such
circumstances, InterSearch has decided to decline your suggestion that it make a
counteroffer, as they feel they would simply be bidding against themselves yet again.
InterSearch would be pleased though to consider any reasonable settlement offer from your
client.

Last week, you declined our request that the parties agree to litigate in San Francisco, where
your client has its principal offices, without setting forth any specific reasons why you
considered New York, where neither InterSearch nor Intersearch Group has any offices, to
be the appropriate forum.  As we previously stated to you, we think it makes little sense for
two proceedings to move forward in this matter, as San Francisco is the more appropriate
forum, given that your client is located there and there are no personal jurisdiction issues in
San Francisco.

Furthermore, we think it is clear that there is no personal jurisdiction over InterSearch in New
York, and your client's filing was an improper anticipatory filing.  *See, e.g., Fort Knox Music
v. Baptiste*, 139 F.Supp.2d 505 (S.D.N.Y.), *appeal dismissed*, 257 F.3d 108 (2d Cir. 2001).
Even if your client somehow establishes a *prima facie* case of personal jurisdiction *and*
convinces the Court that it should exercise subject matter jurisdiction over an anticipatory
filing, it is unlikely the New York case would survive an evidentiary hearing or a motion to
transfer to a much more convenient forum, one where your client has its principal place of
business and where no personal jurisdiction issues exist.  *See id.*

Accordingly, we must again request that your client agree to litigate this matter in San
Francisco.  If you fail to agree to dismiss the Declaratory Judgment Action by 5:00 Pacific
Time tomorrow, September 20, 2007, please be advised that we will seek, under 15 U.S.C.
Section 1117 and as otherwise permitted by law, attorney's fees and costs associated with
obtaining a dismissal or transfer of the New York Declaratory Judgment Action.

Very truly yours,
Seed IP Law Group PLLC

Lorraine Linford

1027737_2.DOC

Seed Intellectual Property Law Group PLLC

address    701 Fifth Avenue
           Suite 5400
           Seattle, WA 98104
telephone  206.622.4900
facsimile  206.682.6031
website    SeedIP.com

**EXHIBIT 2**

**Tim Boller**

| | |
|---|---|
| **From:** | Lorraine Linford |
| **Sent:** | Friday, September 21, 2007 2:40 PM |
| **To:** | Peter S. Sloane |
| **Cc:** | Robert C. Faber; Cameron S. Reuber; David J. Torrente; Brenda Danek; Tim Boller; Lindsay McQuillin |
| **Subject:** | RE: Re: InterSearch Worldwide, Ltd. v. Intersearch Group, Inc. (OFGS Ref.: 7/4700-39; Your Ref.: 480254.801) |

Peter,

Thank you for communicating your client's decision to decline our offer to consolidate the cases in San Francisco.  Needless to say, we do not agree with your reading of the case law, and we confirm our belief that your client's persistence in maintaining the case in NY is baseless, and is costing the parties unnecessary effort and resources.

Best regards,

Lorraine

---

**From:** Peter S. Sloane [mailto:psloane@ostrolenk.com]
**Sent:** Friday, September 21, 2007 12:08 PM
**To:** Lorraine Linford
**Cc:** Robert C. Faber; Cameron S. Reuber; David J. Torrente; Brenda Danek
**Subject:** FW: Re: InterSearch Worldwide, Ltd. v. Intersearch Group, Inc. (OFGS Ref.: 7/4700-39; Your Ref.: 480254.801)

Lorraine:

This is further to my e-mail below in the above matter.  I have not received any response.  Please be advised that our client does not intend to make any further settlement offer, inasmuch as it considered its original offer reasonable, and we intend to proceed with the litigation in the New York court.

Regards,

Peter S. Sloane
Ostrolenk Faber Gerb & Soffen, LLP
1180 Avenue of the Americas
New York, New York  10036
E-mail:  psloane@ostrolenk.com
Phone:  (212) 596-0561
Fax:      (212) 382-0888

---

**From:** Peter S. Sloane
**Sent:** Wednesday, September 19, 2007 9:28 PM
**To:** 'Lorraine Linford'

10/3/2007

**Cc:** Robert C. Faber; Cameron S. Reuber; Brenda Danek
**Subject:** Re: InterSearch Worldwide, Ltd. v. Intersearch Group, Inc. (OFGS Ref.: 7/4700-39; Your Ref.: 480254.801)

Lorraine:

I received your fax today in the above matter. The Knox case does not appear to be on point. The defendant there, among other things, had no presence in New York or any agent in New York. The same cannot be said for your client. If you disagree or would otherwise like to discuss, please let me know.

Regards,

Peter S. Sloane
Ostrolenk Faber Gerb & Soffen, LLP
1180 Avenue of the Americas
New York, New York 10036
E-mail: psloane@ostrolenk.com
Phone: (212) 596-0561
Fax:     (212) 382-0888

10/3/2007